# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Joint Stock Company "Channel One Russia Worldwide," Closed Joint Stock Company "CTC Network," Closed Joint Stock Company "TV DARIAL," Closed Joint Stock Company "New Channel,"  Limited Liability Company "Rain TV-Channel," Limited Liability Company "Veriselintel," Open Joint Stock Company "ACCEPT," and Limited Liability Company "Comedy TV,"

Plaintiffs,

-against-

INFOMIR, LLC (www.infomirusa.com), PANORAMA TV (www.mypanorama.tv), GOODZONE TV (www.gudzon.tv), MATVIL CORPORATION d/b/a eTVnet (www.etvnet.com), MIKHAIL GAYSTER, ACTAVA TV, INC. (www.actava.tv), MASTER CALL COMMUNICATIONS, INC., MASTER CALL CORPORATION, ROUSLAN TSOUTIEV, and JOHN DOES 1-50

Defendants.

Civil Action No. 1:16-cv-01318 (GBD/BCM)

---

## BRIEF IN SUPPORT OF DEFENDANT INFOMIR'S MOTION TO DISMISS

---

*BERKOWITZ, LICHTSTEIN, KURITSKY GIASULLO & GROSS, LLC*
*75 Livingston Avenue*
*Roseland, New Jersey 07068*
*Tel.: (973) 325-7800*
*Attorneys for Defendant, Infomir, LLC*

On the Brief:
Stewart M. Leviss, Esq.
John C. Messina, Esq.
Evan Silagi, Esq.

## TABLE OF AUTHORITIES

Cases

Am. Broad. Companies, Inc. v. Aereo, Inc., 134 S. Ct. 2498 L. Ed. 2d 476 (2014)...................................19

Arista Records LLC v. Lime Grp. LLC, 784 F. Supp. 2d 398 (S.D.N.Y. 2011) ..................... 20, 21, 22, 23

Ark Promotions, Inc. v. Justin.tv, Inc., 904 F. Supp. 2d 541 (W.D.N.C. 2012) ........................................13

Ashcroft v. Iqbal, 556 U.S. 662 (2009)....................................................................................................8

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)......................................................................................8

Bolt Elec., Inc. v. City of New York, 53 F.3d 465 (2d Cir.1995).................................................................7

Briarpatch Ltd., L.P v. Phoenix Pictures, Inc., 373 F.3d 296 (2d Cir. 2004)............................................26

C=Holdings B.V. v. Asiarim Corp., 992 F. Supp. 2d 223 (S.D.N.Y. 2013).......................................25, 28

Cartoon Network LP, LLLP v. CSC Holdings, Inc., 536 F.3d 121 (2d Cir. 2008) ...................................19

CBS Broad. Inc. v. FilmOn.com, Inc., 2014 WL 3702568 (S.D.N.Y. July 24, 2014),
   aff'd, 814 F.3d 91 (2d Cir. 2016) .......................................................................................................19

Chamberlain Grp., Inc. v. Skylink Techs., Inc., 381 F.3d 1178 (Fed. Cir. 2004)......................................14

Coach, Inc. v. Horizon Trading USA Inc., 908 F. Supp. 2d 426 (S.D.N.Y. 2012).....................................25

Computer Associates Int'l, Inc. v. Altai, Inc., 982 F.2d 693 (2d Cir. 1992) ..............................................18

Corbin v. Wilson, 2011 WL 4374213 (E.D.N.Y. Aug. 26, 2011) ...............................................................8

Directv, Inc. v. Hoa Huynh, 503 F.3d 847 (9th Cir.2007)...........................................................................8

DIRECTV, Inc. v. Montes, 338 F. Supp. 2d 352 (D. Conn. 2004).............................................................13

Dish Network L.L.C. v. World Cable Inc., 893 F. Supp. 2d 452 (E.D.N.Y. 2012)..............................11, 12

Dove v. Fordham Univ., 56 F. Supp. 2d 330 (S.D.N.Y. 1999)....................................................................9

Dove v. O'Hare, 210 F.3d 354 (2d Cir. 2000).............................................................................................9

EFS Mktg., Inc. v. Russ Berrie & Co., 836 F. Supp. 128 (S.D.N.Y. 1993),
   aff'd in part, vacated in part, rev'd in part, 76 F.3d 487 (2d Cir. 1996)...............................................25

Eyal R.D. Corp. v. Jewelex New York Ltd., 784 F. Supp. 2d 441 (S.D.N.Y. 2011)..................................26

Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340 (1991) ......................................................18

Freeplay Music, Inc. v. Cox Radio, Inc., 409 F. Supp. 2d 259 (S.D.N.Y. 2005) ......................................27

Garden City Boxing Club, Inc. v. Espinal, 2008 WL 2078151 (E.D.N.Y. May 15, 2008) .........................9

Garden City Boxing Club, Inc. v. Huesca, 2007 WL 5253982 (E.D.N.Y. Dec. 4, 2007), report and
   recommendation adopted, 2008 WL 2439675 (E.D.N.Y. June 16, 2008) (same) ...............................10

Gershwin Pub. Corp. v. Columbia Artists Mgmt., Inc., 443 F.2d 1159 (2d Cir. 1971)..............................21

Gottlieb Dev. LLC v. Paramount Pictures Corp., 590 F. Supp. 2d 625 (S.D.N.Y. 2008) .........................29

Gucci Am., Inc. v. Duty Free Apparel, Ltd., 277 F. Supp. 2d 269 (S.D.N.Y. 2003)...........................24, 25

Harris v. City of New York, 186 F.3d 243 (2d Cir. 1999).............................................................................7

Hormel Foods Corp. v. Jim Henson Productions, Inc., 73 F.3d 497 (2d Cir. 1996)..................................17

Hudson v. Imagine Entm't Corp., 128 F. App'x 178 (2d Cir. 2005) ....................................................26, 29

Info. Superhighway, Inc. v. Talk Am., Inc., 395 F. Supp. 2d 44 (S.D.N.Y. 2005)....................................15

Int'l Cablevision, Inc. v. Sykes, 75 F.3d 123 (2d Cir. 1996).................................................................11, 13

J & J Sports Prod., Inc. v. El Ojo Aqua Corp., 2014 WL 4700014 (E.D.N.Y. Aug. 29, 2014),
   report and recommendation adopted, 2014 WL 4699704 (E.D.N.Y. Sept. 22, 2014)...........................8, 10

J & J Sports Prods., Inc. v. Port Richmond Emporium Corp.,
   No. 12 CV 4926 CLP, 2014 WL 692189 (E.D.N.Y. Feb. 21, 2014) ...................................................12

Jaret Int'l. Inc. v. Promotion in Motion, Inc., 826 F.Supp. 69 (E.D.N.Y. 1993)........................................26

Lopez v. Gap, Inc., 883 F. Supp. 2d 400 (S.D.N.Y. 2012) ....................................................28
Lorillard Tobacco Co. v. Jamelis Grocery, Inc., 378 F.Supp.2d 448 (S.D.N.Y. 2005) ............28
Maurizio v. Goldsmith, 230 F.3d 518 (2d Cir. 2000) .............................................................24
Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913 S. Ct. 2764 (2005)..................21, 22
Morabito v. Blum, 528 F. Supp. 252 (S.D.N.Y. 1981) ..............................................................9
Orange Cty. Choppers, Inc. v. Olaes Enterprises, Inc., 497 F. Supp. 2d 541 (S.D.N.Y. 2007).................27
Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67 (2d Cir. 1998) ........................................22
Premium Sports Inc. v. Connell, 2012 WL 691891 (S.D.N.Y. Mar. 1, 2012)...........................12
Smith v. BarnesandNoble.com, LLC, 2015 WL 6681145 (S.D.N.Y. Nov. 2, 2015)..................19
Smith v. Cincinnati Post & Times−Star, 475 F.2d 740 (6th Cir.1973) ...................................12
Sony Corp. of Am. v. Universal City Studios, Inc., 464 U.S. 417 S. Ct. 774 (1984) ...........20, 21
Sports Traveler, Inc. v. Advance Magazine Publishers, Inc.,
1997 WL 137443 (S.D.N.Y. Mar. 24, 1997) ..........................................................................24
Starbucks Corp. v. Wolfe's Borough Coffee, Inc., 588 F.3d 97 (2d Cir. 2009)..........................17
Universal City Studios, Inc. v. Corley, 273 F.3d 429 (2d Cir. 2001) ........................................14
Universal City Studios, Inc. v. Reimerdes, 111 F.Supp.2d 294 (S.D.N.Y.2000) ......................14
Winner Int'l v. Kryptonite Corp., 1996 WL 84476 (S.D.N.Y. Feb.27, 1996)............................25
Zuffa, LLC v. Justin.tv, Inc., 838 F. Supp. 2d 1102 (D. Nev. 2012) ..................................11, 13

## Other Authorities

Copyright Act, 17 U.S.C.A. § 101 ..............................................................................18, 20, 26
Federal Communications Act, 47 U.S.C.A. § 605(a)...........................................................10, 11
Lanham Act, 15 U.S.C. § 1125(c)(2)(C).................................................................................17
Lanham Act, 15 U.S.C.A. § 1125(a)...................................................................................15, 16
New York General Business Law § 349 ..................................................................................24
Wikipedia, .TV, https://en.wikipedia.org/wiki/.tv (as of May 23, 2016, 1:10 EST) .....................5

## Rules

Fed. R. Civ. P. 12(b)(6)....................................................................................................6, 8, 17

# Table of Contents

I. PRELIMINARY STATEMENT ................................................................................ 1

II. FACTUAL BACKGROUND .................................................................................. 3

A. The Complaint Names Numerous Distinct Defendants. ..................................... 3

B. Plaintiffs Allege That Infomir Sells Set Top Internet Receiver Boxes. .............. 3

C. Plaintiffs Improperly Conflate the Conduct of the Separate Defendants. ......... 4

III. LEGAL ARGUMENT ......................................................................................... 6

A. Dismissal Is Warranted Where No Plausible Claim is Stated. ........................... 6

B. Plaintiffs Fail to State a Claim Under the Federal Communications Act .......... 8

C. Plaintiffs Fail to State a Claim Under the Digital Millennium Copyright Act. ......... 11

D. Plaintiffs Fail to State a Claim For Trademark Infringement Under the Lanham Act. .......... 12

E. Plaintiffs Fail to State a Claim For False Advertising Under the Lanham Act. ...................... 12

F. Plaintiffs Fail to State a Claim For Trademark Tarnishment Under the Lanham Act. ........... 13

G. Plaintiffs Fail to State a Claim For Direct Copyright Infringement. ........................... 14

H. Plaintiffs Fail to State a Claim For Secondary Copyright Infringement. ................... 15

i. Plaintiffs Fail to State a Claim for Contributing to Copyright Infringement. ............. 16

ii. Plaintiffs Fail to State a Claim for Inducement of Copyright Infringement. .............. 17

iii. Plaintiffs Fail to State a Claim for Vicarious Copyright Infringement. .................... 18

I. Plaintiffs Fail to State a Claim Under § 349. ..................................................... 19

J. Plaintiffs Fail to State a Claim for Unfair Competition or Common Law Infringement. .......... 21

IV. CONCLUSION ................................................................................................. 23

# I.  PRELIMINARY STATEMENT

This brief is filed on behalf of defendant, Infomir, LLC ("Infomir"), in support of its Motion to Dismiss Plaintiffs' Complaint for Failure to State a Claim.  The complaint fails as to Infomir because all of the allegations and claims set forth in the complaint involve conduct and actions by the defendants other than Infomir.  Decisional law is clear that a complaint which names multiple defendants but fails to contain allegations indicating how a specific defendant violated the law must be dismissed as to that individual defendant.

Plaintiffs filed this lawsuit against nine (9) distinct corporate and individual defendants alleging: "violations of the Federal Communications Act, trademark and copyright infringement and related claims."  More specifically, the complaint alleges that several of the corporate defendants intercept Plaintiffs' Russian language television satellite broadcasts, which those defendants then stream as broadcasts transmitted via internet protocol television (IPTV). Regarding Infomir, the complaint alleges only that Infomir manufactures and sells set-top IPTV receivers which can be purchased from Infomir's website on the world-wide-web and which are capable of receiving IPTV streams over the internet.  It does not allege that Infomir's IPTV set top boxes are illegal nor that their use is intended for or limited to nefarious purposes.  Rather, the complaint alleges simply that with an Infomir set top box, "it is possible to receive Plaintiffs' channels without authorization."  ¶56.  These are the only facts pleaded against Infomir. Accepted as true, they are insufficient to support a finding of liability against Infomir.

As alleged in the complaint, Infomir's set-top IPTV boxes are merely receivers -- akin to a mini-computer -- which provide "smart" capabilities to a regular television, including the ability to watch internet streamed content such as IPTV. There are myriad similar products generally available on the market, as well as "smart" televisions sold with internet connectivity pre-installed.

The complaint confirms that IPTV is a legitimate broadcast mechanism.  In fact, eight (8) of the plaintiffs acknowledge that they license IPTV transmissions of their programming.  However, Infomir is lumped in with all of the other "content-providing" defendants throughout the complaint, despite the vastly different factual claims and the absence of any allegation of cooperative conduct.  Likewise, Infomir's website is treated collectively with all other defendants' websites, even though Plaintiffs allege that those defendants sell unauthorized content, while Infomir sells receiver hardware.  These distinctions are more than merely stylistic, because they obfuscate the fact that there is no factual allegation of wrongdoing against Infomir.

There is no allegation that Infomir can control, participates in or is otherwise responsible for the alleged wrongful conduct of the other defendants.  There is no allegation that Infomir markets its product for any improper purpose or uses any of Plaintiffs' marks in its advertising.  In fact, it does not.  The inclusion of Infomir in this lawsuit is analogous to suing the manufacturer of a laptop computer because the computer is used to illegally watch a movie on the internet.  No legal support exists for Plaintiffs' desired expansion, to include Infomir, of the statutory and common-law causes of action pleaded in the complaint.  Plaintiffs' complaint must be dismissed as to Infomir.

## II.  FACTUAL BACKGROUND

### A.  The Complaint Names Numerous Distinct Defendants.

Plaintiffs filed the instant lawsuit in the United States District Court, Southern District of New York, under docket number 16-CV-01318 (GBD) (BCM).  Plaintiffs identify themselves as Russian based broadcasters of Russian language television channels and programs.  The complaint names seven (7) distinct corporate entity defendants:

- INFOMIR LLC ( www.infomirusa.com);
- PANORAMA TV (www.mypanorama.tv);
- GOODZONE TV (www.gudzon.tv);
- MATVIL CORPORATION d/b/a eTVnet (www.etvnet.com);
- ACTAVA TV, INC. (www.actava.tv);
- MASTER CALL COMMUNICATIONS, INC.;
- MASTER CALL CORPORATION.

In addition, Plaintiffs name two individual defendants, Mikhail Gayster and Rouslan Tsoutiev, who Plaintiffs allege are executives of defendant Matvil and defendant Master Call Communications, respectively.  Plaintiffs do not allege that Infomir owns, controls or is otherwise associated with any other defendants.  Plaintiffs do not allege that Infomir has any formal or informal relationship with any other defendant.  Plaintiffs do not allege that Infomir has the means or responsibility to monitor the other defendants' businesses or conduct.

### B.  Plaintiffs Allege That Infomir Sells Set Top Internet Receiver Boxes.

Plaintiffs allege the following facts as to Infomir:

- At Paragraph 55, Plaintiffs allege that "defendant Infomir is an entity organized and existing under the laws of the State of New York with a principal place of business located at 2469 65 St, STE B4 Brooklyn, NY."

- At Paragraph 56, Plaintiffs allege that "upon information and belief, Infomir is selling receivers with which it is possible to receive Plaintiffs' channels without authorization."

- At Paragraph 90(b), Plaintiffs allege that end users may "download software (e.g. the VLC Media Player and/or receive equipment necessary for viewing the pirated content."

Although the paragraph refers globally to all defendants and contains various allegations that relate only to the non-Infomir defendants (sections (a), (c), (d) and (e)), it appears that the section (b) allegation is directed to Infomir.

- In conjunction with Paragraph 90, Plaintiffs attach Exhibit 14, which purports to show "Infomir's homepage offering receiver boxes."

In summary, Plaintiffs allege that Infomir sells set-top IPTV receivers on its internet website. As Plaintiffs acknowledge, there is nothing illegal about IPTV or IPTV receivers. In fact, Plaintiffs explain at Paragraph 85 that: "IPTV was first developed in or about 1995 and has gained popularity as a broadcast medium." Eight (8) of the plaintiffs acknowledge that their own content is legitimately broadcasted over IPTV by licensed distributors. (Pars. 32, 35, 37, 39, 41, 44, 48, 53).

The www.infomirusa.com screenshot attached as Exhibit 14 to the complaint, does not depict an offer for subscription content or any reference to Plaintiffs, to Plaintiffs' programming or to Plaintiffs' trademarks. There is no allegation that Infomir provides any content (illegal or otherwise) to its customers. There is no allegation that Infomir uses Plaintiffs' logos or trademarks. There is no allegation that Infomir encourages customers to use the set top boxes for piracy, or that Infomir's set top boxes are used primarily to watch pirated content.

## C.  Plaintiffs Improperly Conflate the Conduct of the Separate Defendants.

As discussed above, Plaintiffs have named nine (9) distinct defendants in this case. However, Plaintiffs refer to all of the named defendants collectively throughout the complaint as "Defendants." Likewise, Plaintiffs refer to all of defendants' individual websites collectively as "Websites." By grouping and conflating the alleged conduct of all defendants, Plaintiffs obscure the fact that no actual wrongdoing is alleged against Infomir. Specifically, Plaintiffs allege that

defendants Panorama TV, Goodzone TV, Matvil TV and Actava TV[1] operate IPTV content services which illicitly broadcast Plaintiffs' programming over the internet:

- At Paragraph 87 of the complaint, Plaintiffs allege that defendant Actava provides programming on its website www.actava.tv from Channel One, Carousel International, Muzika Pervogo and Dom Kino.

- At Paragraph 60 of the complaint, Plaintiffs allege that defendant Matvil: "founded the website www.etvnet.com (trademark ATVNET) in 2004 as an online provider of Video-On-Demand (VOD) of Russian language television for the Russian-speaking audience worldwide." At Paragraph 88 of the complaint, Plaintiffs allege that defendant Matvil provides programming on its website www.etvnet.com from Rain TV.

- At Paragraph 89 of the complaint, Plaintiffs allege that defendant Panorama provides programming on its website www.mypanorama.tv from Channel One, REN TV and CTC. Plaintiffs allege that defendant Panorama uses the channels' logos on its website.

- At Paragraph 111 of the complaint, Plaintiffs allege that their trademarks and logos are used to promote, market or sell products or services on the moidom.tv website.

There is no similar allegation that Infomir provides content or uses Plaintiffs' logos.

Upon close reading, Plaintiffs do not allege that Infomir is involved in obtaining, decrypting or broadcasting their content. Plaintiffs set forth the mechanism by which the alleged infringement occurs at Paragraph 86. Plaintiffs allege that their encrypted satellite signals are first "hacked" or "captured." (Par 86). Then the information is "transmitted to servers," "which in turn stream the wrongfully acquired signals over IPTV ...." (Par 86). Only **after** the decoded IPTV signals are available on the internet do Plaintiffs allege that it is "possible" to use Infomir's set-top IPTV boxes to view them. (Par. 56). Importantly, Plaintiffs acknowledge that the IPTV signal can also be viewed using: (1) Media Player software (Par 90); or (2) other receiver hardware. (Par. 17). Once the allegations against Infomir have been parsed from the claims against the other, content providing defendants, no plausible case remains as to Infomir.

---

[1] The Court may take judicial notice that websites with the ".tv" domain "often feature video content for specific brands or firms." See Wikipedia, *.TV*, https://en.wikipedia.org/wiki/.tv (as of May 23, 2016, 1:10 EST).

## III. LEGAL ARGUMENT

### A. Dismissal Is Warranted Where No Plausible Claim is Stated.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). On a motion to dismiss, "the court must accept as true the factual allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff."   Harris v. City of New York, 186 F.3d 243, 247 (2d Cir. 1999). "A district court should grant such a motion only if, after viewing plaintiff's allegations in a favorable light, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Bolt Elec., Inc. v. City of New York, 53 F.3d 465, 469 (2d Cir.1995)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[2]   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).   "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'"   Id.   In other words, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)

---

[2] The following Paragraphs of the Complaint constitute legal conclusions and recitations of causes of action which are not accepted by the Court for purposes of a Motion to Dismiss.  1, 6, 7, 8, 9, 10, 11, 12, Note 2, 23, 25, 68, 69, 70, 71, 72, 74, 75, 76, 77, 78, 79, 80, 83, 96, 98, 99, 100, 101, 103, 104, 107, 108, 110, 111, 113, 115, 117, 122, 124, 125, 126, 128, 130, 131, 133, 134, 135, 136, 137, 139, 141, 142, 144, 145, 147, 149, 150, 151, 152, 153, 155 and 156.  See J & J Sports Prod., Inc. v. El Ojo Aqua Corp., 2014 WL 4700014, at *4 (E.D.N.Y. Aug. 29, 2014), report and recommendation adopted, 2014 WL 4699704 (E.D.N.Y. Sept. 22, 2014) (citing Corbin v. Wilson, 2011 WL 4374213 (E.D.N.Y. Aug. 26, 2011) (reasoning that "conclusory language that parrots [pertinent judicial] decisions" does not constitute a well-pleaded allegation that must be deemed true upon default) and (Directv, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir.2007) (allegations that parrot statutory language are not well-pleaded allegations of fact, but rather conclusions of law)), adopted, 2011 WL 4381152 (E.D.N.Y. Sept.19, 2011).

("a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed.") (internal references omitted).

In order to state a claim that is plausible, the "allegations in a complaint must be complete enough to enable a reader to understand how each defendant was personally involved in the wrongdoing plaintiff is alleging." Ritani, LLC v. Aghjayan, 970 F. Supp. 2d 232, 246 (S.D.N.Y. 2013) (citing Onwuka v. New York City Taxi Limousine Comm'n, 2012 WL 34090, at *5 (E.D.N.Y. Jan. 6, 2012) ("Once plaintiff has provided a description of the events that give rise to this action, plaintiff should explain why he claims each of the defendants is liable"). Specifically, "[i]t is well-settled that where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." Dove v. Fordham Univ., 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999), aff'd sub nom. Dove v. O'Hare, 210 F.3d 354 (2d Cir. 2000) (citing Morabito v. Blum, 528 F. Supp. 252 (S.D.N.Y. 1981.)

The foregoing principles have been applied within the Second Circuit to dismiss general and non-specific allegations of signal theft under Section 605 of the Federal Communications Act and violations of the copyright law. See Garden City Boxing Club, Inc. v. Espinal, 2008 WL 2078151, at *3 (E.D.N.Y. May 15, 2008) (Declining to find Section 605 and copyright liability against owners of corporate defendant who were named in the caption due to the absence of "evidence or well-pled allegation establishing … violations"); Garden City Boxing Club, Inc. v. Huesca, 2007 WL 5253982, at *3 (E.D.N.Y. Dec. 4, 2007), report and recommendation adopted, 2008 WL 2439675 (E.D.N.Y. June 16, 2008) (same); J & J Sports Prod., Inc. v. El Ojo Aqua Corp., 2014 WL 4700014, at *4 (E.D.N.Y. Aug. 29, 2014), report and recommendation adopted, 2014 WL 4699704 (E.D.N.Y. Sept. 22, 2014) (vacating default in Section 605 action where "the

Complaint's allegations about [individual defendant] are almost all conclusory, and fail to establish his liability even in the face of his default.").  Applying those well recognized standards to Plaintiffs' claims against Infomir, dismissal is warranted pursuant to <u>Fed. R. Civ. P.</u> 12(b)(6).

### B.  Plaintiffs Fail to State a Claim Under the Federal Communications Act.

Count One of the complaint alleges that defendants have violated Section 605(a) of the Federal Communications Act, 47 <u>U.S.C.A.</u> § 605(a) ("Section 605"). The statute provides in relevant part[3]:

- No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person.

- No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

- No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

On its face, the statute applies only to "radio communications."  The Second Circuit has interpreted Section 605 to apply also to certain cable signals which originated as a satellite signal.

---

[3]Section 605 includes four sentences setting forth prohibited conduct, which have been interpreted separately. Plaintiffs do not specify which sentence(s) they assert Infomir violated, leaving Infomir guessing as to their allegations.  The first sentence is clearly inapplicable to Infomir, as it is well-established that it applies only to "communications personnel," which Plaintiffs do not allege Infomir is.  <u>See generally</u> <u>Dish Network L.L.C. v. World Cable Inc.</u>, 893 <u>F. Supp.</u> 2d 452, 468 (E.D.N.Y. 2012).  As such, the remainder of this analysis will focus on the second, third and fourth sentences.

Int'l Cablevision, Inc. v. Sykes, 75 F.3d 123, 132 (2d Cir. 1996).  However, no Court has held Section 605 applicable to video content streamed over the internet.  See Dish Network L.L.C. v. World Cable Inc., 893 F. Supp. 2d 452, 473 (E.D.N.Y. 2012) ("To the extent discovery reveals that the technology utilized by the Defendants did not involve the transmission of the original signal, or was more akin to copying content, the Communications Act may not be applicable."); Zuffa, LLC v. Justin.tv, Inc., 838 F. Supp. 2d 1102, 1108 (D. Nev. 2012) ("In cases such as these for illegally streaming copyright protected video, such as against YouTube, plaintiffs simply assert copyright (and maybe trademark) claims…").  As allegations of the complaint make clear, Infomir's set top IPTV boxes are capable only of accessing the internet, and are outside of the purview of 605.

Even assuming that Section 605 were extended to IPTV signals, Plaintiffs have not pleaded any facts which support a finding of liability against Infomir.  Initially, Plaintiffs do not allege that Infomir "intercepts" their broadcasts.  Premium Sports Inc. v. Connell, 2012 WL 691891, at *2 (S.D.N.Y. Mar. 1, 2012) ("The critical and dispositive legal point is that in order for there to be a violation of 47 U.S.C. § 605(a), there must be an 'interception' of a signal or transmission."); J & J Sports Prods., Inc. v. Port Richmond Emporium Corp., 2014 WL 692189, at *6 (E.D.N.Y. Feb. 21, 2014) ("Section 605 is violated only when a person 'both intercepts and divulges' the communication") (citing Smith v. Cincinnati Post & Times–Star. 475 F.2d 740, 741 (6th Cir.1973)). See also Dish Network, 893 F. Supp. 2d 452, 471 (E.D.N.Y. 2012) (confirming that the first, second and fourth sentences require an "interception").  Rather, Plaintiffs allege that:

> Upon information and belief, Defendants hack, capture or otherwise acquire without permission the encrypted signals of the Plaintiffs' Channels and transmit those signals to its servers which in turn stream the wrongfully acquired signals over IPTV to paying customers in this judicial district and elsewhere.
>
> [Paragraph 86].

9

As discussed throughout this brief, Plaintiffs have improperly conflated all nine separate and distinct defendants into a single defined term "Defendants" -- making the meaning of Paragraph 86 difficult to understand.[4]   However, the subsequent paragraphs (87-89) clarify that the defendants who are alleged to intercept, decode and rebroadcast transmissions over the internet are Panorama TV, Goodzone TV, Matvil TV and Actava TV.   Plaintiffs allege only that Infomir's set top IPTV boxes are capable of accessing that information on the internet after it has been transmitted by the other defendants.   While cases have held that use of "descrambler" or "decoder" device can constitute a violation of 605(a)[5], these are not Plaintiffs' allegations.

No case has extended 605(a) liability to the passive receipt of a re-broadcasted internet signal that was improperly intercepted by another. See Ark Promotions, Inc. v. Justin.tv, Inc., 904 F. Supp. 2d 541, 549 (W.D.N.C. 2012) ("[I]t does not appear that the Communications Act was intended by Congress, or has been interpreted by the courts, as imposing liability on a party who receives a retransmission from a user who received or intercepted a broadcast signal from a cable or satellite provider."); Zuffa, LLC v. Justin.tv, Inc., 838 F. Supp. 2d 1102, 1107 (D. Nev. 2012) ("This is not the type of conduct properly addressed by the Communications Act … because [defendant] had no relationship with the original cable or satellite signal.").   Plaintiffs fail to state a plausible claim against Infomir under Section 605(a) of the Federal Communications Act and Count One should be dismissed.

---

[4] The meaning of the allegations of Paragraph 86 is further confused by the use of the singular pronoun "its" later in the sentence, after using the plural subject --"Defendants."

[5] See, e.g., Int'l Cablevision, Inc. v. Sykes, 75 F.3d 123, 126 (2d Cir. 1996) (addressing FCA liability for "decoder" or "descrambler" cable boxes); DIRECTV, Inc. v. Montes, 338 F. Supp. 2d 352, 354 (D. Conn. 2004) ("In its complaint, plaintiff alleges that … defendant purchased … pirate access devices… and illegal satellite television descrambling and decoding devices.").

## C.  Plaintiffs Fail to State a Claim Under the Digital Millennium Copyright Act.

Count Two of the complaint alleges that defendants have violated the anti-circumvention provisions of the Digital Millennium Copyright Act, 17 U.S.C.A. 1201(a)(1)(A) ("DMCA").  See Universal City Studios, Inc. v. Corley, 273 F.3d 429, 440 (2d Cir. 2001) ("first is subsection 1201(a)(1)(A), the anti-circumvention provision.").  Paragraph 103 of the complaint provides:

> The Copyright Act, as amended by the Digital Millennium Copyright Act, provides that "[n]o person shall circumvent a technological measure that effectively controls access to a work protected under this title." 17 U.S.C.A. § 1201.

"Section 1201(a)(1)(A), the anti-circumvention provision, aims against those who engage in unauthorized circumvention of technological measures. It focuses directly on wrongful conduct, rather than on those who facilitate wrongful conduct...." Dish Network L.L.C. v. World Cable Inc., 893 F. Supp. 2d 452, 464 (E.D.N.Y. 2012) (citing Universal City Studios, Inc. v. Reimerdes, 111 F.Supp.2d 294, 319 (S.D.N.Y.2000) (quoting 1 Nimmer § 12A.03[A], at 12A–15 (1999 Supp.)); Chamberlain Grp., Inc. v. Skylink Techs., Inc., 381 F.3d 1178, 1195 (Fed. Cir. 2004) (only defendants "who use [circumvention devices] may be subject to liability under § 1201(a)(1)").

At Paragraph 86, Plaintiffs set forth the scheme by which they allege their signal is "hacked, captured or otherwise acquired without permission."  Infomir is not alleged to participate in the circumvention.  Rather, Plaintiffs allege that the decoded signals are "transmitted" to the other defendants' "servers," which "in turn stream the wrongfully acquired signals over IPTV…" With respect to Infomir, Plaintiffs allege only that Infomir sells IPTV "receivers with which it is possible to receive" the signals which were previously decrypted and/or retransmitted on the internet by other defendants. (Par. 90).  Plaintiffs fail to state a plausible claim against Infomir for circumvention under the Digital Millennium Copyright Act and Count Two should be dismissed.

**D.  Plaintiffs Fail to State a Claim For Trademark Infringement Under the Lanham Act.**

Count Three of the complaint alleges that Defendants have infringed upon Plaintiffs' trademarks in violation of Section 43(a) of the Lanham Act, 15 U.S.C.A. § 1125(a).  To establish a claim for trademark infringement plaintiff must demonstrate that: (1) it has a valid trademark entitled to protection; and (2) that the defendant's use of it is likely to cause confusion of an appreciable number of ordinarily prudent purchasers as to the source of goods or services in question." Info. Superhighway, Inc. v. Talk Am., Inc., 395 F. Supp. 2d 44, 50 (S.D.N.Y. 2005).

Plaintiffs allege that their "famous marks," as depicted in Paragraphs 26-31; 34; 36; 38; 40; 43; 47; 51, "are protected under the laws of the Russian Federation and therefore entitled to protection under the Lanham Act by virtue of the Paris Convention."  Accepting this allegation as true, Plaintiffs have not pleaded facts sufficient to state a claim that Infomir used their marks at all -- let alone in a legally impermissible manner.  Plaintiffs allege that their marks are used "on the moidom.tv website." (Par 111).  There is no allegation that Infomir owns, controls or is otherwise affiliated with the moidom.tv website.  There are no other allegations that Infomir uses or displays Plaintiffs' marks.  Notably, Exhibit 14, attached to Plaintiffs' complaint, depicts Infomir's website, www.infomirusa.com, but does **not** include any of Plaintiffs' marks.  Plaintiffs fail to state a plausible claim against Infomir for trademark infringement under the Lanham Act and Count Three should be dismissed.

**E.  Plaintiffs Fail to State a Claim For False Advertising Under the Lanham Act.**

Count Four of the complaint alleges that defendants have falsely advertised in violation of Section 43(a) of the Lanham Act, 15 U.S.C.A. § 1125(a).  Section 43(a)(1)(A) provides a cause of action against:

[a]ny person who, on or in connection with any goods or services … uses in commerce any … false or misleading description of fact, or false or misleading

representation of fact, which …in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities.

[15 U.S.C.A. § 1125(a)]

In support of their claim that Infomir has "misappropriated the logos and other protected marks of Plaintiff's Channels for [its] own commercial gain…" Plaintiffs reference only Exhibit 15 and Exhibit 16 to the complaint (Par 116).  Exhibit 15 purports to be a display from the website "gudzon.tv," which website Plaintiffs allege is operated by defendant Goodzone TV.  (Par. 62) Exhibit 16 purports to be a display from the website "mypanorama.tv" which Plaintiffs allege is operated by defendant Panorama TV.  (Par. 57).  Plaintiffs contend that the logos depicted on those websites are their protected trademarks. Plaintiffs do not allege that Infomir owns or operates either "gudzon.tv" or "mypanorama.tv."  Plaintiffs do not otherwise allege that Infomir uses or has used their trademarks in its advertising.  Exhibit 14, which purports to be a print-out from www.infomirusa.com, does not include any of Plaintiffs' trademarks.  Plaintiffs fail to state a plausible claim against Infomir for false advertising under the Lanham Act and Count Four should be dismissed.

**F.  Plaintiffs Fail to State a Claim For Trademark Tarnishment Under the Lanham Act.**

Count Five of the complaint alleges that defendants have tarnished Plaintiffs' trademarks in violation of the Lanham Act, 15 U.S.C. § 1125(c)(2)(C). "Dilution by tarnishment is an association arising from the similarity between a mark or trade name and a famous mark that harms the reputation of the famous mark." Starbucks Corp. v. Wolfe's Borough Coffee, Inc., 588 F.3d 97, 110 (2d Cir. 2009).  As explained by the Second Circuit:

A trademark may be tarnished when it is linked to products of shoddy quality, or is portrayed in an unwholesome or unsavory context, with the result that the public will associate the lack of quality or lack of prestige in the defendant's goods with

the plaintiff's unrelated goods. A trademark may also be diluted by tarnishment if the mark loses its ability to serve as a 'wholesome identifier' of plaintiff's product.

Id. (citing Hormel Foods Corp. v. Jim Henson Productions, Inc., 73 F.3d 497, 507 (2d Cir. 1996).

Plaintiffs base their claim for trademark tarnishment upon the alleged display of "Plaintiffs' logos, other marks and related content in the same line up as adult-only programming and broadcasting them together with adult content." (Par. 120). As discussed above, Plaintiffs do not allege that Infomir provides any content to its customers -- let alone "adult-only programming or broadcasting." Plaintiffs do not allege that Infomir displays Plaintiffs' marks. Plaintiffs fail to state a plausible claim against Infomir for trademark tarnishment under the Lanham Act and Count Five should be dismissed.

## G.  Plaintiffs Fail to State a Claim For Direct Copyright Infringement.

Count Six of the complaint alleges that defendants have directly infringed upon Plaintiffs' copyrights in violation of the Copyright Act, 17 U.S.C.A. § 101, et. seq. "To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991); Computer Associates Int'l, Inc. v. Altai, Inc., 982 F.2d 693, 701 (2d Cir. 1992). Initially, substantial questions exist as to whether and which copyright protections apply to Plaintiffs' unidentified foreign works. Likewise, Plaintiffs have not identified the exclusive rights which they assert defendants violated. Assuming some copyright protection applies, Plaintiffs still cannot make out a *prima facie* case of infringement as to Infomir.

The Supreme Court recently confirmed that an "equipment provider" may not be held liable under a direct infringement theory. Am. Broad. Companies, Inc. v. Aereo, Inc., 134 S. Ct. 2498, 2506-07, 189 L. Ed. 2d 476 (2014) (Confirming that direct copyright infringement is not a viable

14

theory against an entity which is "simply an equipment provider."). See also CBS Broad. Inc. v. FilmOn.com, Inc., 2014 WL 3702568, at *2 (S.D.N.Y. July 24, 2014), aff'd, 814 F.3d 91 (2d Cir. 2016) ("Ultimately, the Supreme Court concluded that Aereo is not just an equipment supplier…"). Plaintiffs allege only that Infomir sells set-top IPTV boxes on its web-site, which are capable of receiving internet communications.  As such, Infomir is exactly the type of party which is **not** susceptible to a direct infringement claim.

Furthermore, the Second Circuit requires a showing of "volitional conduct" to establish a claim for direct infringement.  Smith v. BarnesandNoble.com, LLC, 2015 WL 6681145, at *4 (S.D.N.Y. Nov. 2, 2015) ("The plaintiff must prove that defendant engaged in some volitional conduct sufficient to show that [it] actively violated one of Plaintiff's exclusive rights.")  (citing Cartoon Network LP, LLLP v. CSC Holdings, Inc., 536 F.3d 121, 131 (2d Cir. 2008) ("volitional conduct is an important element of direct liability").  Plaintiffs allege only that Infomir's set-top IPTV boxes can "receive" internet transmissions from the websites of the alleged content-providing defendants, i.e. Panorama TV, Goodzone TV, Matvil TV and Actava TV.  (Par. 56). Plaintiffs' allegations do not include any volitional element as the streaming content is selected and transmitted by the other defendants and Infomir's hardware is alleged to play only a passive role.  Plaintiffs fail to state a plausible claim against Infomir for direct infringement under the Copyright Act and Count Six should be dismissed.

## H.  Plaintiffs Fail to State a Claim For Secondary Copyright Infringement.

Count Seven of the complaint alleges that defendants have secondarily infringed upon Plaintiffs' copyrights in violation of the Copyright Act, 17 U.S.C.A. § 101, et. seq.  As to Infomir, Count Seven contains only conclusory allegations that Infomir engaged in secondary copyright infringement: "[t]hrough the creation, maintenance and operation" of its website,

www.infomirusa.com.  (Par. 141).  At the outset, "[t]he Copyright Act does not expressly render anyone liable for infringement committed by another."  Sony Corp. of Am. v. Universal City Studios, Inc., 464 U.S. 417, 434, 104 S. Ct. 774, 785 (1984).  Moreover, none of the three judicially created doctrines of secondary copyright infringement which have been identified support a finding of liability as to Infomir.  Those theories are: (1) contributing to copyright infringement; (2) inducement of copyright infringement; and (3) vicarious copyright infringement. See Arista Records LLC v. Lime Grp. LLC, 784 F. Supp. 2d 398, 425 (S.D.N.Y. 2011).

### i. Plaintiffs Fail to State a Claim for Contributing to Copyright Infringement.

A defendant may be held liable for contributory copyright infringement if: (1) with knowledge of the infringing activity; (2) it materially contributes to the infringing conduct of another. Arista, 784 F. Supp. 2d at 432.  The Supreme Court has held for over thirty years that a defendant will **not** be liable for contributory infringement if the product also is "widely used for legitimate, unobjectionable purposes" or is "merely ... capable of substantial noninfringing use." Sony Corp. of Am. v. Universal City Studios, Inc., 464 U.S. 417, 442, 104 S. Ct. 774, 789 (1984). The purpose of this rule is to "leave breathing room for innovation and a vigorous commerce." Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 933, 125 S. Ct. 2764, 2782 (2005).

The complaint does not (and cannot accurately) allege that Infomir has knowledge regarding use of its product for infringement, as the alleged infringement is conducted by distinct defendants with which Infomir has no relationship.  Moreover, Plaintiffs' pleadings make clear that Infomir's set top IPTV boxes do not "materially" contribute to infringement because Infomir's set-top box is alleged to be interchangeable with other IPTV receiver "equipment" and/or downloadable media player software for users who subscribe to pirated content.  (Paragraph 90).

16

Gershwin Pub. Corp. v. Columbia Artists Mgmt., Inc., 443 F.2d 1159, 1162 (2d Cir. 1971) (determination of secondary copyright liability: "depends upon a determination of the function that (the alleged infringer) plays in the total (reproduction) process."). As such, Plaintiffs fail to plead either of the elements of the cause of action.

Moreover, the facts pleaded by Plaintiffs conclusively establish that Infomir's set-top IPTV receivers have a primary legitimate use -- to watch internet content, including IPTV programming, on a television without pre-installed internet connectivity.[6] At Paragraph 85, Plaintiffs allege that: "Upon information and belief, IPTV was first developed in or about 1995 and has gained popularity as a broadcast medium." Plaintiffs in fact concede that their own content is legitimately distributed over IPTV, stating that Channel One, CTC, Darial, New Channel, ACCEPT, Comedy TV, Rain TV and Veriselintel all have entered into "license agreements with third parties to distribute its programs via IPTV." Unless those third party distributors have proprietary hardware, Infomir's products can be used to watch licensed versions of Plaintiffs' programming. In other words, Plaintiffs have utterly failed to allege that Infomir's product is the kind of commercial article which can give rise to liability for secondary copyright infringement.

### ii. Plaintiffs Fail to State a Claim for Inducement of Copyright Infringement.

"To establish a claim for inducement, a plaintiff must show that the defendant (1) engaged in purposeful conduct that encouraged copyright infringement, with (2) the intent to encourage such infringement." Arista, 784 F. Supp. 2d at 425; Grokster, Ltd., 545 U.S. at 940, 125 S. Ct. at 2782 ("the distribution of a product can itself give rise to liability where evidence shows that the distributor intended and encouraged the product to be used to infringe."). Plaintiffs' complaint is

---

[6] "An affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998).

devoid of any allegation that Infomir encourages copyright infringement.  As demonstrated by Exhibit 14 to the complaint, a printed screen shot of a page from Infomir's website, www.infomirusa.com, Infomir's website does nothing more than sell set-top IPTV boxes.  The website is devoid of any reference to the other defendants' services, Plaintiffs or Plaintiffs' programming and does not advertise that its set-top IPTV boxes can or should be used for an infringing purpose.  To the contrary, an "Anti-Piracy Statement" is prominently displayed on the top menu bar.  As such, Plaintiffs fail to state a plausible claim for inducement of copyright infringement.

### iii. Plaintiffs Fail to State a Claim for Vicarious Copyright Infringement.

To establish liability for vicarious copyright infringement, a plaintiff must show that the defendant: "(1) had the right and ability to supervise the infringing activity; and (2) has a direct financial interest in such activities." Arista, 784 F. Supp. 2d at 435 (S.D.N.Y. 2011).  "The first element of the test for vicarious liability is satisfied if the plaintiff proves that the defendant had the ability to supervise or control the third parties' infringing activity and failed to do so." Arista Records LLC v. Lime Grp. LLC, 784 F. Supp. 2d 398, 435 (S.D.N.Y. 2011).  The second element of the vicarious infringement test requires showing a "causal relationship between the infringing activity and any financial benefit [the] defendant reaps." Id.

Plaintiffs' claim fails at the first element, because the complaint does not allege that Infomir has the ability to supervise or control co-defendants' content or the content subscribed to by end users.  To the contrary, Plaintiffs allege only that Infomir sells a set-top IPTV box, which is hardware that makes it possible to access the internet, including watching IPTV content.  Infomir has no way to monitor what services are subscribed to after the product leaves Infomir's control.  Infomir has no authority or means to verify whether independent third-party content providers

have obtained necessary licenses for their broadcasts.  Plaintiffs fail to state a plausible claim against Infomir for Secondary Copyright Infringement and Count Seven should be dismissed.

## I.  Plaintiffs Fail to State a Claim Under § 349.

Count Eight of the complaint alleges that defendants have engaged in deceptive practices in violation of New York General Business Law § 349 ("Section 349").  Section 349 prohibits "[d]eceptive acts or practices in the conduct of any business." NYGBL 349.  "To make out a *prima facie* case under Section 349, a plaintiff must demonstrate that (1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result." Maurizio v. Goldsmith, 230 F.3d 518, 521 (2d Cir. 2000).

The "dispositive question" for a commercial plaintiff (as opposed to the Attorney General's office or a consumer) alleging deceptive practices under New York law is whether "the matter affects the public interest in New York" as opposed to the private business rights of the plaintiff. Gucci Am., Inc. v. Duty Free Apparel, Ltd., 277 F. Supp. 2d 269, 273 (S.D.N.Y. 2003); Sports Traveler, Inc. v. Advance Magazine Publishers, Inc., 1997 WL 137443, at *3 (S.D.N.Y. Mar. 24, 1997) ("Because Plaintiff does not allege the requisite harm to the consuming public, its section 349 claim is dismissed."); C=Holdings B.V. v. Asiarim Corp., 992 F. Supp. 2d 223, 247 (S.D.N.Y. 2013) ("where the "dispute is between competitors and the core of the claim is harm to another business as opposed to consumers, courts have found that the "public harm ... is too insubstantial to satisfy the pleading requirements of §349.").

Applying the foregoing, courts within the Second Circuit uniformly hold "that trademark infringement actions alleging only general consumer confusion do not threaten the direct harm to consumers that is required to state a claim under section 349." Gucci, 277 F. Supp. 2d 269 (citing Winner Int'l v. Kryptonite Corp., 1996 WL 84476, at *2–*3 (S.D.N.Y. Feb.27, 1996); Coach, Inc.

v. Horizon Trading USA Inc., 908 F. Supp. 2d 426, 435-36 (S.D.N.Y. 2012) (the "alleged injury—confusion and deception of the consuming public—... is not distinct from the very harm that trademark laws generally seek to redress and thus is not 'over and above ordinary trademark infringement.'"); EFS Mktg., Inc. v. Russ Berrie & Co., 836 F. Supp. 128, 136 (S.D.N.Y. 1993), aff'd in part, vacated in part, rev'd in part, 76 F.3d 487 (2d Cir. 1996) ("The alleged acts underlying plaintiff's state claims are the same as those supporting plaintiff's Lanham Act claims."); Jaret Int'l. Inc. v. Promotion in Motion, Inc., 826 F.Supp. 69, 78 (E.D.N.Y. 1993) ("Most federal trademark and trade dress infringement claims are deemed to fall outside the original intent of § 349"). Likewise, courts in the Second Circuit reject plaintiff's attempts to plead a copyright infringement claims as a deceptive practice under § 349. See, e.g., Eyal R.D. Corp. v. Jewelex New York Ltd., 784 F. Supp. 2d 441, 449 (S.D.N.Y. 2011) (Plaintiff "pleads only an injury to itself, and not to the public harm. This claim is dismissed as insufficiently pleaded.").

In addition, Section 301 of the Copyright Law [17 U.S.C.A. § 301] preempts deceptive practices claims arising from a defendant's alleged infringing conduct, unless there is an "extra element" which is "qualitatively different" from the alleged infringement.  Hudson v. Imagine Entm't Corp., 128 F. App'x 178, 179 (2d Cir. 2005); Briarpatch Ltd., L.P v. Phoenix Pictures, Inc., 373 F.3d 296, 305 (2d Cir. 2004) ("the state law claim must not include any extra elements that make it qualitatively different from a copyright infringement claim."). Orange Cty. Choppers, Inc. v. Olaes Enterprises, Inc., 497 F. Supp. 2d 541, 556 (S.D.N.Y. 2007) ("It is axiomatic that unfair competition and misappropriation claims grounded solely in the copying of a plaintiff's protected expression are preempted by [the Copyright Act]."). Freeplay Music, Inc. v. Cox Radio, Inc., 409 F. Supp. 2d 259, 264 (S.D.N.Y. 2005) ("[S]tate law claims that are substantively redundant of Copyright Act claims are preempted…").

On its face, Plaintiffs' § 349 claims are a mere reiteration of Plaintiffs' trademark and copyright claims, and allege harm to Plaintiffs' business -- not the general public:

> Defendants have, through their Websites, deceived consumers and paying customers in New York into believing it has the legal right or authority to broadcast or rebroadcast Programs over which Plaintiffs have exclusive rights. The Websites are misleading in a material way by representing that the services to be provided are authorized despite the infringements set forth above. **Plaintiffs have suffered and continue to suffer irreparable injury as a result of Defendants' conduct, including their interception, broadcast and re-broadcast of Plaintiffs' Programming. Such injuries are not limited to financial injury and include damage to Plaintiffs' worldwide reputations, goodwill and relationships with licensees, among others.**

[Par. 146 (emphasis added)].

Count 8 explicitly incorporates "the infringements set forth above," i.e. the alleged violations of federal intellectual property law, as the basis for the claim. Plaintiffs appear to refer to misuse of their trademarks on the websites of certain defendants. The Count does not contain any additional factual allegations beyond the allegations addressed above. The Count does not allege any "extra element" would could give rise to liability under § 349. Moreover, the harm alleged is "irreparable injury" to Plaintiffs, including "financial injury," "injury to Plaintiffs' worldwide reputations, goodwill and relations with licensees." The Complaint does not allege harm to the general public beyond generalized confusion -- which has been uniformly rejected a sufficient basis for a § 349 claim. As discussed above, Plaintiffs have not pleaded any facts against Infomir which support either a violation of trademark or copyright law. Plaintiffs also fail to state a plausible claim against Infomir for deceptive practices under Section 349 and Count Eight should be dismissed.

## J.  Plaintiffs Fail to State a Claim for Unfair Competition or Common Law Infringement.

Count Nine of the complaint alleges that defendants have violated New York unfair competition and common law infringement laws. No specific conduct is identified. Rather,

Plaintiffs state that defendants have harmed them through: "misappropriation of the Channels, Programming, trademarks are [sic] other rights belonging to the Plaintiffs." (Par. 150).

"Under New York law, "the elements necessary to prevail on causes of action for trademark infringement and unfair competition ... mirror the Lanham Act claims." Lopez v. Gap, Inc., 883 F. Supp. 2d 400, 430 (S.D.N.Y. 2012) (quoting Lorillard Tobacco Co. v. Jamelis Grocery, Inc., 378 F.Supp.2d 448, 456 (S.D.N.Y. 2005)).  "An unfair competition claim under New York common law requires all the elements of a Lanham Act unfair competition claim plus a showing of bad faith." C=Holdings B.V. v. Asiarim Corp., 992 F. Supp. 2d 223, 244 (S.D.N.Y. 2013).  As discussed above, Plaintiffs fail to state a claim against Infomir on their Lanham Act claims, and Plaintiffs' parallel state law claims must also be dismissed.  Gottlieb Dev. LLC v. Paramount Pictures Corp., 590 F. Supp. 2d 625, 637 (S.D.N.Y. 2008)("To the extent [Plaintiff's] state common law claims are based on its trademark infringement claim, they are dismissed for the reasons that its trademark claim is dismissed.").

To the extent that Plaintiffs' state law claims are premised upon the alleged duplication of copyrighted materials, they are preempted as a matter of law.  Hudson v. Imagine Entm't Corp., 128 F. App'x 178, 179 (2d Cir. 2005) ("We agree with the district court that his unfair competition claim is preempted by federal law, as it does not include any extra elements that make it qualitatively different from a copyright infringement claim."); Gottlieb Dev. LLC v. Paramount Pictures Corp., 590 F. Supp. 2d 625, 637 (S.D.N.Y. 2008) ("To the extent that these state law claims of unfair competition … sound in misappropriation of copyright, they are preempted by the Copyright Act.").  Plaintiffs fail to state a plausible claim against Infomir for unfair competition or common law infringement and Count Nine should be dismissed.

## IV. CONCLUSION

For the aforesaid reasons, it respectfully submitted that the Court should dismiss Counts One, Two, Three, Four, Five, Six, Seven, Eight and Nine of Plaintiffs' complaint as they pertain to defendant Infomir LLC for failure to state a claim upon which relief may be granted.

Respectfully submitted,

**BERKOWITZ, LICHTSTEIN, KURITSKY, GIASULLO & GROSS, LLC**
Attorneys for Defendant, Infomir, LLC

By:     s/ Stewart M. Leviss
      STEWART M. LEVISS

Dated: May 31, 2016