**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
Joint Stock Company "Channel One Russia Worldwide,"
Closed Joint Stock Company "CTC Network," Closed
Joint Stock Company "TV DARIAL," Closed Joint
Stock Company "New Channel", Limited Liability
Company "Rain TV-Channel," Limited Liability
Company "Verselintel," Open Joint Stock Company
"ACCEPT", and Limited Liability Company "Comedy TV."
                              Plaintiffs,

               -against-

INFOMIR LLC (www.infomirusa.com),
PANORAMA TV (www.mypanorama.tv),
GOODZONE TV (www.gudzon.tv)
MATVIL CORPORATION d/b/a eTVnet (www.ctvnet.com),
MIKHAIL GAYSTER
ACTAVA TV, INC. (www.actava.tv),
MASTER CALL COMMUNICATIONS, INC.,
MASTER CALL CORPORATION,
ROUSLAN TSOUTIEV, and
John Does 1-50,
                              Defendants.
------------------------------------------------------------------------X

16 **CIVIL** 1318

**JUDGMENT**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/6/16

       Whereas the parties have entered into a confidential settlement pursuant to which Defendants have satisfied Plaintiff's claims for financial damages and the parties have agreed they shall bear their own costs and fees, including attorneys' fees; and whereas the parties are desirous of finally resolving this matter, and the matter having come before the Honorable George B. Daniels, United States District Judge, and the Court, on June 6, 2016, having rendered its Order and have stated that: 1. With the exception of any claim arising from the enforcement of the terms of the Injunction, Plaintiffs' claims for relief against Defendants are hereby dismissed with prejudice; 2. Defendants, as well as their parents, subsidiaries, affiliates, predecessors, successors, divisions, operating units, principals, officers, directors, shareholders, employees, attorneys, members, agents, heirs,

representatives, spin-offs, and future assigns as well as any persons or entities in active concert or participation with Defendants" are permanently enjoined and restrained from: a. Broadcasting, re-broadcasting or otherwise transmitting Plaintiffs' Broadcasts as identified in Annex 1 or any other channel that Plaintiffs may in the future broadcast via any medium, including but not limited to internet protocol television ("IPTV") and social media, without authorization; b. directly or indirectly infringing or making any use, in any manner whatsoever, of Plaintiffs' Broadcasts including any associated programs without authorization; c. directly or indirectly infringing or making any use, in any manner whatsoever, of Plaintiffs' Marks as identified in Annex 1 without authorization; d. publishing or distributing any promotional materials referring to Plaintiffs' Broadcasts or Marks; in any medium, including, but not limited to the internet (including IPTV and social media), television, radio, newspapers, magazines, direct mail or oral communication without authorization; 3. Defendants shall not register, purchase, manage or have any ownership interest in any website or device engaged in the unauthorized copying, caching, retransmission or distribution of Plaintiffs' Broadcasts; 4. The Injunction shall apply to Defendants' parents, subsidiaries, affiliates, predecessors, successors, divisions, operating units, principals, officers, directors, shareholders, employees, attorneys, members, agents, heirs, representatives, spin-offs, and future assigns, if any; 5. Failure to comply with the Injunction shall be deemed contempt of Court; 6. This Court shall retain jurisdiction for the limited purpose of enforcement of the Injunction including determinations of damages and attorneys' fees which shall be recoverable in connection with any enforcement proceeding; 7. The Clerk of this Court shall enter Judgment terminating this action as to Defendants Actava TV, Inc. Master Call, Inc., Master Call Corporation and Rouslan Tsoutiev, it is,

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Order dated June 6, 2016, that 1. With the exception of any claim arising from the

enforcement of the terms of the Injunction, Plaintiffs' claims for relief against Defendants are hereby dismissed with prejudice; 2. Defendants, as well as their parents, subsidiaries, affiliates, predecessors, successors, divisions, operating units, principals, officers, directors, shareholders, employees, attorneys, members, agents, heirs, representatives, spin-offs, and future assigns as well as any persons or entities in active concert or participation with Defendants"are permanently enjoined and restrained from: a. Broadcasting, re-broadcasting or otherwise transmitting Plaintiffs' Broadcasts as identified in Annex 1 or any other channel that Plaintiffs may in the future broadcast via any medium, including but not limited to internet protocol television ("IPTV") and social media, without authorization; b. directly or indirectly infringing or making any use, in any manner whatsoever, of Plaintiffs' Broadcasts including any associated programs without authorization; c. directly or indirectly infringing or making any use, in any manner whatsoever, of Plaintiffs' Marks as identified in Annex 1 without authorization; d. publishing or distributing any promotional materials referring to Plaintiffs' Broadcasts or Marks; in any medium, including, but not limited to the internet (including IPTV and social media), television, radio, newspapers, magazines, direct mail or oral communication without authorization; 3. Defendants shall not register, purchase, manage or have any ownership interest in any website or device engaged in the unauthorized copying, caching, retransmission or distribution of Plaintiffs' Broadcasts; 4. The Injunction shall apply to Defendants' parents, subsidiaries, affiliates, predecessors, successors, divisions, operating units, principals, officers, directors, shareholders, employees, attorneys, members, agents, heirs, representatives, spin-offs, and future assigns, if any; 5. Failure to comply with the Injunction shall be deemed contempt of Court; 6. This Court shall retain jurisdiction for the limited purpose of enforcement of the Injunction including determinations of damages and attorneys' fees which shall be recoverable in

connection with any enforcement proceeding;  7.  Judgment is entered terminating this action as to Defendants Actava TV, Inc. Master Call, Inc., Master Call Corporation and Rouslan Tsoutiev.

**Dated:**  New York, NY

      June 6, 2016

**RUBY J. KRAJICK**

_____

**Clerk of Court**

BY:  *Kmargo* (signature)

**Deputy Clerk**