**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Joint Stock Company "Channel One Russia Worldwide," Closed Joint Stock Company "CTC Network," Closed Joint Stock Company "TV DARIAL," Closed Joint Stock Company "New Channel," Limited Liability Company "Rain TV-Channel," Limited Liability Company "Veriselintel," Open Joint Stock Company "ACCEPT." and Limited Liability Company "Comedy TV." | |
| Plaintiffs, | Index No. 1:16-cv-1318 (GBD) (BCM) |
| v. | |
| INFOMIR LLC ( www.infomirusa.com), PANORAMA Alliance LP, GOODZONE TV (www.gudzon.tv), MATVIL CORPORATION d/b/a eTVnet (www.etvnet.com), MIKHAIL GAYSTER ACTAVA TV, INC. (www.actava.tv), MASTER CALL COMMUNICATIONS, INC., MASTER CALL CORPORATION , ROUSLAN TSOUTIEV, and John Does 1-50. | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MATVIL CORP D/B/A eTVnet, MATVIL CORP, AND MIKHAIL GAYSTER'S MOTION TO DISMISS THE COMPLAINT OR IN THE ALTERNATIVE TO SEVER THE ACTION AND ORDER DEFENDANT JOINT STOCK COMPANY "CHANNEL ONE RUSSIA WORLDWIDE" FOR A MORE DEFINITE STATEMENT**

David G. Liston
Anthony M. Capozzolo
Alex G. Patchen
Ari J. Jaffess
**LEWIS BAACH PLLC**
The Chrysler Building
405 Lexington Avenue, 62nd Floor
New York, NY 10174
Tel: (212) 826-7001
David.Liston@lewisbaach.com
Anthony.Capozzolo@lewisbaach.com
Alex.Patchen@lewisbaach.com
Ari.Jaffess@lewisbaach.com

*Attorneys for Defendants, Matvil Corp., d/b/a eTVnet, Matvil Corp., and Mikhail Gayster*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................... 1

STATEMENT OF FACTS .............................................................................. 2

ARGUMENT ................................................................................................. 3

   I.   Legal Standard for Motion to Dismiss Pursuant to Rule 12(b)(6)..................................... 3

   II.   All Claims Against Matvil New York Should be Dismissed .............................................. 5

   III.   All Claims Against Gayster Should be Dismissed........................................................ 6

      1.   There Are No Allegations Sufficient for any Cause of Action Against Gayster ............ 6

      2.   There is No Personal Jurisdiction Over Gayster ................................................... 9

   IV.   Channel One Has Failed to State a Claim Against the Matvil Defendants..................... 9

      1.   Channel One Has Not Stated a Claim that the Matvil Defendants Made an Unauthorized Publication of Communications In Violation of the Communications Act............................ 9

      2.   Channel One Has Not Stated a Claim that the Matvil Defendants Violated the Anti-circumvention Provisions of the Digital Millennium Copyright Act ................................... 12

      3.   Channel One Has Not Stated a Claim that the Matvil Defendants Committed Trademark Infringement Under Section 43 of the Lanham Act ............................................... 12

      4.   Channel One Has Not Stated a Claim that the Matvil Defendants Committed False Advertising Under Section 43 of the Lanham Act ............................................... 13

      5.   Channel One Has Not Stated a Claim that the Matvil Defendants have Tarnished Channel One's Purported Trademarks ................................................................. 15

      6.   Channel One Has Not Stated a Claim that the Matvil Defendants have Infringed Channel One's Purported Copyrights................................................................. 16

      7.   Channel One Has Not Stated a Claim that the Matvil Defendants are Liable for Secondary Copyright Infringement ................................................................. 18

      8.   Channel One Has Not Stated a Claim that the Matvil Defendants are Liable for a Violation of New York General Business Law § 349 ............................................... 20

      9.   Channel One Has Not Stated a Claim against the Matvil Defendants for Unfair Competition and Common Law Infringement....................................................... 20

      10.   Channel One is Not Entitled to a Declaratory Judgment........................................... 21

   V.   If the Court Does Not Grant the Motion to Dismiss as to all Three of the Matvil Defendants, it Should Sever the Case Against Any Remaining Matvil Defendants and Order Channel One to Make a More Definite Statement as to Any Remaining Causes of Action..... 21

1. Pursuant to Federal Rule 21, the Claims Against the Matvil Defendants at Least Must be Severed ........................................................................................................... 21

2. There are Numerous, Vague Allegations Possibly Unrelated to Channel One and/or the Matvil Defendants, Which Requires a More Definite Statement ........................................ 23

CONCLUSION ........................................................................................................... 23

# TABLE OF AUTHORITIES

## CASES

*Appalachian Enters., Inc. v. ePayment Sols., Ltd.*,
    No. 01 CV 11502 (GBD), 2004 WL 2813121(S.D.N.Y. Dec. 8, 2004)................................... 7

*Arista Records LLC v. Lime Grp. LLC*,
    784 F. Supp. 2d 398 (S.D.N.Y. 2011).................................................................................... 19

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).............................................................................................................. 3

*Atuahene v. City of Hartford*,
    10 F. App'x 33 (2d Cir. 2001) .............................................................................................. 4

*Barberan v. Nationpoint*,
    706 F. Supp. 2d 408 (S.D.N.Y. 2010).................................................................................. 3

*Boule v. Hutton*,
    328 F.3d 84 (2d Cir. 2003).................................................................................................. 14

*Boarding Sch. Review, LLC v. Delta Career Educ. Corp.*,
    No. 11 CIV. 8921 DAB, 2013 WL 6670584 (S.D.N.Y. Mar. 29, 2013)................................ 15

*Calloway v. Marvel Entertainment Group*,
    No. 82 Civ. 8697, 1983 WL 1141 (S.D.N.Y. June 30, 1983)................................................ 17

*Chamberlain Grp., Inc. v. Skylink Techs., Inc.*,
    381 F.3d 1178 (Fed. Cir. 2004).......................................................................................... 12

*Deskovic v. City of Peekskill*,
    673 F. Supp. 2d 154 (S.D.N.Y. 2009)................................................................................. 22

*Dish Network L.L.C. v. World Cable Inc.*,
    893 F. Supp. 2d 452 (E.D.N.Y. 2012) ............................................................................... 12

*Dove v. Fordham Univ.*,
    56 F. Supp. 2d 330 (S.D.N.Y. 1999).................................................................................... 7

*Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*,
    443 F.2d 1159 (2d Cir. 1971).............................................................................................. 19

*Gmurzynska v. Hutton*,
    355 F.3d 206, 211 (2d Cir. 2004)........................................................................................ 14

*Harris v. City of New York*,
    186 F.3d 243 (2d Cir. 1999)................................................................................................. 3

*Haviland v. J. Aron & Co.*,
    796 F. Supp. 95 (S.D.N.Y. 1992) ........................................................................................ 3

*In re Methyl Tertiary Butyl Ether Prods. Liab. Lit.*,
    No. MDL 1358 (SAS), 2008 WL 3172533 (S.D.N.Y. Aug. 4, 2008) ..................................... 23

*Int'l Cablevision, Inc. v. Sykes,*
   75 F.3d 123 (2d Cir. 1996)...................................................................................... 10

*J & J Sports Prods., Inc. v. Port Richmond Emporium Corp.,*
   No. 12 CV 4926(CLP), 2014 WL 692189 (E.D.N.Y. Feb. 21, 2014) .................................... 10

*Jacobs v. Carnival Corp.,*
   No. 06 CIV. 0606(DAB), 2009 WL 856637 (S.D.N.Y. Mar. 25, 2009) .......................... 17, 18

*Kelly v. L.L. Cool J.,*
   145 F.R.D. 32 (S.D.N.Y. 1992) .......................................................................... 16, 23

*Matthew Bender & Co. v. West Publ'g Co.,*
   158 F.3d 693 (2d Cir. 1998)................................................................................... 19

*Medina v. Bauer*, No. 02 CIV. 8837(DC),
   2004 WL 136636 (S.D.N.Y. Jan. 27, 2004) ................................................................ 4

*Merck & Co. v. Mediplan Health Consulting, Inc.,*
   425 F. Supp. 2d 402 (S.D.N.Y. 2006)...................................................................... 13

*Nassau County Association of Insurance Agents, Inc. v. Aetna Life & Cas. Co.,*
   497 F.2d 1151 (2d Cir. 1974)................................................................................ 22

*Netbula, LLC v. Chordiant Software, Inc.,*
   No. C 08-00019 JW, 2009 WL 750201 (N.D. Cal. Mar. 20, 2009) ........................................ 8

*Nielson v. Rabin,*
   746 F.3d 58 (2d Cir. 2014)..................................................................................... 3

*Ochre LLC v. Rockwell Architecture Planning & Design, P.C.,*
   No. 12 CIV. 2837 KBF, 2012 WL 6082387 (S.D.N.Y. Dec. 3, 2012)................................... 4

*Onwuka v. New York City Taxi Limousine Comm'n,*
   No. 10-CV-5399 (SLT)(LB), 2012 WL 34090 (E.D.N.Y. Jan. 6, 2012)................................... 4

*Ortho Sleep Prod., LLC v. Dreamy Mattress Corp.,*
   No. 11 CV 6049 CBA, 2012 WL 6621288 (E.D.N.Y. Aug. 29, 2012).................................... 8

*Papasan v. Allain,*
   478 U.S. 265 (1986)............................................................................................. 3

*Pilates, Inc. v. Current Concepts*,
   No. 96 CIV. 0043 (MGC), 1996 WL 599654 (S.D.N.Y. Oct. 18, 1996) ............................... 9

*Premium Sports Inc. v. Connell,*
   No. 10 Civ. 3753(KBF), 2012 WL 691891 (S.D.N.Y. Mar. 1, 2012)................................... 10

*Ritani, LLC v. Aghjayan,*
   970 F. Supp. 2d 232 (S.D.N.Y. 2013)....................................................................... 4

*Shapiro, Bernstein & Co. v. H.L. Green Co.,*
   316 F.2d 304 (2d Cir. 1963).................................................................................. 20

*Shostack v. Diller*, No. 15-CV-2255 GBD JLC,
   2015 WL 5535808, at *5 (S.D.N.Y. Sept. 16, 2015)....................................................... 9

*Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*,
    118 F.3d 955 (2d Cir. 1997) ................................................................... 8, 20

*Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*,
    588 F.3d 97 (2d Cir. 2009) ...................................................................... 15

*Warren v. John Wiley & Sons, Inc.*,
    952 F. Supp. 2d 610 (S.D.N.Y.2013) ...................................................... 7

*Zuffa, LLC v. Justin.tv, Inc.*,
    838 F. Supp. 2d 1102 (D. Nev. 2012) ...................................................... 10

## STATUTORY AUTHORITIES

15 U.S.C. § 1125 ................................................................................ 12, 13, 14, 15

17 U.S.C. § 101 ................................................................................... 16, 18

17 U.S.C. § 501 ................................................................................... 17

17 U.S.C. § 1201 ................................................................................. 12

29 U.S.C. § 2201 ................................................................................. 21

47 U.S.C. § 605(a) .............................................................................. 9, 10

N.Y. Gen. Bus. Law § 349 ................................................................... 20

## RULES AND REGULATIONS

Fed. R. Civ. P. 12 ................................................................................ *passim*

Fed. R. Civ. P. 20 ................................................................................ 21

# PRELIMINARY STATEMENT

This is a case that eight separate Russian TV broadcasters[1] filed against at least five separate and unrelated defendant groups,[2] with conclusory statements of law, and inadequate and vague factual allegations that, on the whole, group together and conflate unrelated defendants. Among other deficiencies, the Complaint does not approach (let alone clear) even the low bar of a "short and plain statement of the claim."

This brief is filed on behalf of defendants, Matvil Corp. d/b/a eTVnet ("Matvil Canada"), Matvil New York ("Matvil New York"), and Mikhail Gayster ("Gayster," and together with Matvil Canada and Matvil New York, the "Matvil Defendants") in support of the Matvil Defendants' motion to dismiss the complaint against the Matvil Defendants for failure to state a claim, and in the alternative to sever the case and order Joint Stock Company "Channel One Russia Worldwide" ("Channel One") to make a more definitive statement of its claims against the Matvil Defendants.

---

[1] Channel One, Closed Joint Stock Company "CTC Network" ("CTC"), Closed Joint Stock Company "TV DARIAL" ("TV DARIAL"), Closed Joint Stock Company "New Channel" ("New Channel"), Limited Liability Company "Rain TV-Channel"("Rain TV"), Limited Liability Company "Veriselintel" ("Veriselintel"), Open Joint Stock Company "ACCEPT" ("Accept"), and Limited Liability Company "Comedy TV" ("Comedy TV") (collectively, the "Plaintiffs").

[2] References to "Defendants" are to all of the defendants names in the Complaint – INFOMIR LLC ( www.infomirusa.com) ("Infomir"), PANORAMA ALLIANCE LP ("Panorama"), GOODZONE TV (www.gudzon.tv) ("Goodzone"), MATVIL CORPORATION d/b/a eTVnet (www.etvnet.com) ("Matvil Canada"), MIKHAIL GAYSTER, ("Gayster"), ACTAVA TV, INC. (www.actava.tv) ("Actava"), MASTER CALL COMMUNICATIONS, INC. ("Master Call Communications"), MASTER CALL CORPORATION ("Master Call"), and ROUSLAN TSOUTIEV.

Plaintiffs allege that their programming is being intercepted and rebroadcast by the Defendants via Internet protocol television ("IPTV") without authorization. The complaint makes bald allegations about conduct that is allegedly committed by "the Defendants."

Except for Channel One, all of the other Plaintiffs have dismissed their claims against the Matvil Defendants. (Dkt. Nos. 28, 29, 41, 86, 103.) As a result, only Channel One's allegations regarding the alleged conduct of the Matvil Defendants are relevant to this motion. Channel One's allegations, even when read in the light most favorable to Channel One, do not sufficiently allege any plausible claims against the Matvil Defendants.

When analyzing the allegations that can even arguably be attributed to each Matvil Defendant, in the light most favorable to Channel One, it is clear that Channel One has not adequately pleaded a cause of action against any of the Matvil Defendants.

## STATEMENT OF FACTS

Channel One is a television broadcaster whose channels have the largest audience in Russia.[3] (Dkt. No. 1, Compl. ¶ 26.) It "broadcasts a wide range of news, documentary, and feature film productions." (*Id.*) It also produces a number of other channels, including a version of Channel One that is produced for the U.S. market. (*Id.*)

Channel One alleges that Defendants (in a collective manner) improperly hack into their encrypted transmissions of its broadcasting, and then rebroadcast the transmissions to Defendant customers (also in a collective manner) to the detriment of Channel One. Except for a few instances, which will be addressed in the applicable sections below, Channel One conflates the Defendants as one collective group.

---

[3] The Matvil Defendants cite to the factual allegations of the Complaint as they are deemed true solely for purposes of a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6).

**ARGUMENT**

I.    **Legal Standard for Motion to Dismiss Pursuant to Rule 12(b)(6)**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). On a motion to dismiss, "the court must accept as true the factual allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff." *Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir. 1999) (quoting *Bolt Elec., Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir.1995)).

A motion to dismiss on these grounds should be granted unless the complaint contains "enough facts to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Nielson v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim.") (quoting *Iqbal*, 556 U.S. at 678).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"Although for the purposes of this motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegations." *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 413 (S.D.N.Y. 2010); *Haviland v. J. Aron & Co.*, 796 F. Supp. 95, 101 (S.D.N.Y. 1992) ("While we are mindful of our obligation to assume

the truth of [plaintiff's] factual obligations on a motion to dismiss, we need not credit his legal conclusions or the labels he has selected for the predicate acts.").

In order to state a claim that is facially plausible, the "allegations in a complaint must be complete enough to enable a reader to understand how *each* defendant was personally involved in the wrongdoing plaintiff is alleging." *Ritani, LLC v. Aghjayan*, 970 F. Supp. 2d 232, 246 (S.D.N.Y. 2013) (emphasis added); *Onwuka v. New York City Taxi Limousine Comm'n*, No. 10-CV-5399 (SLT)(LB), 2012 WL 34090, at *5 (E.D.N.Y. Jan. 6, 2012) ("Once plaintiff has provided a description of the events that give rise to this action, plaintiff should explain why he claims each of the defendants is liable").

Channel One must do more than "lump[] all the defendants together in each claim and provid[e] no factual basis to distinguish their conduct." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (affirming dismissal of action under Fed. R. Civ. P. 12(b)(6)); *see also Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*, No. 12 CIV. 2837 KBF, 2012 WL 6082387, at *6 (S.D.N.Y. Dec. 3, 2012), *aff'd*, 530 F. App'x 19 (2d Cir. 2013) ("This failure to isolate the key allegations against each defendant supports dismissal under the standards set forth in *Twombly* and *Iqbal*."); *Medina v. Bauer*, No. 02 CIV. 8837(DC), 2004 WL 136636, at *6 (S.D.N.Y. Jan. 27, 2004) ("By lumping all the defendants together and failing to distinguish their conduct, plaintiff's amended complaint fails to satisfy the requirements of Rule 8").

Channel One's complaint states legal conclusions, which the Court is not required to credit in any regard. When analyzing Channel One's factual allegations that can even arguably be read to apply to the Matvil Defendants, it is clear that they cannot state any viable claims against any of the Matvil Defendants.

## II.    All Claims Against Matvil New York Should be Dismissed

Channel One's allegations against Matvil New York lack any clarity, and simply contain conclusory statements without support.

While the caption for this action only identifies one entity, "Matvil Corporation d/b/a eTVnet ([www.etvnet.com](www.etvnet.com))," Channel One appears to assert undefined claims against two distinct entities, Matvil Canada and Matvil New York.

Without providing any basis, or even acknowledging that it is doing so, Channel One conflates the entities as one unit and does so in such a way that it is impossible to determine if the allegations are asserted against Matvil New York or Matvil Canada.  To the extent that Channel One may claim that the entities are one and the same, that assertion is not supported by its own pleading.

Channel One asserts that Matvil New York is a for profit organization that has a principal place of business in New York. (Compl. ¶ 58.)  Matvil New York was organized in New York in 2012 as a domestic business corporation. [4]  (Compl., Ex. 3.)

Channel One makes a conclusory statement that Matvil New York does business as eTVnet without providing any evidence to support that position.  (Compl. ¶ 58.)  To the contrary, Channel One makes the same allegations against Matvil Canada, which is a for profit organization with its principal place of business in Toronto, Canada.  Channel One alleges that this entity's name is "d/b/a eTVnet" and, in the same allegation that eTVnet owns and operates the website [www.etvnet.com](www.etvnet.com).  (Compl. ¶ 61.)

---

[4] Taking the allegations in the Complaint to be true, etvnet.com was founded in 2004 (Compl. ¶ 60) which is 8 years prior to the date that Matvil New York is alleged to have incorporated.

Channel One filed its request for issuance of a summons for eTVnet using the same address that it alleges in the Complaint is for Matvil Canada.  (Compare Dkt. No. 5 and Compl. ¶ 61.)[5]

As Matvil New York and Matvil Canada are distinct entities, Channel One must state a claim against each of them individually.

For the reasons discussed in Section IV, below, Channel One has not stated a claim against any of the Matvil Defendants.  However, taken in the light most favorable to Channel One, all of the allegations as to the Matvil Defendants relate to conduct associated with the website www.etvnet.com, which is owned and operated by Matvil Canada.

As Channel One has not asserted any conduct that could be attributed to Matvil New York, the claims against Matvil New York should be dismissed in their entirety.

### III.    All Claims Against Gayster Should be Dismissed

#### 1.    There Are No Allegations Sufficient for any Cause of Action Against Gayster

The only allegation specific to Gayster (an individual) is that he is the CEO of Matvil New York.  (Compl. ¶ 59.)  If Matvil New York is dismissed then Gayster should be dismissed accordingly.

Even if the Court does not dismiss the claims against Matvil New York, the claims against Gayster should be dismissed because Chanel One fails to state a plausible claim against Gayster.  Channel One asserts causes of action against Gayster personally but the Complaint does not assert any conduct attributable to Gayster that gives rise to any of the causes of action asserting in the Complaint.  Therefore, all claims against Gayster should be dismissed.

---

[5] Channel One requested a separate issuance of a summons against Matvil New York directed to the address identified in Matvil New York's registration with the state of New York.  (Dkt. No. 10.)

The only allegation that Channel One has pleaded specifically as to Gayster is that he is the CEO of Matvil New York. (Compl. ¶ 59.) In fact, except for the introductory paragraph defining the defendants, the only time Gayster is mentioned at all is in paragraph 59 of the Complaint.

An individual is not liable for the acts of the company unless the individual was actively involved in participating in the tortious activities in his own right. *Appalachian Enters., Inc. v. ePayment Sols., Ltd.*, No. 01 CV 11502 (GBD), 2004 WL 2813121, at *6 (S.D.N.Y. Dec. 8, 2004) (mere blanket statements that defendants are officers are not sufficient to state a cause of action against individual defendants). Thus, where there are no allegations as to how a specific defendant injured the plaintiff, the claims as to that defendant should be dismissed. *See Dove v. Fordham Univ.,* 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999) ("where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted") (quoting *Morabito v. Blum*, 528 F.Supp. 252, 262 (S.D.N.Y.1981)). A company's officer may be held liable for contributory liability, but only "if the officer is a moving, active conscious force behind [the defendant corporation's] infringement." *Warren v. John Wiley & Sons, Inc.,* 952 F. Supp. 2d 610, 619 (S.D.N.Y.2013) (quoting *Mattel, Inc. v. Robarb's, Inc.*, No. 00 Civ. 4866(RWS), 2001 WL 913894, at *8 (S.D.N.Y. Aug. 14, 2001)). "Where a complaint lacks any description of acts that could lead to the conclusion of direct copyright infringement, or allegations of authorization or participation that would indicate vicarious liability or contributory infringement, claims sounding in those theories must be dismissed." *Id.* (quotations, brackets and citation omitted).

Channel One has not pleaded that Gayster was actively involved in directing or controlling any of the alleged infringing activities, nor has Channel One alleged a direct and obvious financial benefit or that Gayster explicitly authorized the infringing conduct. *Id*. The only allegations that Channel One pleaded as to Gayster was that he is Matvil New York's CEO.[6] (Compl. ¶ 59.) That singular statement is woefully deficient to state any claim against Gayster. *Cf. Ortho Sleep Prod., LLC v. Dreamy Mattress Corp.*, No. 11 CV 6049 CBA, 2012 WL 6621288, at *5 (E.D.N.Y. Aug. 29, 2012), *report and recommendation adopted*, No. 11-CV-6049 CBA CLP, 2012 WL 6589208 (E.D.N.Y. Dec. 17, 2012) (denying a motion to dismiss because the complaint alleged that the corporate officers were direct participants in the alleged tortious conduct).

While Channel One has not pleaded any claim for vicarious liability for infringement, even if Channel One's claims against Gayster are deemed to assert vicarious liability, the singular allegation as to Gayster is still insufficient to state a claim. Simply being a CEO is not sufficient to establish personal liability for such conduct. The mere fact that a defendant is an officer and shareholder of an allegedly infringing corporation is "too attenuated" to show a "'direct' financial interest in the exploitation of copyrighted materials." *Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.,* 118 F.3d 955, 971 (2d Cir. 1997); *Netbula, LLC v. Chordiant Software, Inc.*, No. C 08-00019 JW, 2009 WL 750201, at *2 (N.D. Cal. Mar. 20, 2009) ("bare allegations that an individual was a corporate officer [in that case, a CEO] or member of a company's board of directors are insufficient" to state a claim for vicarious liability for copyright infringement).

---

[6] As discussed in section II, *supra*, Matvil New York is distinct from Matvil Canada, which Channel One alleges operates eTVnet.com. (Compl. ¶ 61.) Even if the Complaint is read to impute the alleged conduct relating to Matvil Canada or eTVnet.com against Gayster in his individual capacity, the result would be the same.

As Channel One has not pleaded any conduct sufficient to state a claim against Gayster, all claims against Gayster must be dismissed.

## 2. There is No Personal Jurisdiction Over Gayster

Channel One's claims against Gayster should also be dismissed for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

The only allegation linking Gayster to New York is that he is the CEO of Matvil New York. That alone is not sufficient for the Court to have personal jurisdiction over Gayster. *Pilates, Inc. v. Current Concepts*, No. 96 CIV. 0043 (MGC), 1996 WL 599654, at *3 (S.D.N.Y. Oct. 18, 1996) (granting motion to dismiss for lack of personal jurisdiction and found that mere allegation that a an individual controls a corporation – in that case its principal and president – is not sufficient to establish personal jurisdiction over that individual); *Shostack v. Diller*, No. 15-CV-2255 GBD JLC, 2015 WL 5535808, at *5 (S.D.N.Y. Sept. 16, 2015), *report and recommendation adopted*, No. 15CIV2255GBDJLC, 2016 WL 958687 (S.D.N.Y. Mar. 8, 2016) (same).

In addition to failing to make any allegations as to actions of Gayster, Channel One has not made any allegation that Gayster is a resident of New York.

Therefore, the claims against Gayster must be dismissed for lack of personal jurisdiction.

## IV. Channel One Has Failed to State a Claim Against the Matvil Defendants

### 1. Channel One Has Not Stated a Claim that the Matvil Defendants Made an Unauthorized Publication of Communications In Violation of the Communications Act

Plaintiffs, including Channel One, allege that all of the Defendants (as a collective), including the Matvil Defendants, have violated Section 605(a) of the Federal Communication

Act, 47 U.S.C. § 605(a) ("Section 605"). A party is found to violate Section 605(a) when it intercepts a radio communication without authorization and divulges it to another party.

The Second Circuit has interpreted Section 605 to include certain video signals that originated as a satellite signal. *Int'l Cablevision, Inc. v. Sykes*, 75 F.3d 123, 132 (2d Cir. 1996). A party cannot be liable for a violation of Section 605 if the party did not actually intercept a signal that it was not authorized to receive. *Zuffa, LLC v. Justin.tv, Inc.*, 838 F. Supp. 2d 1102, 1106-07 (D. Nev. 2012).

Channel One's cursory allegations as to the Matvil Defendants – which are not linked in any regard to any alleged unauthorized interception or distribution of Channel One's content – are not sufficient to support a finding of liability against the Matvil Defendants. *Premium Sports Inc. v. Connell*, No. 10 Civ. 3753(KBF), 2012 WL 691891, at *2 (S.D.N.Y. Mar. 1, 2012) ("The critical and dispositive legal point is that in order for there to be a violation of 47 U.S.C. § 605(a), there must be an 'interception' of a signal or transmission."); *J & J Sports Prods., Inc. v. Port Richmond Emporium Corp.*, No. 12 CV 4926(CLP), 2014 WL 692189, at *6 (E.D.N.Y. Feb. 21, 2014) ("Section 605 is violated only when a person 'both intercepts and divulges' the communication") (*citing Smith v. Cincinnati Post & Times–Star,* 475 F.2d 740, 741 (6th Cir. 1973)).

Plaintiffs' allegations as to the conduct regarding acquisition and distribution of each of the Plaintiffs' Channels are contained in paragraphs 86-89 of the Complaint.

By lumping the allegations asserted by all of the Plaintiffs, which are independent Russian broadcast networks, and conflating the conduct of the Defendants together, it is not possible to determine how each of the Matvil Defendants are purportedly involved in the

alleged wrongdoing, especially vis-à-vis Channel One, the only remaining plaintiff asserting causes of action against the Matvil Defendants.

The Complaint makes a conclusory allegation that "[u]pon information and belief, Defendants hack, capture or otherwise acquire without permission the encrypted signals of the Plaintiffs' Channels and transmit those signals to their servers which in turn stream the wrongfully acquired signals over IPTV to paying customers in this judicial district and elsewhere." (Compl. ¶ 86.) That does not adequately plead facts as to which of the Defendants are actually alleged to obtain which Plaintiff's signal.

As stated above, seven of the eight named Plaintiffs have dismissed the claims in their entirety against the Matvil Defendants. The only specific fact that Plaintiffs pleaded in support of their assertion that the Matvil Defendants may have been displaying any of Plaintiffs' content is a screenshot showing etvnet.com allegedly displaying the Rain TV channel. (Compl., Ex. 12.) On March 3, 2016, less than two weeks after the Plaintiffs filed the Complaint, Rain TV dismissed all claims against the Matvil Defendants. (Dkt. No. 29.)

Channel One itself makes no specific allegations as to the conduct of the Matvil Defendants. At the same time, Channel One makes specific allegations that defendants Actava and Panorama TV were in some manner redistributing Channel One's content without authorization. Relying on allegations relating to unrelated defendants is completely irrelevant to asserting that the Matvil Defendants have acted without authorization to obtain and distribute Channel One's content in violation of Section 605.

Channel One has failed to state a claim against the Matvil Defendants and Count One should therefore be dismissed.

## 2. Channel One Has Not Stated a Claim that the Matvil Defendants Violated the Anti-circumvention Provisions of the Digital Millennium Copyright Act

Plaintiffs, including Channel One, allege that all of the Defendants, including the Matvil Defendants, have violated the anti-circumvention provisions of the Digital Millennium Copyright Act. 17 U.S.C. § 1201(a)(1)(A) ("DMCA").

The anti-circumvention provision "aims against those who engage in unauthorized circumvention of technological measures. It focuses directly on wrongful conduct, rather than on those who facilitate wrongful conduct." *Dish Network L.L.C. v. World Cable Inc.*, 893 F. Supp. 2d 452, 464 (E.D.N.Y. 2012) (quotations and citations omitted); *Chamberlain Grp., Inc. v. Skylink Techs., Inc.*, 381 F.3d 1178, 1195 (Fed. Cir. 2004) (only defendants "who use [circumvention devices] may be subject to liability under § 1201(a)(1)").

As discussed with respect to Channel One's claim for a violation of Section 605, Channel One has made no allegations that the Matvil Defendants were circumventing or had circumvented technology in relation to Channel One's purported content. Further, the conclusory statement in the Complaint that tracks the language of the statute that all of the Defendants "hacked or otherwise circumvented" technology is not sufficient to allege a violation of the DMCA without some factual allegation.

Channel One has failed to state a claim against the Matvil Defendants and Count Two should therefore be dismissed.

## 3. Channel One Has Not Stated a Claim that the Matvil Defendants Committed Trademark Infringement Under Section 43 of the Lanham Act

Channel One alleges that the Matvil Defendants have infringed upon their trademarks in violation of Section 43(a) of the Lanham Act. 15 U.S.C. § 1125(a). To state a claim for trademark infringement, Channel One must adequately plead that 1) it has a valid trademark

entitled to protection in the United States and 2) that the Matvil Defendants use is likely to cause confusion. *See Merck & Co. v. Mediplan Health Consulting, Inc.*, 425 F. Supp. 2d 402, 410-411 (S.D.N.Y. 2006).

Channel One alleges that its trademarks as depicted in Paragraphs 26-31 are protected under the laws of the Russian Federation and therefore entitled to protection under the Lanham Act through the Paris Convention. (Compl. ¶ 110.)

Channel One has not pleaded sufficiently that the Matvil Defendants use their marks, let alone in a legally improper manner. And there is further no allegation of any likely confusion. The only explicit references as to the use of Channel One's trademarks are with respect to conduct by Actava (Compl. ¶ 87), Panorama TV (Compl. ¶ 89) and on the website moidom.tv (Compl. ¶ 111).

There are no allegations related to the Matvil Defendants. Certainly Channel One has made no allegation that the Matvil Defendants have any connection with, ownership of, control, or are otherwise affiliated with Actava, Panorama TV, or the website moidom.tv.

Channel One has failed to state a claim against the Matvil Defendants and Count Three should therefore be dismissed.

**4. Channel One Has Not Stated a Claim that the Matvil Defendants Committed False Advertising Under Section 43 of the Lanham Act**

Channel One alleges a cause of action against the Matvil Defendants for false advertising in violation of Section 43(a) of the Lanham, Act. 15 U.S.C. § 1125(a)(1)(A) provides a cause of action against

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which —

…

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

A claim for false advertising requires proof that the false representation of fact was made in "commercial advertising or promotion." *Id.* The Second Circuit has adopted a three-part test to determine whether statements constitute "commercial advertising or promotion" under the Lanham Act: "The statement must be (1) commercial speech; (2) for the purpose of influencing consumers to buy defendant's goods or services; and (3) although representations less formal than those made as part of a classic advertising campaign may suffice, they must be disseminated sufficiently to the relevant purchasing public." *Boule v. Hutton*, 328 F.3d 84, 90 (2d Cir. 2003) (holding that the defendant's statements to an art magazine questioning the authenticity of plaintiff's art collection was not commercial speech) (quoting *Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.*, 314 F.3d 48, 56 (2d Cir. 2002)); *Gmurzynska v. Hutton*, 355 F.3d 206, 211 (2d Cir. 2004) (affirming motion to dismiss applying the same standard).

Here, Channel One has not even attempted to plead the required elements of the claim. It pleads the legal statute and the only factual allegation it makes in support of this claim is by referencing two websites: one from defendant Goodzone TV (Compl., Ex. 15) and the other from defendant Panorama TV (Compl., Ex. 16). (Compl. ¶ 116.) There are no allegations that the Matvil Defendants own, operate, or are otherwise affiliated with defendants Goodzone TV or Panorama TV.

There are no allegations related to the Matvil Defendants advertising in any form, and certainly no allegations that further show any sort of misrepresentation required by 15 U.S.C. § 1125(a)(1)(B) in order to state a claim for false advertising in violation of the Lanham Act.

Channel One has failed to state a claim against the Matvil Defendants and Count Four should therefore be dismissed.

### 5. Channel One Has Not Stated a Claim that the Matvil Defendants have Tarnished Channel One's Purported Trademarks

Channel One alleges that the Matvil Defendants have tarnished its trademarks in violation of the Lanham Act, 15 U.S.C. § 1125(c)(2)(C). "Dilution by tarnishment is an association arising from the similarity between a mark or trade name and a famous mark that harms the reputation of the famous mark." *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 588 F.3d 97, 110 (2d Cir. 2009) (holding than an association between "Charbucks" and "Starbucks," coupled with a negative impression of the name "Charbucks," was insufficient to establish likelihood of dilution by tarnishment.").

As the Second Circuit explained: "A trademark may be tarnished when it is linked to products of shoddy quality, or is portrayed in an unwholesome or unsavory context, with the result that the public will associate the lack of quality or lack of prestige in the defendant's goods with the plaintiff's unrelated goods. A trademark may also be diluted by tarnishment if the mark loses its ability to serve as a 'wholesome identifier' of plaintiff's product." *Id.* (quoting *Hormel Foods Corp. v. Jim Henson Productions, Inc.*, 73 F.3d 497, 507 (2d Cir. 1996)). The famous mark must be one that is almost universally recognized by the general public in the United States. *Boarding Sch. Review, LLC v. Delta Career Educ. Corp.*, No. 11 CIV. 8921 DAB, 2013 WL 6670584, at *7 (S.D.N.Y. Mar. 29, 2013) (granting motion to dismiss where general allegations were not sufficient to plausibly plead the marks are famous to the general marketplace).

Channel One bases its claim for trademark tarnishment upon the alleged display of "Plaintiffs' logos, other marks and related content in the same line up as adult-only programming and broadcasting them together with adult content." (Compl. ¶ 120.)

As discussed above with regard to the other trademark-related causes of action, Channel One makes no allegation that the Matvil Defendants are displaying Channel One's marks at all, much less that they are doing so without authorization. For this count, there is simply the unsupported, bald assertion, which lumps all of the unrelated defendants together, and which somehow allegedly associates Channel One's marks with adult content.

Further, the Complaint alleges harm only in that "Certain of Plaintiffs' Channels are intended for and marketed to a general audience." (Compl. ¶ 121.) It is unclear which channels are alleged to be so intended, whether those channels are sufficiently famous to be entitled to protection under the Lanham Act, and whether they are channels of Channel One or of one of the other eight Plaintiffs (who do not have any pending case against the Matvil Defendants).

Channel One has failed to state a claim against the Matvil Defendants and Count Five should therefore be dismissed.

6.  **Channel One Has Not Stated a Claim that the Matvil Defendants have Infringed Channel One's Purported Copyrights**

Channel One alleges that the Matvil Defendants have directly infringed upon Plaintiffs' copyrights in violation of the Copyright Act, 17 U.S.C. § 101, et. seq. "A properly pleaded copyright infringement claim must allege 1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by what acts during what time the defendant infringed the copyright." *Kelly v. L.L. Cool J.,* 145 F.R.D. 32, 35-36

(S.D.N.Y.1992). Channel One argues that it is not required to register the copyrights in question (Compl. ¶ 126). Matvil in no way concedes this point, but will leave this argument for a future motion. However, the remaining requirements for a copyright infringement case are indisputably required here, and are not met. Further, the allegations must include specificity as to each and every defendant. *Jacobs v. Carnival Corp.*, No. 06 CIV. 0606 (DAB), 2009 WL 856637, at *5 (S.D.N.Y. Mar. 25, 2009) (dismissing allegations against defendants where the complaint made "sweeping, blanket" assertions).

Channel One has not adequately pleaded the specific works that are the subject of the claim, that they own the copyright in those works, and by what acts and during what time the Matvil Defendants are alleged to have infringed. *See Calloway v. Marvel Entertainment Group*, No. 82 Civ. 8697, 1983 WL 1141, at *3 (S.D.N.Y. June 30, 1983) (dismissing plaintiff's claims for failure to comply with the requirements of Rule 8(a), where the complaint failed, inter alia, to specify the dates on which the alleged infringements occurred). Even if Channel One were the author or original copyright holder of the content in Russia, they have not adequately pleaded that they have standing at this time to enforce such rights in the United States.

That is especially a concern where Channel One implicitly acknowledges that such rights may be properly held by one or more of Channel One's "parents, subsidiaries, licensees or affiliates." (*E.g.* Compl. ¶¶ 127, 129, 131, 132, 133, 134.) The Copyright act limits infringement suits to "the legal or beneficial owner of an exclusive right under a copyright." 17 U.S.C. § 501(b). In Paragraph 130 of the complaint, Plaintiffs (as a whole) allege that they have some exclusive rights to the copyrighted works (as a whole), but there is no allegation that they have such exclusive rights in the United States. For Channel One, this purported

exclusivity as pleaded in Paragraph 130 is directly contradicted by Paragraph 32, wherein Channel One pleaded that it "has entered into license agreements with one or more third parties to distribute its programs via IPTV in the United States." (Compl. ¶ 32.)

Further, Channel One pleaded that that it may have licensed the content "for exhibition." (Compl. ¶ 129.) Channel One provides no details as to the terms of those licenses, or if, *e.g.*, such licenses may be exclusive for exhibition in the United States. Such a license would deprive Channel One of standing.

By couching the allegations in such a vague and ambiguous manner, Channel One has not pleaded any of the required elements for a cause of action against the Matvil Defendants for copyright infringement. *Jacobs*, 2009 WL 856637, at *6. Substantial questions exist as to whether Channel One is the exclusive rights holder for the content in question (though, as discussed below, it is unclear what content is actually in question).

Even assuming some copyright protection applies, Channel One can still not state a claim for copyright infringement as to the Matvil Defendants.

As discussed above, while Channel One has pleaded facts specific to Actava and Panorama TV with respect to Channel One's content, it has pleaded no facts as to the Matvil Defendants. These bare allegations are not sufficient to state a claim against the Matvil Defendants and Count Six should therefore be dismissed.

### 7. Channel One Has Not Stated a Claim that the Matvil Defendants are Liable for Secondary Copyright Infringement

Channel One makes conclusory allegations that the Matvil Defendants have committed secondary copyright infringement against it. 17 U.S.C. § 101, et seq.

For the same reasons that Channel One could not properly state a cause of action for copyright infringement, it has not stated a cause of action against the Matvil Defendants for secondary copyright infringement.

Furthermore, Channel One again conflates the Defendants together by alleging that they are each liable through the "creation, maintenance and operation of" the websites "www.infomirusa.com, www.mypanorama.tv, www.etvnet.com, www.actava.tv, and www.gudzone.tv." (Compl. ¶ 141.) Channel One has made no assertion that the Matvil Defendants are in any way connected to any of the other Defendants, so their conduct cannot be imputed to the Matvil Defendants.

With respect to the Matvil Defendants, the bare assertion that tracks the language of three judicially created doctrines of secondary copyright infringement, specifically that Defendants "induce, contribute to, and are vicariously liable for any copyright infringement committed by their subscribers or other persons," without more, is insufficient to state a claim. *See Arista Records LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 422-423 (S.D.N.Y. 2011) (outlining the doctrines of secondary copyright infringement).

Channel One cannot meet the pleading requirements for stating a claim for contributory infringement against the Matvil Defendants. In the Second Circuit, to establish a claim for contributory copyright infringement, the plaintiff must allege that the defendant "with knowledge of the infringing activity, induce[d], cause[d], or materially contribute[d] to the infringing conduct of another." *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971); *see also Matthew Bender & Co. v. West Publ'g Co.*, 158 F.3d 693, 706 (2d Cir. 1998).

To state a claim for vicarious infringement, a plaintiff must allege that the defendant had a "right and ability to supervise [that] coalesce[d] with an obvious and direct financial interest in the exploitation of copyrighted materials."  *Shapiro, Bernstein & Co. v. H.L. Green Co.*, 316 F.2d 304, 307 (2d Cir. 1963); *see also Softel*, 118 F.3d at 971.  Here, Channel One makes only conclusory assertions, attempting to mirror the legal standard, that the oversight of the websites somehow makes them responsible for the conduct.  That conclusory allegation is insufficient to state a claim of vicarious liability.

Channel One cannot state a claim for a cause of action against the Matvil Defendants as to secondary copyright infringement and Count Seven should be dismissed.

### 8. Channel One Has Not Stated a Claim that the Matvil Defendants are Liable for a Violation of New York General Business Law § 349

The Matvil Defendants incorporate by reference the arguments that Infomir set forth in its motion to dismiss with regarding to Count Eight.  (Dkt. No. 63 at 19-21.)

Channel One has not alleged any facts as to the Matvil Defendants that support a violation of trademark or copyright law, and certainly not pleaded that there is an "extra element" that would give rise to liability under this statute.

Channel One has failed to state a claim against the Matvil Defendants and Count Eight should therefore be dismissed.

### 9. Channel One Has Not Stated a Claim against the Matvil Defendants for Unfair Competition and Common Law Infringement

The Matvil Defendants incorporate by reference the arguments that Infomir set forth in its motion to dismiss with regarding to Count Nine.  (Dkt. No. 63 at 21-22.)

Channel One has failed to state a claim against the Matvil Defendants and Count Nine should therefore be dismissed.

**10. Channel One is Not Entitled to a Declaratory Judgment**

Channel One seeks a declaratory judgment, pursuant to 29 U.S.C. § 2201, *et. seq.*
stating that it is the exclusive right holder to the Programming and Channels in the United
States.

For the reasons stated above, the specific details of the Programming and Channels are
vague and ambiguous, and on that reason alone, Channel One has not pleaded a sufficient
cause of action for a Declaratory Judgment. If there is no clarity as to the specific
Programming and Channels to which Channel One is asserting to be the exclusive rights
holder, Matvil cannot even make a determination as to if would to oppose Channel One's
request.

However, as discussed in section IV.6, supra, the allegations in Channel One's
complaint regarding copyright infringement makes it appear that Channel One, by itself, and
not with any "parents, subsidiaries, licensees or affiliates" may not be the exclusive rights
holder. Therefore, Channel One's request for a Declaratory Judgment should be denied.

**V.     If the Court Does Not Grant the Motion to Dismiss as to all Three of the Matvil
         Defendants, it Should Sever the Case Against Any Remaining Matvil Defendants
         and Order Channel One to Make a More Definite Statement as to Any
         Remaining Causes of Action**

**1.   Pursuant to Federal Rule 21, the Claims Against the Matvil Defendants at Least
       Must be Severed**

A permissive joinder of defendants is proper in a case where "(A) any right to relief is
asserted against them jointly, severally, or in the alternative with respect to or arising out of the
same transaction, occurrence, or series of transactions or occurrences; and (B) any question of
law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). For
joinder to be proper, both criteria must be met, and the plaintiff bears the burden of

demonstrating that joinder is proper. *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 159 (S.D.N.Y. 2009).

Misjoinder of defendants occurs where a plaintiff fails to show a connection between the allegations against the defendants in one action. *See Nassau County Association of Insurance Agents, Inc. v. Aetna Life & Cas. Co.*, 497 F.2d 1151, 1154 (2d Cir. 1974) (finding misjoinder under Rule 20(a)(2) where the plaintiff failed to allege a connection between the allegedly unlawful "practices engaged in by each of the 164 defendants"). "[W]here, as here, the plaintiff does no more than assert that the defendants merely commit[ed] the same type of violation in the same way, it does not satisfy the test for permissive joinder in a single lawsuit pursuant to Rule 20." *Digital Sins, Inc. v. John Does 1-245*, No. 11 CIV. 8170 CM, 2012 WL 1744838, at *2 (S.D.N.Y. May 15, 2012) (internal quotations omitted).

In assessing whether joinder is proper, the Court "must accept the factual allegations in a plaintiff's complaint as true." *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 159 (S.D.N.Y. 2009). However, even accepting as true all of the allegations in the complaint, there is no allegation whatsoever that the defendants have any joint, several, or alternative liability for the causes of action alleged. There are no allegations that defendants worked together in any way, or of any common "transaction, occurrence, or series of transactions or occurrences," as required by Federal Rule 20(a)(2)(A). This is a classic case of alleging that defendants have committed the same type of violation – not that there was a common string of actions bringing all of the defendants together.

This case, in this instance involving only one plaintiff, Channel One, but against several unrelated defendants, must be severed from the action involving eight plaintiffs against several unrelated defendants.

## 2. There are Numerous, Vague Allegations Possibly Unrelated to Channel One and/or the Matvil Defendants, Which Requires a More Definite Statement

Rule 12(e) provides relief from a complaint that is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). A district court has discretion to grant a motion for more definite statement to pare down "shotgun pleadings" or where it would otherwise be "unreasonable to require defendant to respond." *In re Methyl Tertiary Butyl Ether Prods. Liab. Lit.*, No. MDL 1358 (SAS), 2008 WL 3172533, at *1 (S.D.N.Y. Aug. 4, 2008); *Kelly*, 145 F.R.D. at 37.

If the Court declines to dismiss all of Channel One's claims, in addition to severing the case as to the remaining Matvil Defendants, the Court should require Channel One to provide a more definite statement of each surviving claim, including:

- Identify all Programming and Channels to which Channel One asserts an exclusive right, including without limitation, copyrights and trademarks, including specific details as to the basis of Channel One's rights therein;

- Identify the specific conduct as to Matvil Canada, Matvil New York, and/or Gayster that Channel One alleges supports Channel One's claims against the Matvil Defendants; and

- Provide information tying Channel One's various factual allegations to particular causes of action and parties so that the Matvil Defendants are not left to guess which allegations might support which claim.

## CONCLUSION

For the foregoing reasons, the Matvil Defendants respectfully request that the Court grant the motion to dismiss the claims against them, and in the alternative, that the Court grant the Matvil Defendants request to 1) sever the case of Channel One against the remaining

Matvil Defendants from the case of the nine plaintiffs against the other defendants, and 2)

order Channel One to make a more definitive statements as to the allegations, if any, which

relate to the Matvil Defendants and any surviving causes of action.

Dated: August 29, 2016

Respectfully Submitted,

**LEWIS BAACH PLLC**

By: _____/s David G. Liston_____
     David G. Liston
     Anthony M. Capozzolo
     Alex G. Patchen
     Ari J. Jaffess
     The Chrysler Building
     405 Lexington Avenue, 62nd Floor
     New York, NY 10174
     Tel: (212) 826-7001
     David.Liston@lewisbaach.com
     Anthony.Capozzolo@lewisbaach.com
     Alex.Patchen@lewisbaach.com
     Ari.Jaffess@lewisbaach.com

     *Attorneys for Defendants, Matvil Corp.,*
     *d/b/a eTVnet, Matvil Corp., and*
     *Mikhail Gayster*