UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
JOINT STOCK COMPANY "CHANNEL ONE
RUSSIA WORLDWIDE," CLOSED JOINT
STOCK COMPANY "CTC NETWORK,"
CLOSED JOINT STOCK COMPANY "TV
DARIAL," CLOSED JOINT STOCK COMPANY
"NEW CHANNEL", LIMITED LIABILITY
COMPANY "RAIN TV-CHANNEL," LIMITED
LIABILITY COMPANY "VERISELINTEL,"
OPEN JOINT STOCK COMPANY "ACCEPT",
AND LIMITED LIABILITY COMPANY
"COMEDY TV,"

       Plaintiffs,

  -against-

INFOMIR LLC, PANORAMA TV, GOODZONE
TV, MATVIL CORPORATION d/b/a eTVnet,
MIKHAIL GAYSTER, ACTAVA TV, INC.,
MASTER CALL COMMUNICATIONS, INC.,
MASTER CALL CORPORATION, ROUSLAN
TSOUTIEV, AND John Does 1-50,

       Defendants.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER
16 Civ. 1318 (GBD) (BCM)

GEORGE B. DANIELS, United States District Judge:

  Plaintiffs Joint Stock Company Channel One Russia Worldwide, Closed Joint Stock Company CTC Network, Closed Joint Stock Company TV DARIAL, Closed Joint Stock Company New Channel, Limited Liability Company Rain TV-Channel, Limited Liability Company Veriselintel, Open Joint Stock Company ACCEPT, and Limited Liability Company Comedy TV (collectively, "Plaintiffs"), filed this action on February 19, 2016, against Defendants Infomir LLC ("Infomir"), Panorama TV, Goodzone TV ("Goodzone"), Matvil Corporation d/b/a Ethnic Television Network, Mikhail Gayster, Actava TV Inc., Master Call Communications, Inc., Master Call Corporation, Rouslan Tsoutiev, and John Does 1-50, alleging unauthorized interception and

re-broadcasts of foreign language television programming over the internet in violation of federal and state law. (Compl., ECF No. 1.) Defendants Infomir and Goodzone filed separate motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (ECF Nos. 66, 82.) On each occasion, Plaintiffs filed cross-motions for leave to amend the Complaint. (ECF Nos. 78, 88.)

This matter was referred to Magistrate Judge Barbara Moses. (ECF No. 35.) Before this Court is Magistrate Judge Moses' Report and Recommendation, ("Report," ECF No. 181),[1] recommending that this Court grant Plaintiffs' motions for leave to amend the Complaint and deny Defendants' motions to dismiss as moot.[2] (*Id.* at 11.) This Court is satisfied that the Report contains no clear error of law and adopts the Report in full.

## I. LEGAL STANDARD

This Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. *See* 28 U.S.C. § 636(b)(1)(C). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (internal citation omitted).

Magistrate Judge Moses advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 47-48); *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). No party has filed objections.

---

[1] The relevant procedural and factual background is set forth in greater detail in the Report and is incorporated herein.

[2] In the alternative, the Report recommends that Counts One, Two, Five, Six, and Seven be dismissed as to both moving Defendants, that Counts Three and Four be dismissed as to Defendant Infomir, and that Plaintiffs be given leave to replead the dismissed counts within 21 days. (Report, at 47.) Because this Court adopts the Report's recommendation to grant leave to amend and deny Defendants' motions to dismiss as moot, the Report's alternative recommendation is not applicable.

## II. LEAVE TO AMEND

The Report properly granted Plaintiffs' motion to amend its Complaint under Fed. R. Civ. P. 15(a)(2), which provides that a court "should freely give leave [to amend] when justice so requires." Amendments promote the purpose of pleading, which is to reach a proper decision on the merits. *See Conley v. Gibson*, 355 U.S. 41, 48 (1957). Granting leave to amend is "within the sound discretion of the trial court." *Bay Harbour Mgmt., LLC v. Carothers*, 474 F. Supp. 2d 501, 502 (S.D.N.Y. 2007) (citing *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990)). A court may deny leave to amend for "good reason," such as "undue delay, bad faith, futility of amendment, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Report correctly found that Plaintiffs' motion to amend would not cause undue delay because Plaintiffs filed the motion twenty-four days after Infomir filed its motion to dismiss and before any Defendant answered the Complaint. (Report at 9.) Moreover, the Report accurately found no undue prejudice because the parties are far from trial, no Defendant has answered, no Rule 16 conference has been held, and no discovery deadlines have been established. (*Id.*) Furthermore, the Report correctly found no evidence of bad faith, as Plaintiffs moved to amend the Complaint promptly upon reviewing Defendants' motions to dismiss. (*Id.* at 10.) Finally, the Report accurately found that the amendment would not be futile, as two of the pled counts are adequately pleaded and any deficiencies in the remaining counts are potentially remediable. (*Id.* at 11.)

## III. MOTIONS TO DISMISS

The Report properly held that Infomir's and Goodzone's motions to dismiss should be denied as moot. (*Id.*) There is no clear error in Magistrate Judge Moses' findings given the early posture of the case. *See Hamzik v. Off. for People with Developmental Disabilities*, 859 F. Supp.

3

2d 265, 273-74 (N.D.N.Y. May 15, 2012) (citing *Roller Bearing Co. of Am. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008) ("where a plaintiff seeks to amend his complaint while a motion to dismiss is pending, a court 'has a variety of ways in which it may deal with the pending motion to dismiss, from denying the motion as moot to considering the merits of the motion in light of the amended complaint'"). *See also Michael Miller Fabrics, LLC v. Studio Imps. Ltd., Inc.*, 2012 WL 4513546, at *2 (S.D.N.Y. Oct. 1, 2012); *W.B. David & Co. v. De Beers Centenary AG*, 2005 WL 3704690, at *2 (S.D.N.Y. Sept. 2, 2005) (denying as moot motions to dismiss after granting cross-motion for leave to amend).

## IV. CONCLUSION

Plaintiffs' cross motions for leave to amend the Complaint are GRANTED and Defendants' motions to dismiss are DENIED are moot. Plaintiffs have 21 days to file an amended complaint.

The Clerk of Court is directed to close the motions at ECF Nos. 66, 78, 82 and 88.

Dated: New York, New York
March 27 2017

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

4