**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STOCK COMPANY "CHANNEL ONE
RUSSIA WORLDWIDE," CLOSED JOINT
STOCK COMPANY "CTC NETWORK,"
CLOSED JOINT STOCK COMPANY "TV
DARIAL," CLOSED JOINT STOCK COMPANY
"NEW CHANNEL," LIMITED LIABILITY
COMPANY "RAIN TV-CHANNEL," LIMITED
LIABILITY COMPANY "VERISELINTEL,"
OPEN JOINT STOCK COMPANY "ACCEPT,"
and LIMITED LIABILITY COMPANY
"COMEDY TV,"

        Plaintiffs,

   -against-

INFOMIR LLC, PANORAMA TV, GOODZONE
TV, MATVIL CORPORATION d/b/a eTVnet,
MIKHAIL GAYSTER, ACTAVA TV, INC.,
MASTER CALL COMMUNICATIONS, INC.,
MASTER CALL CORPORATION, ROUSLAN
TSOUTIEV, and JOHN DOES 1-50,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM DECISION
AND ORDER**
16 Civ. 1318 (GBD) (BCM)

GEORGE B. DANIELS, United States District Judge:

  Plaintiffs Joint Stock Company Channel One Russia Worldwide, Closed Joint Stock Company CTC Network, Closed Joint Stock Company TV DARIAL, Closed Joint Stock Company New Channel, Limited Liability Company Rain TV-Channel, Limited Liability Company Veriselintel, Open Joint Stock Company ACCEPT, and Limited Liability Company Comedy TV (collectively, "Plaintiffs"), filed this action on February 19, 2016, against Defendants Infomir LLC, Panorama TV, Goodzone TV, Matvil Corporation d/b/a Ethnic Television Network, Mikhail Gayster, Actava TV Inc., Master Call Communications, Inc., Master Call Corporation, Rouslan Tsoutiev, and John Does 1-50, alleging unauthorized

interception and re-broadcasts of foreign language television programming over the internet in violation of federal and state law. (Compl., ECF No. 1.) Defendant Panorama Alliance LP ("Panorama" or "Defendant")[1] filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. (Def. Mot. to Dismiss ("Def. Mot."), ECF No. 108.)

This matter was referred to Magistrate Judge Barbara Moses. (ECF No. 35.) Before this Court is Magistrate Judge Moses' Report and Recommendation, ("Report," ECF No. 197), recommending that this Court deny Defendant's motion to dismiss. (*Id.* at 35.)[2] This Court is satisfied that the Report contains no clear error of law and adopts the Report in full.

## I. LEGAL STANDARD

This Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. *See* 28 U.S.C. § 636(b)(1)(C). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

Magistrate Judge Moses advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 35); *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). No party has filed objections.

---

[1] Pursuant to Fed. R. Civ. P. 21, the Complaint was deemed amended to name Panorama Alliance LP as a defendant in place of Panorama TV. (ECF No. 95.)

[2] The relevant procedural and factual background is set forth in greater detail in the Report and is incorporated herein.

2

## II. MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

The Report properly recommended that Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12 (b)(2) be denied. To resolve personal jurisdiction disputes, courts determine "whether the defendant is subject to jurisdiction under the law of the forum state—here New York . . . [and] whether the exercise of personal jurisdiction over the defendant comports with the Due Process Clause of the United States Constitution." *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014).

The Report correctly found that Panorama is subject to specific jurisdiction under N.Y. C.P.L.R. § 302(a)(1),[3] which "provides for jurisdiction over a non-domiciliary where (1) the defendant 'in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state,' so long as (2) the cause of action 'aris[es] from' that business transaction," *Peeq Media, LLC v. Buccheri*, No. 16 Civ. 5292, 2016 WL 5947295, at *2 (S.D.N.Y. Oct. 13, 2016) (alterations in original) (citing *Licci ex rel. v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 60 (2d Cir. 2012)), "such that there is an 'articulable nexus' between the cause of action and the business activity." *Sound Around Inc. v. Audiobahn, Inc.*, No. 07 Civ. 773, 2008 WL 5093599, at *4 (E.D.N.Y. Nov. 24, 2008) (citing *Credit Lyonnais Sec. (U.S.A.), Inc. v. Alcantara*, 183 F.3d 151, 153 (2d Cir. 1999)). Panorama purposefully conducted business in New York through its transactions with Asaf Yevdayev, an authorized dealer in New York, by selling him multiple subscriptions to Panorama's IPTV services through Panorama's website, www.mypanorama.tv ("the Website"), over the course of four to five years. (Report at 21); *see Knight-McConnell v. Cummins*, No. 03 Civ. 5035, 2005 WL 1398590, at *2

---

[3] In the alternative, with respect to Plaintiffs' trademark and copyright claims, the Report also found specific jurisdiction in New York pursuant to § 302(a)(2), which authorizes personal jurisdiction over a non-domiciliary who "commits a tortious act within the state." (Report at 30.)

(S.D.N.Y. June 13, 2015) (citing *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 564-67 (S.D.N.Y. 2000)) ("Depending on their nature, a defendant's contacts with New York via the internet can provide a basis for jurisdiction under section 302(a)(1)"). Furthermore, Plaintiffs' causes of action against Panorama arise from Panorama's activities in New York, as Yevdayev's purchase of IPTV subscriptions from Panorama through the Website grants him password enabled-access to video programming streamed from Plaintiffs' channels and displaying Plaintiffs' trademarks, without Plaintiffs' authorization. (Report at 23.)

The Report also found that exercising personal jurisdiction complies with federal due process standards. (*Id.* at 31.) To establish personal jurisdiction over a defendant, due process requires a plaintiff to show "(1) that a defendant has 'certain minimum contacts' with the relevant forum, and (2) that the exercise of jurisdiction is reasonable in the circumstances." *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 168-69 (2d Cir. 2015) (quoting *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013)). Panorama's contacts with New York satisfy the minimum contacts requirement, as its bulk sales of IPTV subscriptions through its Website to Yevdayev, a New York resident, together with Panorama's identification of Yevdayev's business as an "authorized dealer" for Panorama, constitute purposeful availment and gives Panorama reason to foresee being haled into court in New York. (Report at 33.) *See Eades*, 799 F.3d at 191 ("[m]inimum contacts necessary to support . . . jurisdiction exist where the defendant purposefully availed itself of the privilege of doing business in the forum and could foresee being haled into court there.") Moreover, personal jurisdiction in New York is reasonable even though Defendant may be subject to some financial burden by litigating in New York, since it "can be mitigated by telephonic and electronic communication and is insufficient to render the exercise of jurisdiction constitutionally unreasonable." *John Wiley & Sons v.*

4

*Treeakarabenjakul*, No. 09 Civ. 2108, 2009 WL 1766003, at *8 (S.D.N.Y. June 18, 2009). Personal jurisdiction over the defendant comports with due process.

### III. CONCLUSION

Defendant's motion to dismiss is DENIED. The Clerk of Court is directed to close the motion at ECF No. 108.

Dated: New York, New York
March 30, 2017

MAR 3 0 2017

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

5