

**DUNNINGTON**
**BARTHOLOW & MILLER LLP**

ATTORNEYS AT LAW

250 Park Avenue | New York, NY 10177 | Telephone: 212.682.8811 | www.dunnington.com | rdowd@dunnington.com

December 20, 2017

**VIA ECF**
Hon. Barbara Moses
United States Courthouse
500 Pearl Street, 20A
New York, NY 10007-1312

      Re:    Joint Stock Company "Channel One Russia Worldwide," et al. v. Infomir, LLC et al. (16-cv-1318) (GBD) (BCM)

Dear Judge Moses:

      We write to respectfully request that the order dated December 20, 2017 (ECF 478) be reconsidered and vacated because we believe it to be erroneous for two main reasons.

      *First,* the case that the Court relies on stands for the proposition that "the cost of a certified translator, if necessary, shall be borne by the party intending to proffer the witness at trial." *Garcia v BAE Cleaners Inc.,* 10 CIV 7804 KBF, 2011 WL 6188736, at *4 [SDNY Dec. 12, 2011]. We believe that Gregory Davidzon is the true party or controls the true party in interest and is evading service. Your Honor granted us leave to effect alternative service on Davidzon which we have done. (ECF 432). Sam Katsman was proffered by defendant Goodzone as a Rule 30(b)(6) witness purportedly to contest issues of fact raised in the pleadings and did so via an English-language affidavit. We believe that Mr. Katsman is simply a smokescreen to hide Davidzon and to hide documents and information relating to Goodzone's financial and other activities. Thus, applying the logic of *Garcia,* Goodzone should be paying the cost of the translator that the witness they are proffering claims to require.

      *Second,* there is a much more important and fundamental reason that the Court should vacate its order. Because Mr. Katsman's English-language testimony has been proffered to the Court, Broadcasters are entitled to cross-examine Mr. Katsman in English as a fundamental element of due process. Mr. Nussbaum chose to open the door, he can't close it now. Limiting or impeding cross-examination "calls into question the ultimate "integrity of the fact-finding process" and requires that the competing interest be closely examined." *Chambers v Mississippi,* 410 US 284, 295, 93 S Ct 1038, 1046, 35 L Ed 2d 297 (1973). Here, counsel for Goodzone, Mr. Nussbaum, has made no showing that Katsman is not a fluent English speaker, has given no explanation for Katsman signing a declaration in English, and has given no reason that the Court

Hon. Barbara Moses
December 20, 2017
Page 2



should tie counsel's hands in examining Katsman on his English-language testimony.  Mr. Nussbaum has not even bothered to deny that Katsman's English is fluent.  While Mr. Nussbaum may regret having proffered Mr. Katsman's English-language declaration, the Court should not unfairly shield Mr. Katsman from legitimate fact-finding.

      This is a civil action in which Broadcasters have established intellectual property rights that Goodzone has infringed.  Broadcasters have submitted specific, admissible evidence showing Goodzone's infringement.  Goodzone has not shown that it has a license to broadcast the programming or proffered any valid defense.  Broadcasters' motion for security pursuant to Local Rule 54.1 (ECF 383) remains pending and the costs of providing translators on an expedited basis may be excessive and therefore prejudicial to Broadcasters.  The costs for translators are recoverable under the Court Interpreters Act, 28 U.S.C.A. § 1920(6).  Broadcasters have secured an interpreter for the fee of $115 per hour.  Thus, if the equities are to be weighed, the equities should be weighed in favor of Broadcasters.

      Given the lack of any record supporting limitations on Broadcasters' right to confront Mr. Katsman on his English-language testimony, it is respectfully requested that the order be vacated as a matter of fundamental fairness and that Katsman directed to answer questions in English.

      Respectfully submitted,

      s/Raymond J. Dowd