**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Joint Stock Company "Channel One Russia Worldwide," Closed Joint Stock Company "CTC Network," Closed Joint Stock Company "TV DARIAL," Closed Joint Stock Company "New Channel," Limited Liability Company "Rain TV-Channel," Limited Liability Company and Limited Liability Company "Comedy TV,"<br><br>        Plaintiffs,<br><br>   -against-<br><br>INFOMIR, LLC, et al.<br><br>        Defendants. | Civil Action No. 1:16-cv-01318 (GBD)(BCM) |

---

**DEFENDANT INFOMIR, LLC'S BRIEF IN OPPOSITION TO PLAINTIFFS' OBJECTION TO THE APRIL 25, 2018 DISCOVERY ORDER, REPORT AND RECOMMENDATIONS OF MAGISTRATE MOSES**

---

                BERKOWITZ, LICHTSTEIN, KURITSKY,
                GIASULLO & GROSS, LLC
                75 Livingston Avenue
                Roseland, NJ  07068
                Tel.: 973-325-7800
                Fax.: 973-325-7930
                Attorneys for Defendant Infomir, LLC

On the Brief: Stewart M. Leviss, Esq.
       Evan Silagi, Esq.

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

LEGAL ARGUMENT ....................................................................................................................3

    I.       Plaintiffs' Cross Motion For Summary Judgment Was Properly Denied...............3

          A.  Infomir, LLC is Entitled to Full Discovery on its Copyright Misuse Defense.......4

          B.  Factual Questions Regarding Kartina TV and Dune HD's Conduct Preclude Summary Judgment on Infomir, LLC's Copyright Misuse Defense ......................7

          C.  Infomir, LLC Has Pleaded a Valid Defense of Copyright Misuse. ........................8

    II.      Magistrate Moses Properly Ordered Production of Discovery Regarding Paralegal Investigator Vidulich's Investigation Prior to Vidulich's Deposition. ....................11

    III.     The Security Measures Which Plaintiffs Consider "Industry Standards" Were Properly Ordered To Be Produced Given Plaintiffs' Claim That Defendants Fail To Utilize "Reasonable" Security Measures ................................................................14

    IV.     The Court Should Reject Plaintiffs' Request To Engage In Management Of Magistrate Moses' Management of Discovery .......................................................16

CONCLUSION..............................................................................................................................17

# TABLE OF AUTHORITIES

### Cases

AF Holdings, LLC v. Olivas, 2013 WL 4456643 (D. Conn. Aug. 16, 2013) .............................. 10
Arista Records, LLC v. Doe 3, 604 F.3d 110 (2d Cir. 2010) ..................................................... 11
Assessment Techs. of WI, LLC v. WIREdata, Inc., 350 F.3d 640 (7th Cir. 2003) ........................ 9
Coach, Inc. v. Kmart Corps., 756 F.Supp.2d 421 (S.D.N.Y. 2010) ............................................. 5
Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589, 113 S. Ct. 2786 (1993) .................... 15
Hellstrom v. U.S. Dep't of Veterans Affairs, 201 F.3d 94 (2d Cir. 2000) ...................................... 5
In re Pfizer Inc. Sec. Litig., 819 F.3d 642 (2d Cir. 2016) ............................................................ 15
Int'l Motor Contest Ass'n, Inc. v. Staley, 434 F. Supp. 2d 650 (N.D. Iowa 2006) .................... 9, 10
Lasercomb Am., Inc. v. Reynolds, 911 F.2d 970 (4th Cir. 1990) ............................................. 8, 9
Lava Records, LLC v. Amurao, 354 F. App'x 461 (2d Cir. 2009) ................................................ 5
Lumetrics, Inc. v. Bristol Instruments, Inc., 101 F. Supp. 3d 264 (W.D.N.Y. 2015) .................... 5
Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292 (2d Cir. 2003) ............................................ 5
Nat'l Cable Television Ass'n, Inc. v. Broad. Music, Inc., 772 F. Supp. 614 (D.D.C. 1991) .......... 9
Omega S.A. v. Costco Wholesale Corp., 776 F.3d 692 (9th Cir. 2015) ........................................ 9
Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship, 507 U.S. 380 (1993) ...................... 7
Practice Mgmt. Info. Corp. v. Am. Med. Ass'n, 121 F.3d 516 (9th Cir. 1997) .............................. 8
qad. inc. v. ALN Associates, Inc., 770 F. Supp. 1261 (N.D. Ill. 1991) ........................................ 10
Reliability Research Inc. v. Computer Associates Int'l, Inc., 793 F. Supp. 68 (E.D.N.Y. 1992) 6, 8
Saks Inc. v. Attachmate Corp., 2015 WL 1841136 (S.D.N.Y. Apr. 17, 2015) ........................... 5, 7
UMG Recordings, Inc. v. Lindor, 531 F. Supp. 2d 453 (E.D.N.Y. 2007) .................................... 10
Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc., 342 F.3d. 191 (3d. Cir 2003) . 7, 9

### Other Authorities

RAYMOND J. DOWD, COPYRIGHT LITIGATION HANDBOOK(2016 Ed.)......................................... 4, 7

### Rules

Fed. R. Civ. P. 26................................................................................................... 11, 14, 15
Fed. R. Civ. P. 56............................................................................................................... 3
Fed. R. Civ. P. 72............................................................................................................... 6
Fed. R. Evid. 801 ............................................................................................................. 15
L.R. 56.1 ............................................................................................................................ 3

**PRELIMINARY STATEMENT**

Infomir, LLC[1] submits this brief in opposition to plaintiffs' Objections to Discovery Order and Report and Recommendation of Magistrate Moses dated April 25, 2018, and in support of Infomir, LLC's limited objection to the report.

Led by Russian government-controlled plaintiff, Channel One Russia[2], plaintiffs improperly employ this "objection" to Magistrate Moses' Discovery Order and Report and Recommendation[3] as a vehicle to reopen virtually every aspect of the litigation. Plaintiffs' six-page preliminary statement constitutes an unfocused missive regarding: (1) plaintiffs' prior motion for summary judgment (which plaintiffs voluntarily withdrew after it was fully briefed[4]); (2) plaintiffs' pending motion for fees against a defaulting defendant and that defendant's former counsel (which has nothing to do with any of the defendants remaining in the case); and (3) plaintiffs' demand for an immediate ruling on their (meritless) motion for a cost bond which was fully briefed only two weeks ago.[5] None of these issues are addressed in the subject Order, and none are presently before the District Court.

Plaintiffs are not paying legal fees and are therefore unconcerned with the economic considerations that normally inform litigation decisions.[6] Plaintiffs' mode of operation has been to dispute every ruling, contest the sufficiency of every discovery response, rely upon 'alternative facts' and non-authoritative sources for authority,[7] and lob inflammatory insults at defendants and

---

[1] Plaintiffs' on-going efforts to conflate defendant Infomir, LLC, a New York entity, with non-parties including the separate, independent entity Telecommunications Technologies, LTD ("TT") and individuals Alexander Marakhovsky and Evgeni Levitin, are settled as being just wrong. Plaintiffs voluntarily dismissed Marakhovsky, Levitin and TT from the litigation in December, 2017. ECF 492.
[2] ECF 577 at n.1. See also Exh. 2 to Declaration of Evan Silagi, Esq., Sindeeva T. 50:15-20.
[3] ECF 569.
[4] ECF 581-1, T. 127:14-129:9.
[5] See ECF 581, plaintiffs' final submission in support of their 54.2 Motion, filed on May 9, 2018.
[6] Discovery has revealed that defendants' competitor, non-party Kartina TV, not plaintiffs, is paying plaintiffs' legal costs and fees in this litigation. ECF 576 at n.1.
[7] Plaintiffs have cited the court to "Wikipedia" nearly two dozen times over the course of this action.

1

their counsel.[8]  The present application reflects a continuation of that strategy and is nothing more than a sour grapes demand for a 'do-over' on Magistrate Moses' careful discovery management.

This filing is likely animated by the recent (embarrassing) debunking of plaintiffs' purported 'smoking gun' evidence of defendants' 'piracy' - a demonstration whereby an iPad owned by plaintiffs' counsel 'magically' displayed unlicensed versions of Russian television broadcasts immediately after an application was opened.  This claim was revealed to be a mere sleight of hand in open Court.[9]  However, a representative from each plaintiff has "affirmed" that bogus demonstration as the primary factual basis for their claims against Infomir, LLC.  There is zero evidence in support of plaintiffs' allegations against Infomir, LLC.[10]  Yet plaintiffs remain willfully blind to the fact that Infomir, LLC is a distributor of content neutral IPTV set top receiver devices, which does not intercept, broadcast, stream or sell any programming or subscriptions to any programming.  No amount of obstruction of Infomir, LLC's right to legitimate discovery (which is the purpose of this objection) will change that dispositive fact.

The District Court should affirm the Discovery Order and Report and Recommendation of Magistrate Moses, except as to the limited clarifications discussed herein.

---

[8] Such as plaintiffs' recent baseless accusation that this law office engaged in "international money laundering" (See ECF 566, p. 4).

[9] See ECF 581-2, T. 77:7-80:20.  In fact, Christopher Vidulich, a paralegal at plaintiffs' counsel's law firm, pre-loaded plaintiffs' counsel's iPad with a password and subscription information obtained from a non-party and unrelated content provider, which told the computer where to go, making it appear as though an application that had been downloaded to the iPad opened directly to the content.

[10] Magistrate Moses strongly cautioned plaintiffs regarding the legal impropriety of relying on a default judgment entered against certain defaulting defendants as a factual predicate for establishing liability against the remaining defendants.  ECF 581-1, T. 58:6-13 (THE COURT: Footnote on that, please do not assume that you are entitled to use that default judgment made without any actual litigation of the merits as if it were a merits determination binding on non-defaulting defendants.  MR. BLAUSTEIN: Very good, Your Honor.).  Nevertheless, and in absence of any substantive evidence against Infomir, LLC, plaintiffs have persisted in advancing that fallacious line of reasoning.

## LEGAL ARGUMENT

### I.   Plaintiffs' Cross Motion For Summary Judgment Was Properly Denied.

Magistrate Moses properly denied, as procedurally improper, plaintiffs' unauthorized "cross-motion" for summary judgment on Infomir, LLC's defense of copyright misuse, because the motion was unsupported by a Statement of Undisputed Material Facts in violation of Fed. R. Civ. P. 56 and L.R. 56.1, prejudicing Infomir, LLC.[11]  That ruling is substantively correct as well.

By Order dated February 12, 2018, Magistrate Moses set a letter-briefing schedule for Infomir, LLC to address an outstanding *discovery dispute* concerning plaintiffs' relationship with Kartina TV and Dune HD.[12]  Infomir, LLC's letter motion was to be filed before February 23, 2018 "based on the present discovery record." Id.  Plaintiffs were to file opposition by March 9, 2018. Id.  Infomir, LLC's letter brief sought:

- All documents constituting or arising out of any agreement among plaintiffs, Kartina TV and/or Dune HD relating the present lawsuit; and

- All communications with Kartina TV and Dune HD referencing or referring to this lawsuit or any party to this lawsuit.[13]

On March 9, 2018, plaintiffs filed a letter response, which not only addressed discovery issues, but also purported to "cross-move" for summary judgment on Infomir, LLC's copyright misuse defense.[14]  Plaintiffs' purported "cross-motion" contained no statement of undisputed material facts and did not otherwise comply with Fed. R. Civ. P. 56(c) or L.R. 56(a)(1).  The exhibits attached to plaintiffs' letter constituted a befuddling array of unverified hearsay documents printed

---

[11] ECF 569, §2.
[12] ECF 524, §7(e).
[13] ECF 535.
[14] ECF 538.

off of the internet, and not admissible evidence.[15] On March 15, 2018, the Court permitted Infomir, LLC, to file a short reply letter-brief "limited to two pages[16]" to address the summary judgment issue, as well as the other issues raised in the briefing.[17]

Magistrate Moses granted Infomir, LLC's discovery motion in part,[18] and recommended that plaintiffs' summary judgment motion be denied as unsupported by any factual record.[19] This ruling recognizes that summary judgment on Infomir, LLC's copyright misuse defense should not be addressed *ad hoc* in the context of an expedited discovery dispute, but should be preserved for the summary judgment phase of the case at the conclusion of discovery.[20] The District Court should affirm that determination.

### A. Infomir, LLC is Entitled to Full Discovery on its Copyright Misuse Defense.

Plaintiffs Object to Section 2 of Magistrate Moses' Report and Recommendation denying plaintiffs' procedurally improper "cross-motion" for summary judgment with respect to Infomir, LLC's affirmative defense of copyright misuse.[21] The District Court should affirm that decision.

While Magistrate Moses properly denied summary judgment,[22] Magistrate Moses voiced a concern that Infomir, LLC's copyright misuse defense is deficient because it does not allege a

---

[15] Plaintiffs' latest summary judgment motion (ECF 547, et seq.) was not before the Court at the April 19, 2018 Discovery Conference, is not yet fully briefed, and has not been decided. Plaintiffs' *ex post facto* attempt to import that submission into Magistrate Moses' decision regarding their earlier cross-motion at ECF 538 should be rejected.
[16] ECF 542.
[17] ECF 543.
[18] Magistrate Moses ruled that Infomir, LLC is entitled to "all non-privileged communications and other documents created by, received from, sent to, or discussed with Kartina concerning the factual allegations set forth in the First Amended Complaint" (ECF 5, §1).
[19] ECF 569, §2
[20] ECF569 at 3, n1.
[21] ECF 569, §2.
[22] Summary judgment should only be granted "[i]f ***after discovery***, the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." Hellstrom v. U.S. Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2000) (emphasis in original). Accordingly, "[o]nly in the rarest of cases may summary judgment be granted against a [party] who has not been afforded the opportunity to conduct discovery." Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 303–04 (2d Cir. 2003).

"tying arrangements or other pre-filing anti-competitive conduct."[23]  As discussed below, Magistrate Moses' characterization of the copyright misuse defense is too narrow and fails to consider conduct which is violative of the public policy embodied in the grant of a copyright.[24]

Magistrate Moses' comments were not in the context of ruling on a pending motion and are therefore non-dispositive of the issue, but even if a formal ruling had occurred it would be reviewable *de novo* by the District Court.[25]  "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.[26]"  The District Court should direct that Infomir, LLC is entitled to conduct full discovery on its copyright misuse defense before a determination is made on the merits.  See Reliability Research Inc. v. Computer Associates Int'l, Inc., 793 F. Supp. 68, 69 (E.D.N.Y. 1992) ("*Even when the defense [copyright misuse] presents a purely legal question,* the courts are very reluctant to determine *disputed or substantial issues of law* on a motion to strike; these questions quite properly are viewed as determinable only after discovery and a hearing on the merits.") (emphasis in original).

"Copyright misuse" is a recognized defense to copyright infringement and has been identified by plaintiffs' own counsel, Raymond Dowd, Esq., as a "defense commonly arising in copyright litigation."  RAYMOND J. DOWD, COPYRIGHT LITIGATION HANDBOOK, § 13:27 (2016 Ed.).  "Generally, the doctrine of copyright misuse bars copyright owners from recovering for infringement where they have extended the scope of their copyrights to control areas outside of

---

[23] ECF 569 at 2.
[24] See discussion at Section II(C) infra.
[25] Fed. R. Civ. P. 72(b).
[26] Id.

their copyright monopoly." Lumetrics, Inc. v. Bristol Instruments, Inc., 101 F. Supp. 3d 264, 269 (W.D.N.Y. 2015) (citing Coach, Inc. v. Kmart Corps., 756 F.Supp.2d 421, 428 (S.D.N.Y. 2010)).[27]

Here, plaintiffs are engaging in copyright misuse by colluding with their partners (Kartina TV and Dune HD[28]) to disrupt the IPTV set top box receiver marketplace within the United States, including by commencing and knowingly prosecuting factually and legally vacant "secondary copyright infringement" claims against Infomir, LLC, for the primary purpose of damaging Infomir, LLC's reputation and forcing it out of business -- win or lose. Plaintiffs' anticompetitive agreement and abuse of the judicial system to control a non-copyrightable device marketplace violates the public policy underlying copyright law and grants the Court an equitable basis to deny plaintiffs' claims.[29]

The District Court should direct that a determination regarding the applicability of the copyright misuse defense is premature, and Infomir, LLC is entitled to additional discovery regarding the nature and extent of plaintiffs' admitted collusion with Kartina TV[30] and Dune HD before a determination is made whether their conduct constitutes copyright misuse.

---

[27] Copyright misuse is recognized within the Second Circuit, as it is across the federal judiciary. See Lava Records, LLC v. Amurao, 354 F. App'x 461, 463 (2d Cir. 2009) (recognizing copyright misuse as a defense to an infringement claim, but not an affirmative claim); Saks Inc. v. Attachmate Corp., 2015 WL 1841136, at *13 (S.D.N.Y. Apr. 17, 2015) ("While the Second Circuit Court of Appeals has never formally endorsed the affirmative defense of copyright misuse, a number of district courts in this circuit have refused to strike such a defense, so **it is incorrect to suggest that this defense is not recognized in this Circuit.**") (emphasis added).

[28] Infomir, LLC and Dune HD are direct competitors that distribute functionally identical products and services within the IPTV receiver market. (See ECF 302, ¶¶19-24).

[29] Infomir, LLC, continues to oppose plaintiffs' copyright claims on the merits, without prejudice to its right to assert copyright misuse in the unlikely event that it is determined be liable to plaintiffs.

[30] See note 6 supra.


### B. Factual Questions Regarding Plaintiffs, Kartina TV and Dune HD's Conduct Preclude Summary Judgment on Infomir, LLC's Copyright Misuse Defense.

"The copyright misuse doctrine extends from the equitable principle that courts may appropriately withold their aid where the plaintiff is using the right asserted contrary to public interest." RAYMOND J. DOWD, COPYRIGHT LITIGATION HANDBOOK, § 13:27 (2016 Ed.) (citing Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc., 342 F.3d. 191 (3d. Cir 2003)); See also Saks Inc. v. Attachmate Corp., 2015 WL 1841136, at *13 (S.D.N.Y. Apr. 17, 2015) ("the defense of copyright misuse is a species of, unclean hands, and finds its origin in the equitable defense of unclean hands."). Equitable determinations are to be made by the Court after "taking account of all relevant circumstances…" See generally Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship, 507 U.S. 380, 395 (1993).

As pleaded in Infomir, LLC's Answer to the First Amended Complaint, plaintiffs are engaging in copyright misuse by attempting to leverage their purported[31] unregistered and unidentified foreign copyrights to force Infomir, LLC from the IPTV set top box market in the United States, and thereby allow plaintiffs' partners, Kartina TV and/or Dune HD, to enter a favorable market devoid of lawful competition.[32] Infomir, LLC's initial suspicions that Kartina TV was steering this lawsuit, because the lawsuit was filed on the same day lead-plaintiff Channel One announced a partnership with Kartina TV[33], have been confirmed as true. **Kartina TV (not plaintiffs) is funding this litigation on behalf of plaintiffs on a non-recourse basis**.[34] Moreover,

---

[31] It does not appear that plaintiffs' have any copyrights which are enforceable under United States law, and that plaintiffs copyright claims will fail on their own merits. (See ECF 572, 577). Moreover, even if plaintiffs could prove valid copyrights (which they cannot), plaintiffs would still be unable to demonstrate that Infomir, LLC (a content neutral hardware distributor) violates, misuses or otherwise infringes plaintiffs' purported copyrights -- it does not. (ECF 299-303).
[32] ECF 251.
[33] ECF 302 ¶¶17-41.
[34] Silagi Decl., Exh. 2, Sindeeva T. 56:3-12 (Q. Is Kartina paying all of Rain's legal fees in this matter?; A. Rain, yes); Exh. 3, Kostyuk T. 25:8-14 (A. The legal bills are being being by Kartina and this is within the framework an agreement that was reached between Kartina and CTC media); Exh. 4, Shprekher T. 22:3-6 (Q. Is Kartina paying for

7

Infomir, LLC has confirmed that Kartina TV selected plaintiffs' counsel on plaintiffs' behalf.[35] It appears Kartina TV is directing plaintiffs' entire vexatious litigation strategy.[36] Historically, Kartina TV is a known bad actor, which has been sued for "piracy" of Russian television broadcasts in Germany, Australia and Canada -- including a lawsuit filed in this Court.[37] There is substantial evidence that Kartina TV is presently engaged in "pirate" broadcasting of plaintiffs' content within the United States in violation of its purported licenses.[38] Plaintiffs have obscured that information throughout two years of litigation.

Given the equitable nature of the copyright misuse defense and the substantial evidence of plaintiffs' misconduct already in the record, Infomir, LLC should be granted an opportunity to conduct full discovery and present all relevant facts to the Court before it determines whether plaintiffs are engaging in copyright misuse warranting equitable intervention. See, e.g., Reliability Research Inc. v. Computer Associates Int'l, Inc., 793 F. Supp. 68, 69 (E.D.N.Y. 1992).

### C. Infomir, LLC Has Pleaded a Valid Defense of Copyright Misuse.

The affirmative defense of copyright misuse focuses on whether plaintiffs' conduct violates the "public policy" underlying copyright law. See Lasercomb Am., Inc. v. Reynolds, 911 F.2d 970, 978 (4th Cir. 1990) ("The question is not whether the copyright is being used in a manner violative of antitrust law ... but whether the copyright is being used in a manner violative of the public policy embodied in the grant of a copyright."). The Magistrate's distinction between plaintiffs' pre-suit and post-suit wrongful conduct implicitly, and incorrectly, imports the *Noerr-*

---

any portion on Channel One's legal fees in this case? A. As far as I know, yes, a portion of it, it's quite possible that they pay for it.); Exh. 5, Chistov T. 59:11-17 (A. Yes that's correct, I don't know who pays exactly, Dune, Kartina, or maybe we take a part of the financial. I don't know).

[35] See Silagi Decl., Exh 2, Sindeeva T. 58:5-11; Exh. 4, Shprekher T. 21:22-22:2.
[36] ECF 413, p.8-15; 572, p.1-2, summarizing plaintiffs' litigation misconduct to date.
[37] Declaration of Evan Silagi, Esq. ("Silagi Decl.") Exh. 1.
[38] See, Silagi Decl., Exh. 6, Exh 5, Chistov T. 173:5-25; Exh. 4, Shprehker T. 96:13- 97:12.

8

*Pennington* "sham litigation[39]" standard, applicable to affirmative antitrust ***claims***, into the copyright misuse ***defense***. See Practice Mgmt. Info. Corp. v. Am. Med. Ass'n, 121 F.3d 516, 521 (9th Cir. 1997), amended, 133 F.3d 1140 (9th Cir. 1998) ("We also reject the [plaintiff's] argument that the *Noerr–Pennington* doctrine immunized its actions. Because [defendant] need not establish an antitrust violation, we need not consider the [plaintiff's] antitrust defenses."); Int'l Motor Contest Ass'n, Inc. v. Staley, 434 F. Supp. 2d 650, 662–63 (N.D. Iowa 2006) ("[copyright misuse] affirmative defenses simply do not run afoul of *Noerr–Pennington* immunity from *liability*.").

The scope of the "copyright misuse" defense is broader than antitrust law, because the focus is on whether "the copyright is being used in a manner violative of the public policy embodied in the grant of a copyright."  See Lasercomb Am., Inc. v. Reynolds, 911 F.2d 970, 978 (4th Cir. 1990) ("a misuse need not be a violation of antitrust law in order to comprise an equitable defense to an infringement action"); Omega S.A. v. Costco Wholesale Corp., 776 F.3d 692, 700 (9th Cir. 2015) ("to cloak itself in copyright misuse's protective armament here, [defendant] is not required to demonstrate that [plaintiff's] use of its copyrighted Globe Design violates antitrust law."); Video Pipeline, 342 F.3d at 206 ("…we extend the patent misuse doctrine to copyright, and recognize that it might operate beyond its traditional anti-competition context"); Nat'l Cable Television Ass'n, Inc. v. Broad. Music, Inc., 772 F. Supp. 614, 652 (D.D.C. 1991) (in the absence of an antitrust violation "plaintiffs must otherwise show that BMI somehow illegally extended its monopoly or otherwise violated the public policy underlying copyright law."); See also Assessment Techs. of WI, LLC v. WIREdata, Inc., 350 F.3d 640, 647 (7th Cir. 2003) ("The argument for applying copyright misuse beyond the bounds of antitrust, besides the fact that confined to antitrust the doctrine would be redundant, is that for a copyright owner to use an

---

[39] See generally Hirschfeld v. Spanakos, 104 F.3d 16, 19 (2d Cir. 1997) (describing *Noerr-Pennington* doctrine).

9

infringement suit to obtain property protection, here in data, that copyright law clearly does not confer, hoping to force a settlement or even achieve an outright victory over an opponent that may lack the resources or the legal sophistication to resist effectively, is an abuse of process."); AF Holdings, LLC v. Olivas, 2013 WL 4456643, at *3 (D. Conn. Aug. 16, 2013) ("By alleging *a pattern of unsubstantiated, virtually identical suits followed by Plaintiff's solicitation of settlement* Defendant asserts facts that *may support a copyright misuse claim*.") (emphasis added). These cases were not addressed by Magistrate Moses when she suggested that the copyright misuse is confined to the antitrust context.[40]

Substantial evidence exists that plaintiffs, and their lawsuit-funding partner, Kartina TV, are engaging in copyright misuse by abusing the judicial process for the primary purpose of damaging Infomir, LLC's business to Kartina TV's benefit.[41] On the merits, plaintiffs are attempting to enforce legally invalid, purported "copyrights" in unidentified, unregistered, foreign television broadcasts.[42] Plaintiffs have refused to provide discovery to identify these programs, relying instead on their purported "neighboring rights" under Russian law -- a category of rights which are not recognized under United States copyright law.[43] Plaintiffs have willfully ignored

---

[40] Reliance on UMG Recordings, Inc. v. Lindor, 531 F. Supp. 2d 453, 458-59 (E.D.N.Y. 2007) is misplaced (See ECF 569, §1). UMG held that plaintiffs did not commit copyright misuse by "collectively bringing infringement lawsuits" to artificially enhance their market power. While it is true in this case that plaintiffs have pooled their alleged copyrights to gain market power -- that is not the basis of Infomir, LLC's misuse defense. Rather, Infomir, LLC alleges that plaintiffs are using their alleged "copyrights" as a weapon on behalf of non-parties and non-copyright holders Kartina TV and Dune HD to interfere with the competitive marketplace for IPTV set top box receivers in the United States.

[41] See, e.g., qad. inc. v. ALN Associates, Inc., 770 F. Supp. 1261, 1267 (N.D. Ill. 1991), aff'd, 974 F.2d 834 (7th Cir. 1992) ("Here [plaintiff's] misuse was even more egregious: It used its copyright to sue [defendant] and to restrain it from the use of material over which [plaintiff] itself had no rights. *That is a misuse of both the judicial process and the copyright laws*") (emphasis added); Int'l Motor Contest Ass'n, Inc. v. Staley, 434 F. Supp. 2d 650, 654 (N.D. Iowa 2006) (Finding the copyright misuse defense to be adequately pleaded and discovery warranted where defendant alleged "[t]hat the complaint … has been brought not to protect any claimed copyright [plaintiff] owns or claims to own, but [to] *harass, oppress and damage the Defendants and to force the Defendants out of business or to coerce the Defendants into selling [their] businesses to the Plaintiff…."*) (emphasis added).

[42] Plaintiffs' legal failure to establish valid copyright ownership is set forth at ECF 572, 577.
[43] Id.

the demonstrated fact that Infomir, LLC, distributes content neutral IPTV receiver boxes (not IPTV content) which are functionally identical to the products distributed by other entities -- notably including Dune HD.[44] Despite the absence of any legitimate expectancy of a victory on the merits, plaintiffs' intra-litigation conduct has been characterized by bad faith, misrepresentation and vexatious tactics, both inside and outside of the courthouse, designed to damage the business of Infomir, LC.[45] These facts are sufficient to plead and support Infomir, LLC's defense that plaintiffs' malicious prosecution of this lawsuit for anticompetitive purposes violates the public policy of the copyright law constituting copyright misuse.

Infomir, LLC respectfully requests that the District Court order discovery to proceed regarding plaintiffs' agreements and communications with Kartina TV and Dune HD regarding this lawsuit, to further uncover the scope of that misconduct.

## II. Magistrate Moses Properly Ordered Production of Discovery Regarding Paralegal Investigator Vidulich's Investigation Prior to Vidulich's Deposition.

Plaintiffs object to Magistrate Moses' Order requiring them to "produce Christopher Vidulich, a paralegal in the employ of their counsel, for deposition" as well as the underlying documents from Vidulich's investigations of certain devices and IPTV broadcasts.[46] Vidulich's deposition was compelled by subpoena dated April 12, 2018, but has not occurred. The challenged Order concerns non-dispositive discovery matters and is reviewed only for "clear error." Fed. R. Civ. P. 72(a) ("the district judge in the case must consider timely objections and modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law."); Arista Records, LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010) ("Matters concerning discovery generally are considered 'nondispositive' of the litigation.").

---

[44] See ECF 299-303.
[45] The nature of plaintiffs' litigation misconduct is summarized at ECF 413, p.8-15 and ECF 572, p.1-2.
[46] ECF 569, §4.

11

As the Court is aware, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" Fed. R. Civ. P. 26(b)(1).  Vidulich's deposition is relevant and proportionate for the reasons set forth in Magistrate Moses' written Order, on the record during the April 19, 2018 Discovery Conference[47] and in the parties' written submissions,[48] which are incorporated herein.  Plaintiffs' objections are facially deficient because they have conceded that Vidulich is a central fact witness in their case, and it would be highly prejudicial to shield him from proper discovery:

> MR. BLAUSTEIN: **we made Mr. Vidulich a fact witness when we commenced this action in 2016**.[49]

In fact, Plaintiffs have submitted ***numerous***[50] affidavits by Vidulich, consisting of hundreds of pages of sworn testimony and documentary exhibits describing his piracy "investigations," as the primary factual basis for their claims against Infomir, LLC -- from the inception of the case[51] to lead-plaintiff Channel One's pending Motion for Partial Summary Judgment.[52]  Even those factual allegations that do not directly rely on Vidulich's affidavits, indirectly incorporate and "affirm"

---

[47] ECF 581-2, T. 90:1-100:24.
[48] ECF 566, §3.
[49] ECF 581-2 T: 93:4-94:10 (emphasis added).
[50] See, e.g., Declaration of Christopher Vidulich dated March 23, 2018 (ECF 549) (submitted in support of Channel One's Motion for Partial Summary Judgment); Affidavit of Christopher Vidulich dated May 2, 2018 (ECF 579-5); Affidavit of Christopher Vidulich dated June 24, 2016 (ECF 211-15) (submitted in support of plaintiffs' First Amended Verified Complaint); Affidavit of Christopher Vidulich dated January 31, 2017 (ECF 211-17) (submitted in support of plaintiffs' First Amended Verified Complaint); Affidavit of Christopher Vidulich dated May 12, 2017 (ECF 261); (Second) Affidavit of Christopher Vidulich dated May 12, 2016 (ECF 55-5); Affidavit of Christopher Vidulich dated June 23. 2017 (ECF 307); Affidavit of Christopher Vidulich dated May 10, 2017 (CHANNELONE00095-104); (Second) Affidavit of Christopher Vidulich dated May 10, 2017 (CHANNELONE000111-129); (Third) Affidavit of Christopher Vidulich dated May 10, 2017 (CHANNELONE000130-141); (Fourth) Affidavit of Christopher Vidulich dated May 10, 2017 (CHANNELONE000142-160); (Fifth) Affidavit of Christopher Vidulich dated May 10, 2017 (CHANNELONE000186-206); (Sixth) Affidavit of Christopher Vidulich dated May 10, 2017 (CHANNELONE000207-225); (Seventh) Affidavit of Christopher Vidulich dated May 10, 2017 (CHANNELONE000226-248); Affidavit of Christopher Vidulich dated May 16, 2017 (CHANNELONE000249-252); Affidavit of Christopher Vidulich dated February 22, 2017 (CHANNELONE000253-303); Undated Declaration of Christopher Vidulich (ECF 528-3).
[51] See ECF 80.
[52] See ECF 547.

his investigation.[53] As stated above, plaintiffs' counsel concedes that Vidulich is a "fact witness" in the case by virtue of his extensive testimony.

Vidulich is not protected from deposition because he is a "paralegal" in plaintiffs' counsel's office in addition to being presented as an "investigator." As stated in Magistrate Moses' Order: "Plaintiffs have filed a series of declarations executed by Vidulich – most recently on March 23, 2018 (Dkt. No. 549), in support of Channel One's motion for partial summary judgment against Infomir – in which Vidulich describes the investigations he has conducted into defendants' systems and services. The matters covered by those declarations cannot be protected from discovery by the work product doctrine.[54]" As Magistrate Moses noted: "once you put [Vidulich] out there as a fact witness -- which you have done multiple times -- once you have him sign affidavits on the merits of this case, *you have a sword and shield problem. You can't now say that's the only piece of fact you're going to be able to get from him*.[55]"

Lastly, plaintiffs' "waiver" argument is simply wrong. The February 9, 2018, colloquy referenced in plaintiffs' brief was expressly without prejudice to the parties' right to seek additional discovery:

> MR. BLAUSTEIN: And Your Honor, our offer still stands. If we're skipping over anything here today and there's a subsequent specific tender of what either defendant is looking for, we will entertain that in an effort to avoid having to go through this the second time.
>
> MR. SILAGI: And we appreciate that, Your Honor.[56]

---

[53] See e.g. Affidavit of Alexander Shprekher, ECF 550 ("I have reviewed …the Affidavits of Christopher Vidulich …. I affirm that the facts stated therein are true."). Additionally, a representative of each plaintiff has submitted a similar Affidavit "affirming" Vidulich's investigation, which plaintiffs' counsel represents will support anticipated future summary judgment motions.

[54] ECF 569, §4.
[55] ECF 581-2, T. 93:4-20 (emphasis supplied).
[56] ECF 581-1, T. 98:10-15. See also Id. at 122:1-2 (MR. SILAGI: And that's all we're going to ask *for today*.) (emphasis added).

13

There was no "waiver" of any right to discovery. The Court should affirm Magistrate Moses' April 25, 2018 Discovery Order with respect to Sections Three and Four.

### III. The Security Measures Which Plaintiffs Consider "Industry Standards" Were Properly Ordered To Be Produced Given Plaintiffs' Claim That Defendants Fail To Utilize "Reasonable" Security Measures.

Plaintiffs' Amended Complaint begins:

> "Defendants fail to take reasonable antipiracy security measures in manufacturing the [IPTV set top boxes] and in distributing software consistent with industry standards".[57]

The question of what constitutes "reasonable antipiracy security measures" was introduced to this civil action by plaintiffs and discovery into that issue is well within the scope of Fed. R. Civ. P. 26(b)(1). Plaintiffs nonetheless objected to Infomir, LLC's inquiries into what security measures plaintiffs consider "reasonable." In considering plaintiffs' objection, Magistrate Moses astutely inquired of plaintiffs' counsel:

> Wouldn't it be reasonable to - unless there is some prepackaged definition that you can point to – wouldn't it be reasonable to look to your client's own practices in the industry, what they require of others to determine what is and isn't reasonable?[58]

> True to form, Plaintiffs' response was "No. Because…[59]"

Magistrate Moses' ruling on this issue was actually more favorable to plaintiffs than to defendants, requiring plaintiffs only to provide the "non-privileged documents in their possession, custody or control concerning the 'industry standards' to which they claim Infomir fails to adhere.[60]" The court reserved, pending plaintiffs' response to the ruling as made, whether Infomir, LLC is entitled to see those portions of plaintiffs' agreements with plaintiffs' licensees which address the specific

---

[57] ECF 207 at ¶1.
[58] ECF 581-2, T 37:7-12.
[59] Id.
[60] ECF 569, § 7.

security measures plaintiffs and their licensees employ.  A broader ruling by the Court, compelling plaintiffs to produce all evidence of the security measures actually utilized by plaintiffs and their licensees would have been justified, under Fed. R. Civ. P. 26(b)(1) and admissible under Fed. R. Evid. 801(d)(2).

Plaintiffs have not complied with Magistrate Moses' order for limited discovery but nonetheless ask this Court to pre-emptively restrict Magistrate Moses from acting upon that portion of the discovery issue on which Her Honor reserved, in the event of plaintiffs' non-compliance. Plaintiffs offer no legal authority why this discovery – of what they and their licensees consider "reasonable security measures" – would be improper, arguing only that defining the standards of the IPTV industry may be appropriate for expert testimony.  But this ignores the requirement that expert opinion be grounded in fact so as to be "reliable".  Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589, 113 S. Ct. 2786 (1993); In re Pfizer Inc. Sec. Litig., 819 F.3d 642, 658 (2d Cir. 2016).  Evidence of what security measures plaintiffs consider "industry standards" provides a factual basis for expert testimony on the topic.

Magistrate Moses required plaintiffs to produce limited discovery relevant to a material issue that they have injected into the action as an alleged basis for Infomir, LLC's liability. Plaintiffs' objections to this limited discovery are unsupported.  The Court would be on firm ground in expanding the scope of Magistrate Moses' Order to include all documents, including license agreements, which reflect or refer to IPTV anti-piracy security measures utilized by plaintiffs and their licensees, but short of that, Section 7 of the Report and Recommendation should be affirmed.

IV. **The Court Should Reject Plaintiffs' Request To Engage In Management Of Magistrate Moses' Management of Discovery.**

Section E of plaintiffs' brief asks this Court to impose a "date certain" for defendants' document productions, arguing that Magistrate Moses management of discovery "will delay the adjudication of the case on the merits."[61] In fact, Magistrate Moses' scheduling of discovery, including numerous extensions requested or joined by plaintiffs, has been appropriate and consistent with this Court's order of reference.[62] A status conference before Magistrate Moses to address discovery is currently set for June 26, 2018.[63]

Plaintiffs acknowledge that Infomir, LLC has produced documents as ordered by Magistrate Moses.[64] Subsequent to the filing of plaintiffs' objection, Infomir, LLC supplemented its production and also filed a declaration of diligent inquiry by its counsel.[65] The production which remains outstanding is by plaintiffs.[66] The Court should reject plaintiffs' request for an order compelling defendants to meet a deadline set by plaintiffs and should allow Magistrate Moses to continue the management of discovery.

---

[61] ECF 581 at 14.
[62] ECF 316.
[63] ECF 585.
[64] ECF 581 at 14.
[65] ECF 583-1.
[66] ECF 583 ("Infomir, LLC has complied with Your Honor's orders. The same cannot be said of plaintiffs").

16

## **CONCLUSION**

For the foregoing reasons and as set forth in Infomir, LLC's submissions below, accompanied by the arguments raised at the April 19, 2018 Discovery Conference, the Court should affirm the decision, except to the limited extent set forth above.

          Respectfully submitted,

          BERKOWITZ, LICHTSTEIN, KURITSKY
          GIASULLO & GROSS, LLC
          Attorneys for defendant Infomir, LLC

Dated: May 23, 2018          By:  /s/ STEWART M. LEVISS
                                  STEWART M. LEVISS