

745 Fifth Avenue, 5th Floor
New York, New York 10151
Phone: 646.770.7445
Fax: 646.417.7997
www.grossmanllp.com

June 4, 2018

**VIA ECF AND HAND-DELIVERY**

Honorable Barbara Moses
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
Courtroom 20A
New York, New York  10007-1312

    Re:   *Joint Stock Company "Channel One Russia Worldwide," et al., v. Infomir, LLC, et al.*, S.D.N.Y. Case No. 16-cv-1318 (GBD) (BCM)
          **Non-Party Russian TV Company, Inc.'s Request for Pre-Motion Conference**

Dear Judge Moses:

    We represent non-party Russian TV Company, Inc. ("Russian TV"), and we write under Rule II.B of Your Honor's Individual Practices, and the Court's March 8, 2016, Order Regarding General Pretrial Management (Docket No. 36), to request a pre-motion conference concerning Russian TV's forthcoming motion to quash the May 3, 2018, Rule 45 Subpoena issued by Plaintiffs (the "Subpoena").  (*See* Ex. A.)

### Plaintiffs Issue the Subpoena Only After Commencing A Separate Action Against Russian TV

    Plaintiffs initiated this action on February 19, 2016.  More than two years later, on March 15, 2018, Plaintiff Channel One commenced a different action against Russian TV, Techstudio, and Steven Rudik (the "Russian TV Action"),[1] seeking "to restrain the unauthorized interception of foreign satellite 'over the air' transmissions and to restrain subsequent re-broadcasts, transfers, and re-transmissions of valuable foreign language television programming through unauthorized video streaming over the internet[.]"  (Russian TV Action, Docket No. 2 at ¶ 27.)

    Even though this action has been pending for more than two years, Plaintiffs issued the Subpoena only after commencing the Russian TV Action, which is in its nascent stages.  On May 25, Defendants in the Russian TV Action sought to dismiss the Complaint and the Initial Pretrial Conference is scheduled for June 21.  (*See* Russian TV Action, Docket Nos. 22 and 25.)  And under the stipulated proposed discovery schedule in the Russian TV Action, document discovery is not scheduled to be completed until December 13, 2018.  (*See id.* at Docket No. 24.)

    In a transparent attempt to end-run the discovery schedule in the Russian TV Action, Plaintiffs here served the Subpoena on May 4, 2018, essentially seeking all merits discovery in

---

[1] *See* S.D.N.Y. Case No. 18-cv-2318, Docket No. 1.

Hon. Barbara Moses  Page 2 of 4
June 4, 2018

the Russian TV Action. For example, Plaintiffs seek documents "sufficient to identify [Channel One's] Programming broadcast, re-broadcast, accessed or otherwise used by [Russian TV]," and documents "concerning the number of subscribers to" Russian TV. (Ex. A, Requests Nos. 1 and 4.) Plaintiffs also seek Russian TV's "officers, directors, parents, affiliates and joint ventures," as well as its "credit card processors and bank accounts." (*Id.*, Requests Nos. 8 and 9.) All these categories relate directly to the merits of Plaintiff Channel One's claims in the later-filed Russian TV Action.

### The Subpoena Should Be Quashed Because It Impermissibly Seeks To Circumvent the Discovery Schedule in the Russian TV Action

Plaintiffs seek to circumvent the proper channels of obtaining discovery under the Federal Rules and the Court's "broad authority" in the Russian TV Action "to oversee and fashion discovery as appropriate for each case."[2] "[S]ubpoenas under Rule 45 are clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34."[3] The proper course would be for Channel One to try to obtain them "pursuant to Rule 34 [in the Russian TV Action] rather than subpoenaing them from a non-party . . . [pursuant to Rule 45]."[4] Although "the language of Rule 45 . . . may . . . not be crystal clear, it is apparent . . . that discovery of documents from a party, as distinct from a non-party, is not accomplished pursuant to Rule 45."[5]

Courts routinely quash subpoenas where, as here, they are intended to circumvent the normal discovery process. In *Burns*, for example, the court quashed a non-party subpoena seeking the same documents the plaintiffs sought through document requests even though those responses may have been "unsatisfactory."[6] And in *Zoological Soc. of Buffalo, Inc. v. Carvedrock, LLC*, the court quashed a non-party subpoena served by the defendant where the documents sought "could easily have been requested of the [plaintiff] during the normal course of discovery[.]"[7] The court also imposed monetary sanctions on the defendant for failing to take

---

[2] *City of Almaty, Kazahkstan v. Ablyazov*, 2018 WL 2148430, at *1 (S.D.N.Y. May 10, 2018).

[3] *Burns v. Bank of Am.*, 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007) (granting defendant's motion to quash non-party subpoena served "in an effort to circumvent the regular discovery process").

[4] *Id.* (internal quotation marks omitted).

[5] *Alper v. United States*, 190 F.R.D. 281, 283 (D. Mass. 2000) (internal quotation marks omitted) (quashing portion of Rule 45 subpoena that sought documents from non-party expert witness).

[6] *Burns*, 2007 WL 1589437 at *13-14.

[7] 2013 WL 5652759, at *3 (W.D.N.Y. Oct. 15, 2013).

Hon. Barbara Moses  
June 4, 2018
Page 3 of 4

"reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena[.]"[8]

Similarly here, Plaintiffs should not be permitted to evade the discovery process in the Russian TV Action by burdening Russian TV with a Rule 45 Subpoena. Compliance with the Subpoena will unnecessarily duplicate the parties'—and the Court's—efforts and resources where the documents the Subpoena seeks are at the heart of Channel One's claims in the Russian TV Action. The Court should reject Channel One's attempt to preempt discovery in the Russian TV Action by issuing the Subpoena here.

## The Parties Met and Conferred But Failed to Resolve This Dispute

Shortly after counsel for the Russian TV Defendants was retained, the parties in the Russian TV Action held an initial meet-and-confer conference on May 2 to discuss a proposed discovery schedule, among other things. During that conference, Channel One informed Defendants' counsel that they intended to serve a subpoena on Russian TV Company in this action, but they did not discuss the scope of the Subpoena, and after reviewing the Subpoena, Defendants' wrote to Channel One requesting another meet-and-confer conference regarding the Subpoena—noting that its scope is "improper" where the "requests are directly related to Channel One's claims in the recently-filed" Russian TV Action. (*See* Ex. B.) Although during a subsequent meet-and-confer call on May 15, Plaintiffs offered to narrow somewhat the scope of the Subpoena to all documents and communications between Russian TV and Defendant Infomir, this information should have, and could have, been requested and obtained in this action from Infomir. As in *Burns*, it is not proper to simply abandon discovery efforts in this case and place the burden on a non-party even if the Plaintiffs claim that Infomir's responses are somewhat "unsatisfactory."[9]

\*   \*   \*

In sum, "it is well settled that Rule 45 subpoenas are not to be used as an 'end-run' around the regular discovery rules that apply to parties, i.e., notices of deposition in Rule 30, or

---

[8] *Id.* at \*4 (requiring the defendant to reimburse the non-party for the "reasonable costs" of responding to the subpoena, including "reasonable costs" incurred in filing its motion to quash); *see also Catlin Syndicate 2003 v. Traditional A.C., Inc.*, 2018 WL 1459483, at \*6 (E.D.N.Y. Mar. 23, 2018) ("Because the insurance policy could have been requested from [defendant] Traditional throughout the regular course of discovery, the Court finds that requiring [non-party] Merchants to produce it would be unduly burdensome.").

[9] *Burns*, 2007 WL 1589437 at \*13-14.

Hon. Barbara Moses                                                                                                                      Page 4 of 4
June 4, 2018

for production of documents in Rule 34."[10]  Accordingly, Russian TV requests a pre-motion conference concerning its anticipated motion to quash.

                                                                                        Respectfully submitted,

                                                                                        Judd B. Grossman

cc:     All counsel of record (*via* ECF)

---

[10] *Panchoosingh v. Gen. Labor Staffing Servs., Inc.*, 2009 WL 10667883, at *1 (S.D. Fla. Jan. 28, 2009) (collecting cases) (denying motion to compel that improperly annexed a Rule 45 subpoena seeking documents and deposition of the defendant's corporate representative).