

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x

JOINT STOCK COMPANY "CHANNEL ONE
RUSSIA WORLDWIDE," CLOSED JOINT
STOCK COMPANY "CTC NETWORK,"
CLOSED JOINT STOCK COMPANY "TV
DARIAL," CLOSED JOINT STOCK COMPANY
"NEW CHANNEL," LIMITED LIABILITY
COMPANY "RAIN TV-CHANNEL," and
LIMITED LIABILITY COMPANY "GLOBAL
ENTERTAINMENT TV,"

　　　　　　　　　　Plaintiffs,

　　　-against-

INFOMIR LLC (www.infomirusa.com), INFOMIR
GmbH, ALEXANDER MARAHOVSKY, EVGENI
LEVITIN, TELECOMMUNICATIONS
TECHNOLOGIES LTD., PANORAMA
ALLIANCE, LP (www.mypanorama.tv), ASAF
YEVDAYEV, DAVID ZELTSER, S.K.
MANAGEMENT OF NEW YORK INC.,
MOIDOM LLC, TELEPROM, VDALI, MHCOM
GmbH, and JOHN DOES 1–50,

　　　　　　　　　　Defendants.

------------------------------------- x

MEMORANDUM DECISION AND
ORDER

16 Civ. 1318 (GBD) (BCM)

GEORGE B. DANIELS, United States District Judge:

　　Plaintiffs are a group of Russian broadcasters who assert claims against several Defendants, including Defendant Infomir LLC, whom Plaintiffs allege intercepts Plaintiffs' programming, manufactures and distributes set top boxes ("STBs"), and controls software used with the STBs that enables users to access Plaintiffs' programming without a license. (Compl. ¶ 1.) This matter was referred to Magistrate Judge Barbara C. Moses for general pretrial management, including discovery, and dispositive motions. (ECF Nos. 35 & 64.)

　　On June 26, 2018, Magistrate Judge Moses held a conference (the "June 26 Conference") on discovery disputes raised in Plaintiffs' letter-application dated April 27, 2018, (the "April 27

Letter," ECF No. 575), and the parties' joint letter dated June 15, 2018. (the "June 15 Letter," ECF No. 611.) At the conclusion of the hearing, Magistrate Judge Moses denied the parties' cross-motions for bond pursuant to Local Civil Rule 54.2. (Decl. of Raymond J. Dowd dated July 17, 2018, Ex. 1 ("Pls. Tr. Excerpts"), ECF No. 633-1, at 182:4–6.) On July 3, 2018, Magistrate Judge Moses issued an Order (the "July 3 Order," ECF No. 617), resolving various other matters discussed at the hearing. (*Id.*)

Plaintiffs filed objections to the July 3 Order and denial of their bond motion, requesting that this Court: (1) order Infomir LLC to produce a list of retail and wholesale customers who purchase its STBs in response to Plaintiffs' second document requests; (2) order Infomir LLC to produce documents in response to all of Plaintiffs' third and fourth document requests; (3) order a third deposition of Infomir LLC's CEO, Gregory Goldfedib; (4) authorize service of subpoenas on Infomir LLC's banks; (5) extend fact discovery; and (6) reverse Magistrate Judge Moses's denial of Plaintiffs' motion for bond. (Mem. in Supp. of Broadcasters' Objs. ("Objs."), ECF No. 632, at 2.) Infomir LLC filed responses to Plaintiffs' objections. (ECF No. 642.) Plaintiffs' objections are overruled, and the July 3 Order is AFFIRMED.

## I.  LEGAL STANDARDS

"Magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is only appropriate if their discretion is abused." *Winfield v. City of N.Y.*, No. 15 Civ. 5236 (LTS) (KHP), 2017 WL 5054727, at *2 (S.D.N.Y. Nov. 2, 2017) (citation omitted). Because "[m]atters concerning discovery generally are considered 'nondispositive' of the litigation," a "district court reviews [discovery] orders under the 'clearly erroneous or contrary to law' standard." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). Clear error is present when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir.

2006) (citation omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Frydman v. Verschleiser*, No. 14 Civ. 8084 (JGK) (JLC), 2017 WL 1155919, at *2 (S.D.N.Y. Mar. 27, 2017) (quoting *Thompson v. Keane*, No. 95 Civ. 2442 (SHS), 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996)). However, "[t]hat reasonable minds may differ on the wisdom of granting [a party's] motion is not sufficient to overturn a magistrate judge's decision.'" *Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, No. 14 Civ. 2590 (VM), 2017 WL 4174926, at *5 (S.D.N.Y. Aug. 28, 2017).

## II. THE JULY 3 ORDER IS AFFIRMED

### A. Plaintiffs' Second Document Requests and Request for a Customer List

In the April 27 Letter, Plaintiffs requested an order compelling Infomir LLC to respond to Plaintiffs' second requests for the production of documents, dated March 19, 2018 (the "Second Requests").[1] (April 27 Letter at 1.) The July 3 Order denied Plaintiffs' request as moot "in light of Infomir LLC's service of its written response to the Second Request[s] and related production of documents." (July 3 Order ¶ 1 (citing Letter from Raymond J. Dowd to Magistrate Judge Moses dated April 27, 2018, Ex. A ("Infomir's LLC's Resp. to Pls. 2d Req."), ECF No. 579-1).) Plaintiffs received Infomir LLC's response, but suggest that it is inadequate. Specifically, Plaintiffs note that Infomir LLC agreed to search for documents responsive to the relevant requests if Plaintiffs provided a "reasonable list of persons or entities" and that, although Plaintiffs have identified three entities, Infomir LLC has not produced such documents. (Objs. at 5–6.)

However, the July 3 Order expressly states that it is "without prejudice to [P]laintiffs' rights regarding the content of Infomir[] [LLC's] response or the adequacy of its document production,

---

[1] Specifically, Plaintiffs sought responses to requests for: (1) "[d]ocuments sufficient to identify any orders, subscriptions, invoices, or payments by persons, concerning [STBs] sold by Infomir"; (2) "[d]ocuments concerning wholesale orders of [STBs] sold by Infomir"; and (3) "[d]ocuments concerning the number of sales and receipts of [STBs] sold by Infomir for each year from 2013 to the present." (Objs. at 5 (quoting Letter from Hardin P. Rowley to Magistrate Judge Moses dated June 6, 2018, Ex. G, ECF No. 595-7).)

3

discussed below." (*Id.* ¶ 1.) The Order further explains that "[a]ny party seeking discovery sanctions . . . shall file a letter-application . . . after the close of fact discovery but no later than August 10, 2018." (*Id.* ¶ 14(b).) Thus, Plaintiffs' objections to the adequacy of Infomir LLC's responses to the Second Requests do not provide a basis for this Court to conclude that Magistrate Judge Moses's denial of their request was clearly erroneous or contrary to law.

Plaintiffs further object that, to the extent the July 3 Order denied Plaintiffs' request for a list of Infomir LLC's wholesale and retail STB customers, it was clearly erroneous because such a list is "essential to [Plaintiffs'] claim that Infomir [LLC] facilitates piracy" and "unfairly hides infringing pirates." (Objs. at 8–9.) But Plaintiffs note that they have already obtained information to support their claim, as they have "identified two unlicensed [b]roadcasters that use Infomir brand STBs." (*Id.* at 8.) The mere fact that additional information would strengthen Plaintiffs' claim does not indicate that Magistrate Judge Moses's denial of their request for such information was clearly erroneous.

### B. Plaintiffs' Third and Fourth Document Requests

In the July 3 Order, Magistrate Judge Moses found that "Infomir [LLC] need not respond to [P]laintiffs' Third and Fourth Requests for Production of Documents . . . dated May 3 and May 24, 2018, which were not timely served." (July 3 Order ¶ 5.) Plaintiffs argue Magistrate Judge Moses's decision not to compel responses to the requests was "clearly erroneous" because the document requests were based on newly discovered evidence—specifically, facts learned from Goldfedib's second deposition, a "thorough review" of shipping invoices, and third-party document discovery—that could not have been discovered earlier. (Objs. at 10–11.) However, all of the facts Plaintiffs cite were presented to Magistrate Judge Moses in the June 15 Letter and exhibits, and Plaintiffs do not argue that she failed to consider them. (*See* June 15 Letter at 4–6; Objs. at 11 (citing June 15 Letter, Ex. A ¶¶ 3, 5, 7, 10).) Thus, Plaintiffs have not shown that

4

Magistrate Judge Moses's denial of their motion to compel responses to the Third and Fourth Document Requests was clearly erroneous.

### C. Plaintiffs' Request for a Third Deposition of Goldfedib

The July 3 Order does not specifically address Plaintiffs' request for a third deposition of Goldfedib. However, the July 3 Order extends the close of fact discovery to July 31, 2018 for other limited purposes and states "[a]ll relief not specifically granted herein is denied." (July 3 Order ¶ 13.) Plaintiffs argue that Magistrate Judge Moses "committed reversible error by not considering that Infomir [LLC] has relied on withheld documents and the prior false testimony of Goldfedib to claim that he is merely an importer of STBs." (Objs. at 12.) However, Plaintiffs note that they provided Magistrate Judge Moses with "documents in which Goldfedib tells third parties that Goldfedib is manufacturer [sic] of the . . . STBs," and a letter that Plaintiffs claim "detail[s] Goldfedib's perjury" during his deposition was attached as an exhibit to the June 15 Letter. (Objs. at 12 (citing June 15 Letter, Ex. A).) Plaintiffs have cited no evidence that Magistrate Judge Moses failed to consider these documents. Moreover, assuming that Goldfedib provided false testimony in his prior depositions, Plaintiffs have offered no explanation of why they believe Goldfedib would testify truthfully if asked to sit for a third deposition. Thus, Magistrate Judge Moses's denial of Plaintiffs' request for a third deposition of Goldfedib was not clearly erroneous.

### D. Subpoenas to Non-Party Banks

Plaintiffs assert that "at the June 26 . . . Conference and in the subsequent July 3 Order, [Magistrate] Judge Moses . . . declined to permit [Plaintiffs] to serve subpoenas on Infomir's banks."[2] (Objs. at 6 (citing July 3 Order ¶¶ 1, 5, 13 and Pl. Tr. Excerpts at 181–82).) Plaintiffs

---

[2] Neither the paragraphs of the July 3 Order nor the portions of the July 26 Conference transcript that Plaintiffs cite reference the subpoenas. (*See* Objs. at 6 (citing July 3 Order ¶¶ 1, 5, 13 and Pls. Tr. Excerpts at 181–82).) However, Plaintiffs did previously request that such subpoenas be issued. In an April 25, 2018 Discovery Order and Report and Recommendation ("April 25 Order," ECF No. 569), which was affirmed by this Court, (ECF No. 605), Magistrate Judge Moses reserved decision on the issuance of the

5

object that Magistrate Judge Moses's denial of their request to issue the subpoenas was "clear error because banking information has enabled [Plaintiffs] to uncover valuable evidence in this case." (Objs. at 9.) However, as noted above, Plaintiffs' claim that additional discovery would be helpful does not provide a basis for this Court to find that Magistrate Judge's Moses denial of their request for such discovery was clearly erroneous or contrary to law.

### E. Plaintiffs' Request for an Extension of Fact Discovery

In her April 25, 2018 Order, Magistrate Judge Moses set May 31, 2018 as the deadline for the close of fact discovery. (April 25 Order ¶ 11.) On May 30, 2018, Plaintiffs filed a request for the extension of the deadline which Infomir LLC opposed. (ECF Nos. 589, 591.) Magistrate Judge Moses denied Plaintiffs' request without prejudice to renewal at the June 26 Conference. (Order dated June 1, 2018, ECF No. 592.) On June 4, 2018, Plaintiffs submitted a letter (the "June 4 Letter," ECF No. 593) in support of their request for an extension, and Defendants submitted a letter in opposition. (ECF No. 595.) In the July 3 Order, Magistrate Judge Moses extended the deadline for the close of fact discovery to July 31, 2018 "for the limited purpose of completing discovery authorized in this Order." (July 3 Order ¶ 13.)

Plaintiffs ask that this Court "further extend fact discovery to complete the outstanding discovery," but do not indicate what discovery they seek to complete or the length of time that they believe is necessary to do so. (Objs. at 2.) Plaintiffs contend that they have shown "good cause" for an extension, because "(1) trial is not imminent, (2) Infomir would not be prejudiced," (3) Plaintiffs "were diligent in seeking the discovery, . . . (4) discovery has been extended for other purposes; and (5) the discovery is relevant to [Plaintiffs'] core allegations and [Plaintiffs] will be prejudiced" absent an extension. (Objs. at 7.) Plaintiffs made substantially similar arguments to

---

subpoenas pending the receipt of additional briefing. (April 25 Order ¶ 8.) And, as noted above, the July 3 Order states that "[a]ll relief not specifically granted herein is denied." (July 3 Order ¶ 13.)

Magistrate Judge Moses in the June 4 and June 15 Letters, and Magistrate Judge Moses rejected those arguments. (*See* June 4 Letter; June 15 Letter at 1–2.) Although Plaintiffs state, in conclusory fashion, that Magistrate Judge Moses's denial was "[e]rroneous," they do not explain how Magistrate Judge Moses erred. (Objs. at 14.) Instead, Plaintiffs simply assert that "the [July 3] Order obstructs [Plaintiffs] from completing the ... discovery needed to defeat Infomir's defenses and establish Plaintiffs' damages." (*Id.*) However, Magistrate Judge Moses acted well within her "broad discretion" in denying Plaintiffs' request for an extension. *Winfield*, 2017 WL 5054727, at *2. Plaintiffs' assertion that additional discovery would be helpful to them does not provide a basis to conclude that she abused her discretion or committed clear error.

### F. Plaintiffs' Motion for Bond

As noted above, at the June 26 Hearing, Magistrate Judge Moses denied the parties' cross-motions for bond pursuant to Local Civil Rule 54.2.[3] (Pls. Tr. Excerpts at 182:4–6.) Plaintiffs object that Magistrate Judge Moses's "failure to properly apply the *Selletti* factors ... was clear error." (Objs. at 12.) However, the pages of the June 26, 2018 hearing transcript attached to Plaintiffs' objections make clear that Magistrate Judge Moses considered each of the factors listed in *Selletti v. Carey*, 173 F.R.D. 96 (S.D.N.Y. 1997), in deciding the parties' bond motions.[4] (*See* Pl. Tr. Excerpts at 178:5–181:18.) Moreover, Plaintiffs do not explain how Magistrate Judge Moses's evaluation of those factors was erroneous; they simply provide their own evaluation of the factors. (Objs. at 12–13.) Even if this Court were to find that "reasonable minds may differ

---

[3] Local Civil Rule 54.2 provides, in relevant part, "[t]he Court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate."

[4] The factors listed in *Selletti* are: "[1] the financial condition and ability to pay of the party at issue; [2] whether that party is a non-resident or foreign corporation; [3] the merits of the underlying claims; [4] the extent and scope of discovery; [5] the legal costs expected to be incurred; and [6] compliance with past court orders." 173 F.R.D. at 100–01.

7

on the wisdom of granting [Plaintiffs'] motion," such a finding would not provide a basis to overturn Magistrate Judge Moses's decision. *Royal Park Invs. SA/NV*, 2017 WL 4174926, at *5.

Plaintiffs further argue that Magistrate Judge Moses's decision was contrary to law because, in addition to the six factors listed in *Selletti*, she considered a seventh factor—specifically, whether the "party which seeks a bond [is] actually paying its own costs." (Objs. at 13 (quoting Pls. Tr. Excerpts at 181:22).) Magistrate Judge Moses found that because a third party, Kartina GmbH, is paying Plaintiffs' legal fees, "to require an opposing party to post a bond . . . would really run in favor not of the party itself but in favor of . . . Kartina [GmbH]." (Objs. at 13 (quoting Pls. Tr. Excerpts at 181:24–182:1).) However, the decision in *Selletti* does not indicate that its list of factors is exclusive; rather, it simply notes factors that are "generally considered" in determining bond motions. *Selletti*, 173 F.R.D. at 100.

Plaintiffs contend that consideration of this additional factor "would defeat the purpose of most intellectual property licenses where a licensee bears the policing burden." (Objs. at 13.) But Plaintiffs' argument simply illustrates how the facts of this case—specifically, the payment of Plaintiffs' legal fees by a third party—make it different from other cases. Because a determination of whether to grant bond requires "an individual determination made on the facts of each case," Magistrate Judge Moses's decision to consider such facts here was neither clearly erroneous nor contrary to law. *Selletti*, 173 F.R.D. at 100.

Plaintiffs request that, if it declines to reconsider the denial of their bond motion, this Court "certify the issue of whether a Local Rule 54.2 bond should be awarded as an interlocutory appeal pursuant to 28 U.S.C. § 1292."[5] (Objs. at 3.) However, the Second Circuit has "repeatedly

---

[5] 28 U.S.C. § 1292(b) provides that a district court may certify an interlocutory appeal if it finds that an order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

8

cautioned that use of this certification procedure should be strictly limited because 'only exceptional circumstances [will] justify departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (quoting *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.3d 21, 25 (2d Cir. 1980)) (alteration in original). Here, Plaintiffs make *no* argument as to why such certification is warranted. Because Plaintiffs have not demonstrated the requisite exceptional circumstances, their request for certification pursuant to § 1292 is denied.

## III. CONCLUSION

Plaintiffs' objections are OVERRULED. Magistrate Judge Moses's July 3, 2018 Order, (ECF No. 617), is AFFIRMED.

Dated: New York, New York
       September 24, 2018

                          SO ORDERED.

                          *George B. Daniels*
                          GEORGE B. DANIELS
                          United States District Judge