UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
JOINT STOCK COMPANY "CHANNEL ONE :
RUSSIA WORLDWIDE," CLOSED JOINT
STOCK COMPANY "CTC NETWORK," :
CLOSED JOINT STOCK COMPANY "TV :  MEMORANDUM DECISION AND
DARIAL," CLOSED JOINT STOCK COMPANY :  ORDER
"NEW CHANNEL," LIMITED LIABILITY
COMPANY "RAIN TV-CHANNEL," and : 16 Civ. 1318 (GBD) (BCM)
LIMITED LIABILITY COMPANY "GLOBAL :
ENTERTAINMENT TV," :
:
           Plaintiffs, :
:
   -against- :
:
INFOMIR LLC (www.infomirusa.com), INFOMIR :
GmbH, ALEXANDER MARAHOVSKY, EVGENI :
LEVITIN, TELECOMMUNICATIONS :
TECHNOLOGIES LTD., PANORAMA :
ALLIANCE, LP (www.mypanorama.tv), ASAF :
YEVDAYEV, DAVID ZELTSER, S.K. :
MANAGEMENT OF NEW YORK INC., :
MOIDOM LLC, TELEPROM, VDALI, MHCOM :
GmbH, and JOHN DOES 1–50, :
:
           Defendants. :
------------------------------------x



GEORGE B. DANIELS, United States District Judge:

In this action, Plaintiffs are a group of Russian broadcasters who allege that various Defendants, including Infomir LLC and Infomir GmbH, "sell set-top boxes [('STBs')], servers and software" to individuals and entities that access Plaintiffs' television programming without a license.[1] (First Verified Am. Compl. ("FAC"), ECF No. 211, ¶ 1.) The action was referred to

---

[1] The Plaintiffs are Joint Stock Company "Channel One Russia Worldwide," Closed Joint Stock Company "CTC Network," Closed Joint Stock Company "TV DARIAL," Closed Joint Stock Company "New Channel," Limited Liability Company "Rain TV-Channel," and Limited Liability Company "Global Entertainment TV." The Defendants in this action are Infomir LLC, Infomir GmbH, Alexander Marahovsky ("Alexander"), Evgeni Levitin, Telecommunications Technologies Ltd. ("Teletec"), Panorama Alliance LP, Asaf Yevdayev, David Zeltser, S.K. Management of New York Inc. ("SKM"),

Magistrate Judge Barbara C. Moses for general pretrial management, including discovery, and dispositive motions. (ECF Nos. 35 & 64.) Defendant Infomir GmbH moves to dismiss Plaintiffs' First Amended Complaint ("FAC") for insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure and for lack of personal jurisdiction pursuant to Rule 12(b)(2).[2] (ECF No. 482.) Plaintiffs oppose the motion, and cross-move for additional jurisdictional discovery. (ECF No. 497.)

On September 4, 2018, Magistrate Judge Moses issued a Report and Recommendation (the "Report," ECF No. 649), recommending that Infomir GmbH's motion be granted insofar as it is brought for lack of personal jurisdiction. (*Id.* at 39.) The same day, for reasons stated in the Report, Magistrate Judge Moses denied Plaintiffs' cross-motion for additional jurisdictional discovery by separate Order (the "Order," ECF No. 650). In her Report, Magistrate Judge Moses advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.*) Plaintiffs object to the Report and appeal the Order. (*See* Mem. of Law in Supp. of Broadcasters' Objs. ("Objs."), ECF No. 672.)

Plaintiffs' objections are OVERRULED. The Report is ADOPTED. Infomir GmbH's motion to dismiss is GRANTED. The Order denying additional jurisdictional discovery is AFFIRMED.

---

Moidom LLC, Teleprom, Vdali, MHCOM GmbH, and John Does 1–50. (*See* Amended Caption and Order, ECF No. 567.)

[2] The motion to dismiss was brought by Defendants Alexander Marahovsky, Evgeni Levitin, Telecommunication Technologies Ltd. ("Teletec"), and Infomir GmbH. (*See* Motion to Dismiss, ECF No. 482.) On January 3, 2018, Plaintiffs voluntarily dismissed their claims as to Marahovsky, Levitin, and Teletec. (*See* Notice of Voluntary Dismissal, ECF No. 492.)

## I. LEGAL STANDARDS

"Dispositive motions ... may be submitted to a magistrate judge for a report and recommendation." *Kiobel v. Millson*, 592 F.3d 78, 84–85 (2d Cir. 2010) (Cabranes, J., concurring) (citing 28 U.S.C. § 636(b)(1)(A)). The district court must review *de novo* those portions of the report to which a party properly objects. *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). Portions of the report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted).

For "nondispositive pretrial matters," including discovery disputes, the "magistrate ... may issue orders." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). A "district court reviews such orders under the 'clearly erroneous or contrary to law' standard." *Id.* Clear error is present when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Frydman v. Verschleiser*, No. 14 Civ. 8084 (JGK) (JLC), 2017 WL 1155919, at *2 (S.D.N.Y. Mar. 27, 2017) (quoting *Thompson v. Keane*, No. 95 Civ. 2442 (SHS), 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996)). However, "[t]hat reasonable minds may differ on the wisdom of granting [a party's] motion is not sufficient to overturn a magistrate judge's" discovery order. *Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, No. 14 Civ. 2590 (VM), 2017 WL 4174926, at *5 (S.D.N.Y. Aug. 28, 2017) (citation omitted) (alteration in original). "[M]agistrate judges are afforded broad discretion to resolve discovery disputes and reversal is appropriate only if the discretion is abused." *Kalola v. Int'l Bus. Machs. Corp.*, No. 13 Civ. 7339 (VB) (LMS), 2016 WL 592829, at *2 (S.D.N.Y. Feb. 10, 2016).

3

## II. PLAINTIFFS' CLAIMS AGAINST INFOMIR GMBH ARE DISMISSED

Infomir GmbH is a German corporation with its principal place of business in Germany.[3] (Decl. of Alexander Marahovsky dated Dec. 22, 2017, ECF No. 485, ¶ 9; FAC ¶ 31.) Plaintiffs assert that jurisdiction is proper pursuant to New York Civil Practice Law and Rules § 302(a)(1) because Infomir GmbH has "transacted business" in New York—directly or, in the alternative, indirectly through its agent—and "contracted anywhere to supply goods or services" in New York. (*See* Mem. of Law in Opp'n ("Opp'n"), ECF No. 499, at 14–18.)

Plaintiffs object to the recommendation that their claims against Infomir GmbH be dismissed, asserting that "[Magistrate] Judge Moses incorrectly required [Plaintiffs] to support [their] alter ego theory with a factually supported *prima facie* showing of jurisdiction prior to discovery."[4] (Objs. at 15.) This objection has no merit. Even "[p]rior to discovery," a plaintiff must plead "legally sufficient allegations of jurisdiction." *Dorchester Fin. Secs., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (quoting *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990).[5] "[C]onclusory allegations of an alter ego are insufficient to

---

[3] For the reasons discussed in the Report, Magistrate Judge Moses correctly found that Infomir GmbH was properly served in Germany. (*See* Report at 14–16.)

[4] Plaintiffs do not object to Magistrate Judge Moses' finding that their arguments regarding Infomir GmbH's alleged activities in New York do not provide a basis for jurisdiction, and that finding was not clearly erroneous. (Report at 26.) The Report correctly found that the record does not support a conclusion that Infomir GmbH manufactures, sells, or otherwise supplies STBs in New York or that Infomir GmbH attended trade shows in New York. (*Id.* at 26–32.) The Report also correctly found that the contract that Infomir GmbH allegedly entered with a New York-based entity cannot provide a basis for jurisdiction. (*Id.* at 32–33.)

[5] Plaintiffs' assertion that *Ball v. Metallurgie Hoboken-Overpelt, S.A.* is "not relevant to alter ego liability" is without merit. (Objs. at 15.) In support of this argument, Plaintiffs cite *Network Enterprises, Inc. v. APBA Offshore Products, Inc.*, which notes that *Ball* did not "involve[] an alter ego theory, where . . . the personal jurisdiction analysis is quite different." (Objs. at 15 (quoting *Network Enters.*, No. 01 Civ. 11765 (CSH), 2003 WL 124521, at *3 n.3 (S.D.N.Y. Jan. 15, 2003).) But in that case, the court found the plaintiff had pled allegations of alter ego liability that were "sufficient to survive a motion to dismiss," and explained that if the corporate defendant, which was "undisputably subject to New York jurisdiction" was "shown to be [the individual defendant's] alter ego, then it must follow" that the individual was subject to jurisdiction.

4

survive a motion to dismiss," and Plaintiffs have not pled factual allegations sufficient to state such a claim. *Waite v. Schoenbach*, No. 10 Civ. 3439 (RMB), 2010 WL 4456955, at *3 (S.D.N.Y. Oct. 29, 2010) (citation omitted).

Plaintiffs do not expressly reference alter ego liability in the operative complaint. Plaintiffs claim that they have pled alter ego liability by alleging that "Infomir GmbH is . . . acting . . . in active concert and participation with Infomir [LLC]." (Objs. at 15 (quoting FAC ¶ 118).) But to plead alter ego liability, it is not enough to allege that two entities are working in concert; rather, a plaintiff must allege "complete control by the dominating [entity]" over the other. *United States v. Funds Held in the Name of or For the Benefit of Wetterer*, 210 F.3d 96, 106 (2d Cir. 2000) (quoting *Passalacqua Builders, Inc. v. Resnick Developers S., Inc.*, 933 F.2d 137, 138 (2d Cir. 1991)) (alteration in original).

In their opposition to the motion to dismiss, Plaintiffs identify several facts that they claim demonstrate alter ego liability. However, none of the facts they identify are persuasive. First, Plaintiffs note that the "trademark wrapper" for the trademark "Infomir," which is registered to Infomir LLC, contains a page with a "contact us" section that "lists the contact information for Infomir GmbH." (Opp'n at 5.) But the page does not indicate that Infomir GmbH and Infomir LLC are operating as a single entity. To the contrary, it lists Infomir GmbH and "Infomir USA" separately, and provides separate mail and email addresses and websites for each. (Decl. of Hardin P. Rowley dated Oct. 19, 2017 ("Rowley Decl."), Ex. R, ECF No. 385–17, at 18.)

Second, Plaintiffs allege that the copyright for software that "allows third parties to set up wholesale piracy operations using Infomir GmbH's products[] was registered to Infomir LLC by Goldfedib in 2007." (Opp'n at 5.) Even if this allegation is taken as true, it suggests, at most, that

---

*Network Enters.*, 2003 WL 124521, at *3 & n.3. Here, as explained *infra*, Plaintiffs' alter ego allegations are insufficient to survive a motion to dismiss.

5

Infomir LLC has been able to use Infomir GmbH's products for its own benefit, not that Infomir LLC dominates and controls Infomir GmbH.

Third, Plaintiffs allege that Infomir GmbH and Infomir LLC have both transferred trademarks to a third entity, Panoramicbit Limited ("Panoramicbit"). (*Id.*) Plaintiffs further allege that Panoramicbit's director also works for Infomir GmbH. (*Id.*) But the fact that Infomir GmbH and Infomir LLC are both affiliated with Panoramicbit does not constitute evidence that either dominates or controls the other.

Finally, Plaintiffs cite various pieces of information on the website www.infomir.eu (the "EU Website") that relate to Infomir LLC. (*Id.* at 6–7.) The relevance of this evidence to Infomir GmbH depends on Plaintiffs' assertion that "the EU Website is in fact the website of Infomir GmbH," which is conclusory and unsupported by any evidence.[6] (*Id.* at 6 (citing Rowley Decl., ECF No. 385, ¶ 60).)

In sum, Plaintiffs' allegations, even taken as true, fall well short of the "complete control by the dominating [party]" necessary to establish an alter ego relationship. Thus, Plaintiffs cannot establish jurisdiction over Infomir GmbH on an alter ego theory. *Wetterer*, 210 F.3d at 106. Because none of the allegations regarding Infomir GmbH's direct or indirect activities in New York provide a basis for personal jurisdiction, the recommendation in the Report is ADOPTED. Infomir GmbH's motion to dismiss, (ECF No. 482), is GRANTED.

---

[6] Although Plaintiffs cite to a paragraph in a declaration, it simply makes the same conclusory assertion, without citing to any evidence. (*See* Rowley Decl. ¶ 60.) A page of the EU Website referenced later in the paragraph also fails to support their assertion, as it lists Infomir GmbH along with three other entities, and does not indicate which, if any, of those entities owns or controls the website. (*See* Rowley Decl., Ex. Y, ECF No. 385-24.)

## III. PLAINTIFFS ARE NOT ENTITLED TO ADDITIONAL JURISDICTIONAL DISCOVERY

Plaintiffs seek to appeal the Order denying their cross-motion for additional jurisdictional discovery on the grounds that the Order is clearly erroneous and contrary to law because the Magistrate Judge: (1) did not permit Plaintiffs to conduct discovery into their "well pleaded" jurisdictional allegations; (2) improperly denied Plaintiffs jurisdictional discovery based on their failure to establish a *prima facie* case for jurisdiction; and (3) failed to weigh burdens of the proposed discovery against its likely benefits. (Objs. at 1–2.) None of Plaintiffs' arguments have merit.

### A. Failure to Allow Discovery into "Insufficiently Developed" Jurisdictional Allegations

Plaintiffs claim that the Order is "contrary to law" because it does "not apply the holding of *Texas International Magnetics, Inc. v. BASF Aktiengellschaft*, 31 F. App'x 738 (2d Cir. 2002), *rev'g*, *In re Magnetic Audiotape Antitrust Litig*, 171 F. Supp. 2d 179 (S.D.N.Y Apr. 25, 2001). (Objs. at 8.) Plaintiffs assert that *BASF* involves facts that are "almost identical" to the instant case. (*Id.*) In *BASF*, the Second Circuit found the plaintiffs should be permitted to conduct jurisdictional discovery, because their jurisdictional allegations were "neither sparse nor insufficiently specific; they [were] simply insufficiently developed." (*Id.* at 9 (quoting *BASF*, 31 F. App'x at 739).)

Magistrate Judge Moses did not clearly err in declining to apply *BASF*, because the types of allegations found to be "insufficiently developed" in *BASF* have not been made here. 31 F.3d at 739. In that case, the plaintiffs alleged, among other things that the German company exercised actual control over its United States-based subsidiary because it was "responsible for the business management of" the subsidiary. *In re Magnetic Audiotape Antitrust Litig*, 171 F. Supp. 2d at 187. Similarly, in *Tese-Milner v. De Beers Centenary A.G.*, 613 F. Supp. 2d 404 (S.D.N.Y. 2009),

7

another case upon which Plaintiffs rely, (*see* Objs. at 10–11), the plaintiff alleged that there was "common management among the Non-Moving Defendants" from whom the plaintiff sought jurisdictional discovery. *De Beers*, 613 F. Supp. 2d at 418. Here, Plaintiffs do not allege that Infomir LLC is a subsidiary of Infomir GmbH, and Magistrate Judge Moses correctly found that "there is no allegation, and no evidence, that Infomir GmbH . . . has exercised actual control over Infomir LLC's business in New York." (Report at 35.)

Magistrate Judge Moses also found that there is "no allegation, and no evidence, that Infomir LLC operates for the benefit of GmbH." (*Id.*) Plaintiffs object that this finding was clearly erroneous in light of "evidence uncovered by [Plaintiffs] . . . showing that the STB linking automatically to [Plaintiffs'] content was 'manufactured for Infomir GmbH.'" (Objs. at 11 (citing FAC, Ex. 15 at 17).) The label on the STB that Plaintiffs refer to indicates that the STB was "[m]anufactured by [Teletec]," not by Infomir LLC. (FAC, Ex. 15 at 17.) Although Plaintiffs assert that Infomir LLC sells the same type of STB made by the same manufacturer, that fact is not evidence that Infomir LLC operates for the benefit of Infomir GmbH. (*See* Objs. at 7.) As Magistrate Judge Moses correctly found, "selling STBs in Germany—even STBs that are produced by the same Ukranian manufacturers who supply similar products to Infomir LLC—cannot subject Infomir GmbH to personal jurisdiction in New York." (Report at 28.)

To the extent Plaintiffs contend that the activities of Teletec provide an alternative basis for the exercise of jurisdiction over Infomir GmbH, their contention is without merit. Plaintiffs argue that Magistrate Judge Moses clearly erred in finding that Plaintiffs cannot "hail Infomir GmbH into this Court for the sins of Teletec," because Infomir GmbH "claims it is 'a branch of a group of companies' that manufacture devices," including Teletec. (Objs. at 13 (quoting FAC, Ex. 15, at 14).) But the fact that an entity considers itself to be part of a group of companies does

8

not provide any evidence as to how the companies operated. The only other evidence that Plaintiff cites to support the imposition of alter ego liability is that a third party was "instructed to remit royalties for Infomir LLC to Infomir USA by an apparent employee of Teletec and Infomir GmbH."[7] (Objs. at 13 (citing Decl. of Hardin P. Rowley dated Sept. 18, 2018, ECF No. 661, ¶ 110).) But this evidence establishes, at most, that Teletec and Infomir GmbH may have shared a single employee. Because Plaintiffs' contentions regarding Teletec do not establish that Infomir GmbH had any degree of control, let alone "complete control," over Teletec, the activities of Teletec in New York cannot provide a basis for jurisdiction over Infomir GmbH. *Wetterer*, 210 F.3d at 106.

## B. Denial of Jurisdictional Discovery Based on Failure to Establish a Prima Facie Case

Plaintiffs also argue that the Order is also contrary to law because, in exercising her discretion to deny jurisdictional discovery, Magistrate Judge Moses relied upon *Jazini v. Nissan Motor Co.*, which Plaintiffs assert has been "narrowed by subsequent decisions." (Objs. at 9.) However, *Ayyash v. Bank Al-Medina*, the case upon which Plaintiffs chiefly rely, simply notes that *Jazini* does not "lay down a categorical rule" that "a district court may never" allow jurisdictional discovery if a plaintiff has failed to make a *prima facie* case for jurisdiction. No. 04 Civ. 9201 (GEL), 2006 WL 587342, at *5 n.7 (S.D.N.Y. Mar. 9, 2006). Since *Jazini*, the Second Circuit has reiterated that a court is "*within its discretion* to deny jurisdictional discovery when 'the plaintiff [has] not made out a prima facie case for jurisdiction.'" *Frontera Res. Azerbaijan Corp. v. State*

---

[7] Although Plaintiffs assert that third party discovery has "confirmed [Plaintiffs'] contention that . . . Infomir LLC[,] Infomir GmbH and Teletec . . . act as alter egos of each other and a wholly-integrated enterprise," they cite only to their complaint to support this assertion. (Objs. at 13 (citing FAC ¶ 1).) Additionally, in their opposition to the motion to dismiss, Plaintiffs assert that "Teletec has the same address as Infomir GmbH." (Opp'n at 9 (citing Rowley Decl., ECF No. 385, ¶¶ 61–63).) However, as the Report notes, this assertion is "wholly unsupported by the [operative complaint] or the documents" that Plaintiffs cite. (Report at 29.)

9

*Oil Co.*, 582 F.3d 393, 401 (2d Cir. 2009) (quoting *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 255 (2d Cir. 2007)) (alteration in original) (emphasis added). Magistrate Judge Moses found that Plaintiffs have failed to make out a *prima facie* case for jurisdiction and, accordingly, acted within her discretion in denying Plaintiffs' motion for jurisdictional discovery.

## C. Failure to Conduct a Proportionality Analysis

Plaintiffs' assertion that Magistrate Judge Moses "fail[ed] to weigh the proportions of the case with respect to the discovery requested" is incorrect. (Objs. at 14.) Magistrate Judge Moses found that "'the need to avoid subjecting a foreign defendant to extensive jurisdictional discovery' significantly outweighs [P]laintiffs' 'potential difficulty' in obtaining jurisdiction over Infomir GmbH." (Report at 38 (quoting *In re Terrorist Attacks on Sept. 11, 2001*, 689 F. Supp. 2d 552, 566 (S.D.N.Y. Jan. 13, 2010)).) Although Plaintiffs may disagree with Magistrate Judge Moses's weighing of the burdens and benefits of discovery, their disagreement does not render her finding clearly erroneous. *See Royal Park Invs. SA/NV*, 2017 WL 4174926, at *5.

Plaintiffs contend that Magistrate Judge Moses' characterization of the discovery they seek as "extensive" was clearly erroneous, because their brief in opposition to the motion to dismiss describes "narrowly-tailored information." (Objs. at 13 (citing Opp'n § B.iv).) But the section of their brief that Plaintiffs cite merely argues that if "the Court is unconvinced that Goldfedib is agent of Infomir GmbH, the Court should authorize jurisdictional discovery so that this question of fact can be accurately resolved." (Opp'n at 19.) As the Report notes, Plaintiffs' brief does not "describe the documents or testimony they seek, or the time they expect [jurisdictional] discovery to take, or what they expect it to show." (Report at 37.) In their objections, Plaintiffs assert that the "key discovery" they seek is "subpoenas to Infomir LLC's banks to find out who pays for . . . STBs and who profits from them." (Objs. at 14.) But this Court has affirmed Magistrate Judge Moses's orders rejecting Plaintiffs' requests for such subpoenas on two prior occasions, (*see* Order

dated Apr. 25, 2018, ECF No. 605, at 11; Memorandum Decision and Order dated Sept. 25, 2018, ECF No. 668, at 5–6), and Plaintiffs cite no new information that would provide a basis to reconsider those requests.

In weighing the relative benefits and burdens of further discovery, Magistrate Judge Moses noted that Plaintiffs have had "the benefit of substantial jurisdictional discovery, including the deposition of Goldfedib." (Report at 37.) Plaintiffs object to this finding, arguing that Goldfedib's deposition should not be considered jurisdictional discovery because "Goldfedib has been worthless." (Objs. at 12.) But whether evidence constitutes jurisdictional discovery does not depend upon how helpful the evidence is. Here, Goldfedib's testimony is plainly relevant to Plaintiffs' jurisdictional allegations, as Plaintiffs allege that "Infomir GmbH does business in New York . . . through . . . its agent Goldfedib." (Objs. at 5.) Thus, Magistrate Judge Moses's finding that Goldfedib's deposition constitutes jurisdictional discovery was not clearly erroneous.

## IV. CONCLUSION

Plaintiffs' objections are OVERRULED. The Report is ADOPTED. Infomir GmbH's motion to dismiss, (ECF No. 482), is GRANTED.

The September 4, 2018 Order denying Plaintiffs' cross-motion for additional jurisdictional discovery, (ECF No. 650), is AFFIRMED.

Dated: New York, New York
September 28, 2018

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

11