# Berkowitz Lichtstein

BERKOWITZ, LICHTSTEIN, KURITSKY, GIASULLO & GROSS, LLC • COUNSELORS AT LAW

75 Livingston Avenue • Roseland, New Jersey • 07068
Main 973.325.7800 • Fax 973.325.7930 • www.blkgg.com

104 West 40th Street • Suite 500 • New York, New York • 10018
Main 646.475.8364

Bernard S. Berkowitz ■▲
Richard S. Finkelstein ■▲
Robert J. Giasullo
Jonathan M. Gross ■▲
Stuart M. Kuritsky
Stewart M. Leviss •
Stephen P. Lichtstein ■▲
John C. Messina
Lawrence T. Neher

Lance T. Eisenberg ■▲
Roy J. Thibodaux III ▲
Eric Melzer *▲
Evan Silagi ▲
Eric Carosia ▲
Matt Iftode ▲
Lisa M. Stern ■▲
Eric A. Friedman ■

■ LLM in Taxation

* LLM in Corporate &
Trade Regulation

▲ Admitted in NY & NJ

• Certified by the Supreme
Court of New Jersey as a
Certified Trial Attorney

Stewart M. Leviss
Direct Line: 973-243-6024
E-mail: sleviss@blkgg.com         File#

October 16, 2018

Via ECF
Hon. Barbara Moses, U.S.M.J.
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 920
New York, NY 10007

   **RE: Joint Stock Company v. Infomir LLC**
      **Civil Action No.: 1:16-cv-01318**

Dear Magistrate Judge Moses:

  This office represents defendant, Infomir, LLC, a New York Limited Liability Company. An issue has arisen, the result of plaintiffs' recent 'discovery' of Wireshark data in native, ".pcap" format from one of Mr. Vidulich's investigations which was produced to defendants late on Friday, October 12, 2018. This production presents several issues with respect to the motion schedule set by the Court (ECF679) following the conference which occurred on Friday, October 5, 2018, including that plaintiffs have now demanded that Infomir LLC withdraw its yet to be filed spoliation motion based upon plaintiffs production of this 'newly discovered' evidence.

  We submit this letter application in accordance with ¶II(A) of Your Honor's Individual Practices to request an extension of the schedule in ECF 679 set for Infomir LLC's initial submission of its discovery sanction and spoliation motion papers. Infomir LLC also requests a brief conference with Your Honor, preferably in person at Your Honor's earliest opportunity, to address specific information regarding plaintiffs' recently 'discovered' Wireshark data, which information will guide the nature of the motion to be filed, including the possibility that no spoliation of evidence occurred.

  The limited specific factual inquiry relevant to the spoliation motion raised by this production is: whether the data plaintiffs produced on October 12, 2018 is the data viewed and relied upon by Mr. Vidulich during the May 27, 2016 investigation described by Mr. Vidulich in his affidavits, ECF80 and ECF211, and as depicted in the "screenshots" of that investigation which plaintiffs have submitted to the Court, ECF80-14 and 16; ECF211-14 and 16. On Monday, October 15, 2018, we requested this information directly from plaintiffs. Plaintiffs responded with a four (4) page letter accusing Infomir, LLC of misconduct, but failing to answer the question and ignoring the extension request.

1

# Berkowitz Lichtstein

BERKOWITZ, LICHTSTEIN, KURITSKY, GIASULLO & GROSS, LLC • COUNSELORS AT LAW

The answer to this question, which is exclusively within plaintiffs' ability to resolve, would determine whether a reasonable basis exists for the proposed spoliation claim. If plaintiffs' October 12, 2018 data production is the data that Mr. Vidulich utilized and relied upon in his May 27, 2016 investigation and which is depicted in the screenshots attached as exhibits to his affidavits, then there does not appear to be any native wireshark (.pcap) data referenced by Vidulich in his filed affidavits which was lost or destroyed. While Infomir LLC would seek other relief by way of discovery motion within the boundaries of the Court's schedule, including the right to conduct a full and complete deposition of Mr. Vidulich on all relevant issues, it would be counter-factual to argue that plaintiffs lost or destroyed evidence that has been produced. Conversely, if plaintiffs continue to assert that Mr. Vidulich's May 27, 2016 investigation was independent of the Wireshark data which plaintiffs discovered and produced on October 12, 2018, Infomir LLC will address that by way of expert opinion and a supporting motion.

The information presently available indicates that Mr. Vidulich's claim to have performed a Wireshark network protocol analysis of IPTV broadcasts transmitted on May 27, 2016 is materially false. Instead, the evidence indicates that on May 27, 2016, Mr. Vidulich observed a Wireshark network protocol analysis which was recorded ('captured') on May 24, 2016. This conflict of dates has significant consequences that undermine the plausibility of the remainder of Mr. Vidulich's sworn testimony (beyond mere confusion) because the date on the ".pcap" file (May 24, 2016) and the date of Mr. Vidulich's screenshots (May 27, 2016) are self-authenticating.

On June 26, 2018, during one of the numerous conferences in which Infomir LLC's request for discovery of plaintiffs' investigation computer data was discussed, the Court issued to plaintiffs the following warning which was prescient:

> Well, look, why don't we just put the risk of this on Mr. Vidulich and his employer. Counsel has represented to you that they've turned over everything they can. Take the man's deposition. He'll be able to answer these questions under oath. If, as a result of his deposition, you become convinced that there's actually more out there that they've somehow overlooked or declined to turn over, you know where to find me. It will be plaintiffs' risk that they may have to reproduce documents and then reproduce their investigator.

6/26/18 T 138:6-15[1]

This is a complex and contentious civil action with a substantial amount of work remaining to be accomplished by all parties prior to the matter being ripe for trial or summary disposition. Infomir LLC seeks to avoid the waste of judicial and litigant resources in pursuing motions practice and discovery concerning factual issues which can and should be readily resolved by simple and direct responses. If the native Wireshark ".pcap" file provided by plaintiffs' counsel as the result of the October 5, 2018 conference constitutes the actual data viewed by Mr. Vidulich during his May 27, 2016 investigation, plaintiffs should affirm that fact. If there are in fact two sets of Wireshark data from two different dates,

---

[1] The cited transcript page is attached to this letter.

# Berkowitz Lichtstein

BERKOWITZ, LICHTSTEIN, KURITSKY, GIASULLO & GROSS, LLC • COUNSELORS AT LAW

plaintiffs must account for the missing May 27, 2016 data -- or face spoliation penalties as determined by the Court.

We respectfully request a conference be scheduled at the Court's earliest opportunity, to address the issue of plaintiffs' production of a Wireshark ".pcap" file following the October 5, 2018 conference and to extend the schedule set by the Court for briefing of any remaining spoliation or discovery sanction issues.

Respectfully submitted,

s/ Stewart M. Leviss
STEWART M. LEVISS

Cc: All Counsel

```
 1                      UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF NEW YORK
 2

 3   --------------------------------X
                                     :
 4   JOINT STOCK COMPANY CHANNEL ONE :
       RUSSIA WORLDWIDE, et al.,     :
 5                                   : 16-CV-01318 (GBD)
                 Plaintiffs,         :
 6           v.                      : June 26, 2018
                                     :
 7   INFOMIR LLC, et al.,            : 500 Pearl Street
                                     : New York, New York
 8               Defendants.         :
     --------------------------------X
 9
          TRANSCRIPT OF CIVIL CAUSE FOR DISCOVERY CONFERENCE
10              BEFORE THE HONORABLE BARBARA C. MOSES
                   UNITED STATES MAGISTRATE JUDGE
11   APPEARANCES:

12   For the Plaintiff:        RAYMOND JAMES DOWD, ESQ.
                               HARDIN PARISHER ROWLEY, ESQ.
13                             Dunnington, Bartholow & Miller, LLP
                               1359 Broadway
14                             New York, New York 10018

15   For S.K. Management:      RONALD DAVID COLEMAN, ESQ.
                               Mandelbaum Salsburg PC
16                             1270 Avenue of the Americas,
                               Suite 1818
17                             New York, New York 10020

18                             MARCUS AURELIUS NUSSBAUM, ESQ.
                               Marcus A. Nussbaum, Esq.
19                             P.O. Box 245599
                               Brooklyn, New York 11224
20
     For Infomir:              STEWART M. LEVISS, ESQ.
21                             EVAN SILAGI, ESQ.
                               Berkowitz, Lichtstein, Kuritsky,
22                             Giasullo & Gross, LLC
                               75 Livingston Avenue
23                             Short Hills, New Jersey 07078

24
     Court Transcriber:        SHARI RIEMER, CET-805
25                             TypeWrite Word Processing Service
                               211 N. Milton Road
                               Saratoga Springs, New York 12866

     Proceedings recorded by electronic sound recording,
     transcript produced by transcription service
```

1  MR. SILAGI: So how do they have a different
2  Wireshark investigation but not the one from the 27? And if
3  they don't have the one from the 27th, we'd like some kind of
4  representation that it was inaccessible. They've never told
5  us that. They just said here's the one from May 24th.
6  THE COURT: Well, look, why don't we just put the
7  risk of this on Mr. Vidulich and his employer. Counsel has
8  represented to you that they've turned over everything they
9  can. Take the man's deposition. He'll be able to answer
10 these questions under oath. If, as a result of his
11 deposition, you become convinced that there's actually more
12 out there that they've somehow overlooked or declined to turn
13 over, you know where to find me. It will be plaintiff's risk
14 that they may have to reproduce documents and then reproduce
15 their investigator.
16 MR. SILAGI: Well, I would ask for --
17 THE COURT: We're all lawyers here. None of us
18 actually understand what we're talking about.
19 MR. SILAGI: That's true. I would ask that before
20 Mr. Vidulich's deposition that we actually get a
21 representation from counsel, and I know that Mr. Rowley just
22 stated it on the record. But some sort of --
23 THE COURT: Mr. Rowley just stated it on the record.
24 Mr. Rowley, do you have any mental reservations or purpose of
25 evasion, or do you represent in good faith to the best of your