UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
Joint Stock Company "Channel One Russia Worldwide,"
Closed Joint Stock Company "CTC Network," Closed
Joint Stock Company "TV DARIAL," Closed Joint
Stock Company "New Channel", Limited Liability
Company "Rain TV-Channel,", and Limited Liability
Company "Global Entertainment TV"

Index No.  16-cv-1318
(GBD)(BCM)

                Plaintiffs,

   -against-

INFOMIR LLC ( www.infomirusa.com), INFOMIR GMBH,
ALEXANDER MARAHOVSKY, EVGENI LEVITIN,
TELECOMMUNICATIONS TECHNOLOGIES LTD.,
PANORAMA ALLIANCE, LP (www.mypanorama.tv),
ASAF YEVDAYEV, DAVID ZELTSER,
S.K. MANAGEMENT of NEW YORK INC., MOIDOM LLC,
TELEPROM, VDALI, MHCOM GmbH and
John Does 1-50.

                Defendants.
------------------------------------------------------------------------X

## DECLARATION OF RAYMOND J. DOWD IN OPPOSITION TO DECLARATION OF ATTORNEYS' FEES AND EXPENSES

      RAYMOND J. DOWD, declares subject to penalties of perjury under the laws of the United States of America, as follows:

      1.     I am an attorney admitted to practice in the State of New York and the United States District Court for the Southern District of New York.

      2.     I am a partner of the law firm Dunnington Bartholow & Miller LLP ("Dunnington"), counsel for Plaintiffs in this action, and have personal knowledge of the facts set forth herein.

      3.     I submit this declaration in opposition to the October 10, 2019 Declaration of Stewart M. Leviss Identifying Fees and Expenses Incurred (ECF 783) ("Fee Declaration")

requesting the reimbursement of $220,446 in attorneys' fees and $97,889.99 in expenses for a total award of $318,335.99.

4. The Court directed Mr. Leviss to submit the Fee Declaration pursuant to the Honorable Barbara Moses' September 26, 2019 Order and Opinion (ECF 779) ("Sanctions Order") which awarded Defendant Infomir LLC ("Infomir") sanctions and reimbursement of attorneys' fees and expenses for the events giving rise to the Sanctions Order.

5. Pursuant to the Sanctions Order, I submit this declaration in opposition to the Fee Declaration.

6. In the Summer of 2016, I directed an investigation into Defendants' piracy of Plaintiffs' satellite television programming.

7. As part of that investigation, I oversaw Christopher Vidulich, a paralegal at Dunnington, in the use of a network protocol analyzer program called Wireshark to capture network data activity routed to and from an Aura HD box.

8. Under my supervision, Mr. Vidulich drafted an affidavit detailing his observations and findings from the Wireshark capture and the affidavit with corresponding exhibits was filed at ECF 80 ("Vidulich Affidavit").

9. From April 2018 to February 2019, counsel for Defendant Infomir LLC, Berkowitz, Lichtstein, Kuritsky, Giasullo & Gross, LLC ("Berkowitz") and Dunnington were engaged in discovery and litigation concerning the Vidulich Affidavit (among other matters) and culminating in the Sanctions Order.

10. The Sanctions Order precluded the use of the Vidulich Affidavit and underlying files and ordered Plaintiffs to reimburse Infomir LLC for "attorneys fees, expert fees and other expenses reasonably incurred in obtaining and enforcing the 4/25/18 Order and 7/3/18 Order

(including the Vidulich deposition), as well as [Infomir's] expenses incurred in litigation the instant sanctions motion" and required that Infomir "shall authenticate and attach the relevant time and expense records, including attorney time records and invoices for out of pocket expenses." (ECF 779).

11. Under the plain language of the Sanctions Order, the compensable fees and expenses are limited to fees and expenses incurred in obtaining and enforcing the April 25, 2018 and July 3, 2018 Orders, Vidulich Deposition, and the underlying sanctions motion.

12. The Court also required that Infomir authenticate and attach relevant time and expense records including time records and invoices for out of pocket expenses. (ECF 779).

13. As set forth below, the Fee Declaration exceeds the scope of the Sanctions Order and the materials attached to the Fee Declaration are deficient to substantiate Infomir's total request for reimbursement.

14. The Fee Declaration seeks compensation for the following discovery and litigation activity exceeding the scope of the Sanctions Order:

    a. The briefings, correspondence, and conferences leading up to the April 25, 2018 and July 3, 2018 Orders to the extent those Orders covered matters unrelated to the underlying Sanctions Order[1];

    b. Joint letters prepared in advance of the April 19, 2018 and June 26, 2018 conferences to the extent those conferences concerned matters unrelated to the underlying Sanctions Order (ECF 783 ¶¶ 6, 7);

---

[1] References made herein to the underlying Sanctions Order include the compensable fees and expenses enumerated in the Sanctions Order.

  c. The April 9, 2018 letter from Berkowitz to Dunnington (ECF 566-1) which only contains a single paragraph in four pages related to the network analyzer program Wireshark referenced in the precluded Vidulich Affidavit (ECF 783 ¶ 6);

  d. Supplemental legal briefing following the April 19, 2018 discovery conference which had nothing to do with Wireshark (ECF 783 ¶ 7);

  e. Plaintiffs' March 23, 2018 second motion for summary judgment (ECF 547) which was withdrawn on October 9, 2018 (ECF 679) (ECF 783 ¶ 11);

  f. Plaintiffs' motion to compel expert discovery and strike expert discovery (ECF 706) to the extent Infomir's opposition concerns matters unrelated to the underlying Sanctions Order;

  g. Independent investigations and expert discovery referenced but not specified or discernable in the Fee Declaration or attachment thereto (ECF 783 ¶ 27);

  h. Time spent formulating the Fee Declaration and reviewing the Sanctions Order which is not authenticated by any supporting document to the Fee Declaration as required by the Sanctions Order (ECF 783 ¶ 39); and

  i. Any inclusion of matters unrelated to the underlying Sanctions Order which Mr. Leviss claimed should not be disqualified for reimbursement (ECF 783 ¶ 20) ("To the extent that certain included time entries related to other aspects of this civil action, that should not disqualify those expenses for reimbursement in accordance with the Court's Order and Opinion.").

15. In addition to the foregoing unrelated fees and expenses in the Fee Declaration, the documents provided by Mr. Leviss to substantiate his request for reimbursement are deficient.

16. The Sanctions Order requires the authentication of the relevant fees and expenses. (ECF 779.) Yet, the attachments to the Fee Declaration—attorney time sheets, expert consultant time sheets, and expert consultation invoices are incomplete or heavily redacted, raising numerous questions about how fees and expenses were calculated and paid.

17. Such issues and deficiencies include the following objectionable categories of entries in the attachments to the Fee Declaration: (1) entries that exceed the scope of the Sanctions Order; (2) entries for work that would have occurred regardless of the work related to the Sanctions Order; (3) entries that list a dollar amount for the fee or expense incurred but are redacted in part or in whole; (4) entries that are block billed and not contemporaneous; (5) entries that are vague and not clearly connected to the Sanctions Order. (ECF 783 Exs. A, B, C.)

18. The attachments to the Fee Declaration are heavily redacted rendering many entries vague and unclear. In fact, numerous entries are so heavily redacted that one can only see a dollar figure but have no idea what the request for reimbursement entails.

19. Mr. Leviss acknowledges the use of block-billing but only applies a 25% discount and concedes that there may be duplication of effort but asks the Court to overlook such duplication. (ECF 783 at 10, 12).

20. Paragraph 6 of the Leviss declaration requests reimbursement for time entries between April 9 and April 19, 2018 that should be eliminated. Broadcasters note the following overbillings:

   a. Specifically, Paragraph 6 requests reimbursement for a "detailed letter which addressed plaintiffs' failure to have produced discovery ordered by the court…." Though unclear, this letter is likely Exhibit A to the April 16, 2018 joint letter filed by the parties (See ECF 666). Exhibit A is a letter dated April 9, 2018 (See ECF

666-1). Two paragraphs of the 4 page letter concern the Wireshark Investigation. The majority of the letter concerns other discovery issues that were never subject to the sanctions motion: Broadcasters' third-party licenses, IPTV security specifications, neighboring rights, agreements establishing different versions of the Channels. *Id*. Broadcasters' response was similarly limited.

b. Infomir's timesheets show redacted block billing of 9.40 hours by Mr. Leviss on April 9, 2018. (ECF 783 Ex. A at 3). This amount of billing is unsupported for the small portion of the letter devoted to the Wireshark Investigation. On April 13, Mr. Silagi block bills 4.70 hours for reviewing Broadcasters' April 13, 2018 response to the April 9, 2018 letter. (ECF 783 Ex. A at 4).

c. Paragraph 6 also asks for fees related to "drafting and revisions to the joint letter." Like the prior correspondence between counsel, the Wireshark Investigation was a minor part of the joint letter. (*See* ECF 666). On April 16, 2018 Mr. Silagi block billed 5.50 hours and Mr. Leviss requests 4.30 hours for the joint letter that his time record shows he spent 1.2 hours working on. (*Id*. at 4) The Court should reduce this amount.

d. Mr. Silagi's April 18, 2018 block billing of 7.20 hours in preparation for the discovery conference should be reduced for the same reasons stated above, the Wireshark Investigation was a minor part of the conference. (ECF 783 Ex. A at 4-5). Mr. Leviss' billing of 2 hours on April 18, 2019 appears to similarly overbill for the Wireshark portion of the discovery conference. (*Id*. at 5).

e. On April 19, Messrs. Leviss and Silagi block billed 10 hours each for the discovery conference. (*Id.*). This portion is overbilled for the same reasons outlined above,

the Wireshark investigation was a minor part of the conference. For example, Mr. Leviss does not provide an exact time for his call with Infomir GmbH's counsel or explain its relation to the Wireshark investigation. (*Id.*) Further, the time should be reduced because it includes travel time.

21. Paragraphs 7 to 8 of the Leviss declaration generally concern the period from April 20 to June 26, 2018. Broadcasters note the following instances of overbilling.

   a. Specifically these paragraphs requests reimbursement for "supplemental legal briefing" following the April 19, 2018 discovery conference. The Wireshark Investigation was not the subject of the supplemental brief. (*See* ECF 572). Between April 26 and April 27, Mr. Leviss and Mr. Silagi billed 14 hours for drafting the unrelated the supplemental brief. (ECF 783 Exhibit A at 6). This time should be eliminated from any award.

   b. On April 30, the unredacted portion of Mr. Silagi's block billing shows he spent 5.80 hours reviewing a transcript of the April 19 discovery conference. (*Id.*) As stated above, that conference concerned broad discovery issues, not just the Wireshark Investigation. This time should be reduced.

   c. Infomir seeks full reimbursement for its May 23, 2018 brief opposing Plaintiffs' objections to Judge Moses' Report and Recommendation to Judge Daniels. A mere 2.5 pages of the 17 page brief concern the Wireshark investigation. (ECF 587). Yet Messrs. Leviss and Silagi bill 23.9 hours for this brief (ECF 783 Ex. A at 9-10). This time should be reduced proportionally by the amount of brief length devoted to the Wireshark Investigation. Broadcasters estimate a reduction to 3.5 hours.

d. Mr. Leviss also bills .4 hours to review Goodzone's brief. (*Id.* at 10). Mr. Nussbaum's work product is not part of the sanctions order, so the time should be eliminated.

e. On June 25, 2018 Mr. Leviss bills .5 hours for work concerning Goodzone and Russian TV Company, a defendant in an unrelated action. (*Id.* at 13). This time should be eliminated.

f. On June 26, 2018, Messrs. Leviss and Silagi block bill 17.7 hours for travel to and attendance at a discovery conference. (*Id.* at 13) That travel time should be reduced.

22. Paragraphs 9 to 11 request reimbursement for work completed between June 27, 2019 and August 29, 2019. Broadcasters note the following instances of overbilling.

a. During that period Infomir seeks reimbursement for a brief in opposition to Plaintiffs' motion to overrule the July 3, 2018 discovery order that does not concern the Wireshark Investigation. (ECF 642). Infomir seeks reimbursement for 7.0 hours of work conducted by Mr. Leviss on July 19 and July 20, 2018 for the brief. (ECF 783 Ex. A at 17). Mr. Silagi includes review of this briefing and review of SKM's letter to the Court in 7.20 hours of block billing on July 23, 2018. (*Id*. at 18). Mr Silagi also block billed 1.10 hours for this brief that should be reduced on July 24. (*Id*.)

b. Mr. Silagi further billed 2.20 hours on July 30 for the brief. (*Id*. at 19). Infomir's objections did not concern the Wireshark Investigation, so Mr. Leviss' time should be eliminated and Mr. Silagi's eliminated or reduced.

    c. On July 24, Mr. Leviss bills .8 hours for Plaintiff's requests for unproduced native files. (*Id.* at 18)  The order does not cover this discovery dispute.  This time should be eliminated.

    d. Mr. Silagi block bills 1.5 hours on August 7, 2018 for work opposing Channel One's withdrawn summary judgment motion. (*Id* at 21).  That time should be reduced.

23. Paragraphs 12 to 14 request reimbursement for work completed between September and November 2018.  Broadcasters note the following instances of overbilling.

    a. Between September 11 and 14, 2018, Infomir bills for drafting an opposition to Channel One's withdrawn summary judgment motion.  (ECF 783 Ex. A at 23-26).  That time is not covered by the sanctions order and should be eliminated.

24. In Paragraph 18 of his declaration, Mr. Leviss admits to the existence of client invoices and affirms that "all reimbursements sought were actually billed to and paid for by Infomir, LLC."  There are two Infomir, LLCs.  One in Ukraine and one in Brooklyn.  Mr. Leviss' statement is ambiguous as to which Infomir, LLC is paying the bills for his firm.  The missing invoice cover pages suggest that this information is being concealed.

25. To understand the Fee Declaration, I requested that Mr. Leviss provide supporting documents by letter dated October 22, 2019.  A copy of the letter is attached hereto as **Exhibit A**.

26. Mr. Leviss replied October 23, 2019 and denied my request.  A copy of the letter denial is attached as **Exhibit B**.

27. I have prepared a chart attached hereto as **Exhibit C** indicating each time entry and the extent to which each time entry is problematic cross-referenced with the narratives of

Paragraphs 20 through 23 above. We hope that this will assist the Court in pinpointing specific objections to specific time entries.

28. I totaled the hours found in the invoices attached to the Fee Declaration. Our math shows the following:

        2018 – Silagi: 184.1 total hours

        2018 – Leviss: 183.1 total hours

29. However the Fee Declaration at paragraph 38 shows

        2018 – Silagi: 217.5 total hours

        2018 – Leviss: 240.4 total hours

30. This yields an error in the Fee Declaration in the year 2018 of approximately 33 hours for Silagi and 57 hours for Leviss. This yields an overstatement of 2018 time of $9,900 for Silagi and $28,500 for Leviss. Accordingly, in addition to the other objections stated, it appears that the fee request should be reduced by those amounts on this basis.

31. Attorneys' fees for travel time are billed throughout, in the court's discretion, this time should be eliminated entirely or reduced.

32. Leviss and Silagi bill throughout for conferring with each other, in the court's discretion, this time should be reduced because it suggests inefficiency or billing of administrative tasks.

33. Broadcasters will object the Sanction Order to Judge Daniels and after seeking extensions, are scheduled to file their objections on November 1, 2019.

Dated: New York, New York
       October 25, 2019

                                                      /s/ Raymond J. Dowd
                                                          Raymond J. Dowd