**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------- x

JOINT STOCK COMPANY "CHANNEL ONE RUSSIA
WORLDWIDE," CLOSED JOINT STOCK COMPANY
"CTC NETWORK," CLOSED JOINT STOCK
COMPANY "TV DARIAL," CLOSED JOINT STOCK
COMPANY "NEW CHANNEL," LIMITED LIABILITY
COMPANY "RAIN TV-CHANNEL," and LIMITED
LIABILITY COMPANY "COMEDY TV,"

       Plaintiffs,

  -against-

INFOMIR LLC *(www.infomirusa.com)*; PANORAMA
ALLIANCE, LP *(www.mypanorama.tv)*; DAVID
ZELTSER; ASAF YEVDAYEV; MHCOM GMBH;
TELEPROM; VDALI; S.K MANAGEMENT OF NEW
YORK, INC.; and JOHN DOES 1-50,

       Defendants.

------------------------------------- x



MEMORANDUM DECISION
AND ORDER

16 Civ. 1318 (GBD) (BCM)

GEORGE B. DANIELS, United States District Judge:

In this action, Plaintiffs, a group of Russian television broadcasters, allege that various Defendants, including Panorama Alliance, LP ("Panorama"), intercept and rebroadcast Plaintiffs' television programming without authorization. (First Am. Verified Compl., ECF No. 211.) This action was referred to Magistrate Judge Barbara C. Moses for, among other things, general pretrial management and reports and recommendations on dispositive motions. (*See* Order of Reference, ECF No. 35; Am. Order of Reference, ECF No. 64.) Defendant Panorama's former counsel, Alan P. Fraade and the Mintz Fraade Law Firm, P.C. ("Movants"), moved for reconsideration of three prior sanctions orders: (1) Magistrate Judge Moses's order dated July 18, 2017 (the "July 2017 Order"), which imposed sanctions pursuant to Federal Rule of Civil Procedure 37(b) against Panorama and Movants, (July 2017 Order, ECF No. 320); (2) this Court's order dated September 28, 2017 (the "September 2017 Order), which adopted Magistrate Judge Moses's recommendation

to impose sanctions pursuant to Federal Rule of Civil Procedure 11 also against Panorama and Movants, (September 2017 Order, ECF No. 361); and (3) Magistrate Judge Moses's Order dated May 24, 2019 (the "May 2019 Order"), which determined the amount of those sanctions to be $91,147.75, (May 2019 Order, ECF No. 747). (Notice of Mot., ECF No. 753.)

Before this Court is Magistrate Judge Moses's June 13, 2019 Order and Report and Recommendation denying the motions for reconsideration as to her July 2017 Order and May 2019 Order, and recommending that this Court deny the motion to reconsider this Court's September 2017 Order.[1] (Order and R. &. R., ECF No. 759.) Magistrate Judge Moses advised Movants and the parties that, with respect to the portion of the motion requesting that the District Court reconsider the September 2017 Order, failure to file timely objections would constitute a waiver of those objections on appeal. (*Id.* at 8.) On June 27, 2019, Movants, by objection, challenged Magistrate Judge Moses's ruling denying reconsideration of her July 2017 Order and May 2019 Order. (Obj. by Mintz Fraade Law Firm and Alan P. Fraade to Order and R. & R. of Mag. J. Barbara Moses Dated June 13, 2019 ("Objs."), ECF No. 767.) Movants also objected to Magistrate Judge Moses's recommendation that this Court deny reconsideration of its September 2017 Order. (*Id.*)

Movants' appeal of Magistrate Judge Moses's orders is DENIED, and objections to her recommendations are OVERRULED. That portion of her Order and Report and Recommendation denying reconsideration of the July 2017 Order and May 2019 Order is AFFIRMED. Magistrate Judge Moses's June 13, 2019 Order and Report and Recommendation that this Court deny reconsideration of its September 2017 Order is ADOPTED. Accordingly, all of Movant's motions for reconsideration are DENIED.

---

[1] The relevant factual and procedural background is set forth in greater detail in the Order and Report and Recommendation and is incorporated by reference herein.

2

## I. LEGAL STANDARDS

### A. Review of Magistrate Judges' Orders.

Under 28 U.S.C. § 636(b)(1)(A), "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court," with the exception of certain dispositive motions. 28 U.S.C. § 636(b)(1)(A). "The district court reviews [a magistrate judge's order relating to a nondispositive pretrial matter] under the 'clearly erroneous or contrary to law' standard." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) (citing § 636(b)(1)(A); Fed. R. Civ. P. 72(a)). Clear error is present when, "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted). "A magistrate's ruling is contrary to law if it 'fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure[.]'" *Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (first alteration in original) (citation omitted). "[M]agistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." *Winfield v. City of New York*, No. 15 Civ. 5236 (LTS), 2017 WL 5054727, at *2 (S.D.N.Y. Nov. 2, 2017) (alteration in original) (citation omitted). "[A] party seeking to overturn a magistrate judge's decision thus carries a heavy burden." *U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc.*, No. 04 Civ. 6189 (JFK), 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007).

### B. Reports and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects.

3

*Id.* The court, however, need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

### C. Motion for Reconsideration.

Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019) (citation omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted); *see also* Local Civ. R. 6.3 (providing that movant must "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked"). Grounds justifying reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a

clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted). A motion for reconsideration is, however, "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citations omitted); *see also Weiss v. El Al Isr. Airlines, Ltd.*, 471 F. Supp. 2d 356, 358 (S.D.N.Y. 2006) ("A motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue.").[2]

## II. THE ORDER AND REPORT AND RECOMMENDATION INCLUDES BOTH NONDISPOSITIVE AND DISPOSITIVE MATTERS

As a preliminary matter, this Court must determine whether Magistrate Judge Moses's June 13, 2019 Order and Report and Recommendation is considered dispositive or not, and whether it should therefore be reviewed under the *de novo* or the "clearly erroneous and contrary to law"

---

[2] At least one sister court in this District has concluded that Local Civil Rule 6.3 does not allow "for motions for reconsideration to be made to magistrate judges," under the reasoning that 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a) "require[] that objections to a magistrate judge's nondispositive order be timely made to the district judge assigned to the case." *Koehler v. Bank of Berm., Ltd.*, No. M18-302, 2003 WL 466206, at *1 (S.D.N.Y. Feb. 21, 2003). Other sister courts, however, have viewed no such restrictions to Local Civil Rule 6.3. *See, e.g., DiPietro v. United States*, No. 10 Civ. 199 (LAP) (HBP), 2019 WL 1949860, at *1 (S.D.N.Y. Apr. 16, 2019) (affirming magistrate judge's order denying motion for reconsideration of his prior discovery order); *Lastra v. City of New York*, No. 16 Civ. 3088 (JGK), 2018 WL 2383138, at *1 (S.D.N.Y. May 15, 2018), *appeal dismissed*, No. 18-1744, 2018 WL 8577532 (2d Cir. Dec. 21, 2018) (overruling plaintiff's objections to magistrate judge's order denying motion for reconsideration of magistrate's prior ruling on motion to withdraw); *Reino de Espana v. Am. Bureau of Shipping, Inc.*, No. 03 Civ. 3573 (LTS) (RLE), 2008 WL 3851957, at *1 (S.D.N.Y. Aug. 18, 2008) (overruling plaintiff's objections to magistrate judge's order denying motion for reconsideration of magistrate's prior ruling on motion to compel). This Court concurs with these courts, as well as with Magistrate Judge Moses, who aptly observed that "nothing in the text of Local Civil Rule 6.3 suggests that it is inapplicable to orders issued by magistrate judges." (Order and R. &. R. at 4 n.2.) As Magistrate Judge Moses also noted, "[t]he fact that there are two procedural options for challenging a magistrate judge's non-dispositive order—governed by different standards and requiring different showings—does not place either one of them out of bounds." (*Id.*) Accordingly, this Court does not find that Movants' motions for reconsideration by the Magistrate Judge were procedurally improper.

standard. Movants contend that it is dispositive, and that this Court must review it *de novo*. (*See* Objs. at 2.)

Contrary to Movants' assertion, the "clearly erroneous or contrary to law" standard is the appropriate standard of review for the portions of the Order and Report and Recommendation pertaining to Magistrate Judge Moses's denial of reconsideration of her own sanctions orders. These orders—the July 2017 Order imposing Rule 37(b) sanctions against Movants and the May 2019 Order determining the sanctions amount—are nondispositive for purposes of 28 U.S.C. § 636(b)(1)(A) and Rule 72(a). *See e.g.*, *Seena Int'l, Inc. v. One Step Up, Ltd.*, 2016 WL 2865350, at *10 (S.D.N.Y. May 11, 2016) ("Monetary sanctions pursuant to Rule 37 for noncompliance with discovery orders usually are committed to the discretion of the magistrate, reviewable by the district court under the 'clearly erroneous or contrary to law' standard." (quoting *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990)).

Where an underlying order is nondispositive, an order denying reconsideration of that order is also nondispositive and need be reviewed only under the "clearly erroneous or contrary to law" standard. *See Williams v. Rosenblatt Sec., Inc.*, 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017) ("To the extent that the plaintiff's Objection is directed at the Magistrate Judge's denial of his request for reconsideration of the [Magistrate Judge's discovery] Order, . . . the plaintiff must show that the Magistrate Judge's decision . . . was clearly erroneous or contrary to law."); *Alli v. Steward-Bowden*, No. 11 Civ. 4952 (PKC) (KNF), 2013 WL 5229995, at *1 (S.D.N.Y. Sept. 17, 2013) (noting that magistrate judge's order denying motion for reconsideration of his prior order denying bifurcation of plaintiff's claims "is a non-dispositive pretrial order reviewable under Rule 72(a)"); *Bishop v. Toys "R" Us-NY, LLC*, No. 04 Civ. 9403 (PKC) (GWG), 2007 WL 2042913, at *2 (S.D.N.Y. July 13, 2007) (noting that magistrate judge's "ruling on the motion for reconsideration,

as well as the underlying ruling on sanctions, is a nondispositive pretrial matter"). Accordingly, Magistrate Judge Moses's denial of reconsideration of the Rule 37(b) sanctions and of the sanctions amount need not be reviewed *de novo*.

The only portion of the June 13, 2019 Order and Report and Recommendation that could warrant *de novo* review is the portion pertaining to Magistrate Judge Moses's recommendation that this Court deny reconsideration of its September 2017 Order. Of course, such portions are subject to *de novo* review only if Movants properly filed objections thereto. *See* 28 U.S.C. § 636(b)(1)(C); *Edwards*, 414 F. Supp. at 346–47; *Stone*, 2018 WL 1581993, at *3.

### III. THE MOTIONS FOR RECONSIDERATION ARE UNTIMELY AS TO THE JULY 2017 ORDER AND SEPTEMBER 2017 ORDER

Magistrate Judge Moses correctly found that Movants' motions for reconsideration are untimely as to the July 2017 Order and September 2017 Order. Reconsideration motions are governed by Local Civil Rule 6.3, which provides that such motions must be served "within fourteen (14) days after the entry of the Court's determination of the original motion." Local Civ. R. 6.3. Here, the July 2017 Order imposing Rule 37(b) sanctions against Movants was issued on July 18, 2017. The September 2017 Order imposing Rule 11 sanctions against Movants was issued on September 28, 2017. Movants filed their motions for reconsideration of these two orders on June 7, 2019—nearly 22 months after the deadline expired as to the July 2017 Order, and nearly 20 months after the deadline expired as to the September 2017 Order. "As numerous cases from this Circuit have held, the untimeliness of a motion for reconsideration is reason enough to deny the motion." *McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018) (collecting cases).

Movants try to suggest that the time for filing a reconsideration motion is extended where the order at issue grants a motion for sanctions but defers deciding the amount of the sanctions

7

imposed. Specifically, they claim that "the July 18, 2017 Order granting Plaintiffs' motion for sanctions would not be final until the amount of the sanctions was determined." (Objs. at 3.) They further claim that because "the magnitude of the sanctions is a substantial factor in considering whether or not to appeal," they "did not consider it appropriate to take any action with respect to the July 18, 2017 Order and September 28, 2017 Order prior to the Court's determination of the amount of the sanctions." (*Id.* at 4.)

Movants' argument is without merit. The issue of whether to impose sanctions is distinct from the issue of what amount of sanctions to impose. While "the magnitude of the sanctions" may have certainly been a "substantial factor" in Movants' decision to file a motion for reconsideration, Local Civil Rule 6.3 makes clear that they were required to move for reconsideration of any order determining a motion within 14 days after the court's determination of *that* particular motion. *See* Local Civ. R. 6.3 ("Unless otherwise provided by the Court or by statute or rule . . . , a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion[.]"). Indeed, litigants routinely file Rule 6.3 reconsideration motions immediately after a court's granting of a sanctions motion, regardless of whether the order specifies the amount of the sanction. *See, e.g., Smith v. Cty. of Nassau*, 2013 WL 3863918, at *1 (E.D.N.Y. July 24, 2013) (noting that reconsideration motion was made before plaintiff submitted application for costs); *Pastorello v. City of New York*, 2003 WL 22118972, at *1 (S.D.N.Y. Sept. 11, 2003) (denying reconsideration motion as to order that awarded sanctions but did not determine the amount to be awarded).

The only authorities that Movants cite in support of their position that they were entitled to wait until June 2019 to file reconsideration motions as to orders issued in 2017, (*see* Objs. at

8

3–4), are cases concerning the point of time at which a sanctions order is "final" for the purpose of appeal pursuant to 28 U.S.C. § 1291. *Klapper v. Verizon Commc'ns, Inc.*, 70 F. App'x 44, 45 (2d Cir. 2003) ("The district court's sanction is not a 'final decision' under 28 U.S.C. § 1291, because the amount of the sanction has yet to be fixed."); *Pridgen v. Andresen*, 113 F.3d 391, 394 (2d Cir. 1997) ("We have held that orders awarding attorney's fees as a sanction are not appealable until the amount of the sanction has been determined."); *Discon, Inc. v. NYNEX Corp.*, 4 F.3d 130, 132 (2d Cir. 1993) ("While as a final collateral order . . . a sanction award may be appealed separately from the merits of the underlying action, . . . when the amount of the sanction has not yet been reduced to a sum certain, we lack jurisdiction to review the sanction."); *Gortat v. Capala Bros., Inc.*, No. 07 Civ. 3629 (ILG), 2009 WL 10706565, at *1 (E.D.N.Y. June 23, 2009) ("Section 1291 of title 28 limits appellate review to orders of the district court that are 'final.' . . . Because, prior to this memorandum and order, the amount of the monetary sanctions had not been determined, the [memorandum and order] imposing sanctions only is non-appealable.").

Even if Movants were correct that the time at which they could *appeal* the July 2017 Order or September 2017 Order did not commence in 2017, Local Civil Rule 6.3 is not limited to "final" or appealable orders. Rather, it requires a litigant to seek reconsideration of a "court order determining a motion" within 14 days after entry of the court's determination of such motion. Local Civ. R. 6.3. Many court orders determining motions are non-final for purposes of 28 U.S.C. § 1291, including, for example, orders granting motions to dismiss as to some but not all claims or counterclaims. *See, e.g., Citizens Accord, Inc. v. Town of Rochester, N.Y.*, 235 F.3d 126, 128 (2d Cir. 2000). The cases that Movants cite are therefore inapposite.

## IV. ANY MOTION FOR RECONSIDERATION IS MERITLESS

Magistrate Judge Moses also properly determined that Movants' motions for reconsideration are meritless as to all three underlying sanctions orders. Neither Movants' memorandum of law in support of their motions nor their objections to Magistrate Judge Moses's Order and Report and Recommendation mention Local Civil Rule 6.3 or the stringent standards that the Rule sets for granting reconsideration. Aside from arguing that the amount of the sanctions award against Movants is "not justifiable" as compared to a different sanctions award that Magistrate Judge Moses issued against two other Defendants,[3] Movants point to no "controlling decisions or data that the court overlooked." *Shrader*, 70 F.3d at 257 (citation omitted). Movants never argue that they met the strict standards justifying reconsideration, or that Magistrate Judge misapplied such standards in her Order and Report and Recommendation.

Instead, Movants aim their objections at the underlying sanctions orders themselves, and, in doing so, largely rehash arguments that Magistrate Judge Moses and this Court have already considered thoroughly and rejected. For example, in both their original memorandum of law and

---

[3] Specifically, Movants argue that Magistrate Judge Moses unjustly reduced Plaintiffs' request for fees and costs as to Panorama and Yevdayev by a greater percentage than she reduced Plaintiffs' request as to Movants, even though Plaintiffs' billing records suffered the "same errors" in both cases. (Objs. at 15.) This argument is unavailing. Magistrate Judge Moses was well within her broad discretion in imposing sanctions against Movants in the amount of $91,147.75, (*see* May 2019 Order), and against Panorama and Yevdayev in the amount of $30,607.50, (*see* Order, ECF No. 758). With respect to both awards, Magistrate Judge Moses conducted a comprehensive and careful review of Plaintiffs' invoices and time records, as well as of each time entry for which reimbursement was warranted. (*See* May 2019 Order at 8–11; Order at 8–16.) Even if Plaintiffs' request as to Panorama and Yevdayev was reduced by a greater percentage than was Plaintiffs' request as to Movants, and even if such reduction was due to similar errors in Plaintiffs' billing records, that does not necessarily mean that those errors occurred with the same frequency or to the same extent in both cases. Moreover, in assessing the sanctions award against Panorama and Yevdayev, Magistrate Judge Moses expressly considered the award that she had already imposed against Panorama's former counsel—that is, Movants. (Order at 16.) As Magistrate Judge Moses noted in her order imposing sanctions against Panorama and Yevdayey, $30,607.50 was an appropriate award, given "plaintiffs' aggressive approach to the instant fee application – including their request that Panorama and Yevdayev pay for their Local Rule 54.2 bond application against two unrelated defendants, their Rule 11 litigation against Panorama's former counsel, and other matters clearly outside of the scope of the 9/28/18 Order." (*Id.*)

their objections, Movants argue that they should not be held jointly and severally liable with Panorama, (Mem. of Law in Supp. of Mot. for Recons. ("Mem."), ECF No. 755, at 4–6; Objs. at 4–6); that the billing records submitted by Plaintiffs' counsel fail to comply with the required standards for granting attorneys' fees, (Mem. at 7–8; Objs. at 7–11); that "duplicative or excessive" attorneys' fees should not have been included in the award, (Mem. at 8–9; Objs. at 12–13); and that fees for attorney activity that would have occurred regardless of the sanctioned violation should not have been included in the award, (Mem. at 9–10; Objs. at 14). Because a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple," *Analytical Surveys*, 684 F.3d at 52 (citations omitted), reconsideration is not warranted here.[4]

## V. CONCLUSION

The portion of Magistrate Judge Moses's Order and Report and Recommendation denying reconsideration of her July 2017 Order and May 2019 Order is AFFIRMED. The portion of her Order and Report and Recommendation recommending denial of reconsideration by this Court of its September 2017 Order is ADOPTED. Movants' motions for reconsideration of the July 2017

---

[4] It bears noting that Movants' objections to the Order and Report and Recommendation is Movants' *fourth* bite at the apple with respect to the Rule 11 sanctions. Movants previously argued against imposition of such sanctions in (1) their opposition to the Rule 11 motion itself, filed on November 14, 2016, (*see* Mem. of Law in Opp'n to Pls.' Mot. for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure, ECF No. 144); (2) their objections to Magistrate Judge Moses's July 2017 Order and Report on the Rule 11 motion, filed on September 18, 2017, (*see* Mem. of Law in Opp'n to Mem. and Order and R. & R. Regarding Sanctions Pursuant to Rule 11, ECF No. 353); and (3) their motions for reconsideration, filed on June 7, 2019, (*see* Mem.).

Order, September 2017 Order, and May 2019 Order, (ECF No. 753), are DENIED. The Clerk of Court is directed to close the motions accordingly.

Dated: New York, New York
      March 26, 2020

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge