**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------x
JOINT STOCK COMPANY "CHANNEL ONE RUSSIA :
WORLDWIDE," CLOSED JOINT STOCK COMPANY :
"CTC NETWORK," CLOSED JOINT STOCK :
COMPANY "TV DARIAL," CLOSED JOINT STOCK :
COMPANY "NEW CHANNEL," LIMITED LIABILITY :
COMPANY "RAIN TV-CHANNEL," and LIMITED :
LIABILITY COMPANY "COMEDY TV," :
:
                      Plaintiffs, :    MEMORANDUM DECISION
:          AND ORDER
      -against- :
:    16 Civ. 1318 (GBD) (BCM)
INFOMIR LLC *(www.infomirusa.com)*; PANORAMA :
ALLIANCE, LP *(www.mypanorama.tv)*; DAVID :
ZELTSER; ASAF YEVDAYEV; MHCOM GMBH; :
TELEPROM; VDALI; S.K MANAGEMENT OF NEW :
YORK, INC.; and JOHN DOES 1-50, :
:
                      Defendants. :
------------------------------------------x
GEORGE B. DANIELS, United States District Judge:

      Plaintiffs, a group of Russian television broadcasters, commenced this action on February 19, 2016 against various Defendants, alleging unauthorized interception and re-broadcasts of foreign language television programming over the internet in violation of federal and state law. (Compl., ECF No. 1.) On April 5, 2017, Plaintiffs filed their First Amended Complaint, which, *inter alia*, added as Defendants Panorama Alliance, LP ("Panorama")—which the original Complaint had identified as "Panorama TV (www.mypanorama.tv)"—and Asaf Yevdayev. (First Am. Verified Compl., ECF No. 211.) Subsequently, on July 10, 2017, this Court granted a default judgment against Panorama and Yevdayev, enjoined Panorama and Yevdayev from continuing their unlawful conduct, and referred the matter to Magistrate Judge Barbara C. Moses for an inquest on damages. (Default J. and Permanent Inj., ECF No. 313; *see also* Am. Order of Reference, ECF No. 316.)

Pursuant to a Scheduling Order by Magistrate Judge Moses, Plaintiffs submitted their proposed findings of fact and conclusions of law regarding damages, accompanied by a declaration from their counsel attaching various documents obtained from Yevdayev and third parties. (Broadcasters' Proposed Findings of Fact and Conclusions of Law, ECF No. 472; Decl. of Raymond J. Dowd, ECF No. 473.) Plaintiffs then filed a supplemental memorandum of law in support of their proposed findings. (Suppl. Mem. of Law in Supp. of Broadcasters' Proposed Conclusions of Law Regarding the Calculation of Damages Under the Federal Communications Act, ECF No. 691.) Neither Panorama nor Yevdayev filed a response to Plaintiffs' proposed findings or supplemental memorandum of law.

Before this Court is Magistrate Judge Moses's October 25, 2019 Report and Recommendation (the "Report"), recommending that Plaintiffs be awarded (1) $4,241,000 in statutory damages pursuant to § 605(e)(3)(C)(i)(II) of the Federal Communications Act (the "FCA"), 47 U.S.C. § 605(e)(3)(C)(i)(II), (2) $8,482,000 in enhanced damages pursuant to § 605(e)(3)(C)(ii) of the FCA, 47 U.S.C. §§ 605(e)(3)(C)(ii), and (3) $30,607.50 in discovery sanctions previously imposed against Panorama and Yevdayev for their post-default discovery misconduct, (*see* Order, ECF No. 758), for a total of $12,753,607.50, with the judgment to run jointly and severally against Panorama and Yevdayev.[1] (Report, ECF No. 787, at 1–2.) Magistrate Judge Moses's Report further recommended that Plaintiffs be awarded $61,475.97 in discovery sanctions previously imposed against Panorama and its then-counsel, (*see* Order, ECF No. 747),[2]

---

[1] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein.

[2] On June 7, 2019, Panorama's then-counsel, Alan P. Fraade and the Mintz Fraade Law Firm, P.C., filed a motion for reconsideration of, *inter alia*, Magistrate Judge Moses's Order awarding Plaintiffs $61,475.97 in discovery sanctions. (Notice of Mot., ECF No. 753.) This Court denies this motion for reconsideration under separate order.

2

with that portion of the judgment running solely against Panorama. (Report at 2.) Magistrate Judge Moses advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 33.) No objections have been filed. Having reviewed the Report for clear error and finding none, this court ADOPTS the Report in full.

## I. LEGAL STANDARD

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

## II. THE REPORT CORRECTLY CALCULATES PLAINTIFFS' DAMAGES

Magistrate Judge Moses conducted a comprehensive and careful inquest and issued the Report recommending that this Court award damages as specified in the Report. (Report at 1–2.) This Court has reviewed the Report, and finds no error, clear or otherwise. Accordingly, this Court adopts Magistrate Judge Moses's recommended judgment regarding damages and previously-imposed discovery sanctions for the reasons stated in the Report.

## III. CONCLUSION

Magistrate Judge Moses's Report is ADOPTED. Panorama and Yevdayev are ordered, jointly and severally, to pay Plaintiffs (1) $4,241,000 in statutory damages, (2) $8,482,000 in enhanced damages, and (3) $30,607.50 in previously-imposed discovery sanctions, for a total of

$12,753,607.50. Panorama is also ordered to pay Plaintiffs $61,475.97 in previously-imposed discovery sanctions.

Dated: New York, New York
      March 26, 2020

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge