**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------

| | |
|---|---|
| Joint Stock Company "Channel One Russia Worldwide," Closed Joint Stock Company "CTC Network," Closed Joint Stock Company "TV DARIAL," Closed Joint Stock Company "New Channel,"  Limited Liability Company "Rain TV-Channel," Limited Liability Company "Veriselintel," Open Joint Stock Company "ACCEPT," and Limited Liability Company "Comedy TV," | Civil   Action   No.   1:16-cv-01318 (GBD)(BCM) |

                               Plaintiffs,

                       -against-

INFOMIR, LLC (www.infomirusa.com),
PANORAMA TV (www.mypanorama.tv),
GOODZONE TV (www.gudzon.tv),
MATVIL CORPORATION d/b/a eTVnet
(www.etvnet.com), MIKHAIL GAYSTER,
ACTAVA TV, INC. (www.actava.tv),
MASTER CALL COMMUNICATIONS,
INC., MASTER CALL CORPORATION,
ROUSLAN TSOUTIEV, and JOHN DOES
1-50

                               Defendants.

----------------------------------------

---

**BRIEF IN OPPOSITION TO PLAINTIFFS' OBJECTIONS TO MAY 15, 2020 ORDER**

---

BERKOWITZ, LICHTSTEIN, KURITSKY,
GIASULLO & GROSS, LLC
Attorneys for Defendant, Infomir, LLC
75 Livingston Avenue
Roseland, NJ  07068
Tel.: 973-325-7800
Fax.: 973-325-7930

On the brief:   Stewart M. Leviss, Esq.
                Evan Silagi, Esq.

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................... 1

RELEVANT PROCEDURAL AND FACTUAL HISTORY ............................................... 2

THE LEGAL STANDARD OF REVIEW .......................................................................... 4

LEGAL ARGUMENT ........................................................................................................ 5

I.  THE AMOUNT OF ATTORNEYS FEES AND COSTS PLAINTIFFS AND THEIR
COUNSEL WERE ORDERED TO PAY AS PART OF THE SANCTION ORDER
PREVIOUSLY AFFIRMED BY THIS COURT WAS NEITHER CLEARLY
ERRONEOUS NOR CONTRARY TO LAW ..................................................................... 5

Magistrate Judge Moses' Order Is Consistent With The Decisional Law Of This District And
With Prior Decisions In This Civil Action ........................................................................... 6

II.  POINT II OF PLAINTIFFS' BRIEF ASKS THE COURT TO AGAIN
RECONSIDER THE UNDERLYING SANCTIONS ORDER AND SHOULD BE
SUMMARILY REJECTED ................................................................................................ 8

CONCLUSION .................................................................................................................. 10

i

## <u>TABLE OF AUTHORITIES</u>

**Cases**

<u>Anwar v. Fairfield Greenwich Ltd.</u>, 164 F. Supp. 3d 558 (S.D.N.Y. 2016)................................. 10

<u>Diesel Props S.r.l. v. Greystone Bus. Credit II LLC</u>, 631 F.3d 42 (2d Cir. 2011)........................ 5

<u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983) ............................................................... 5, 7

<u>In Re Terrorist Attacks</u>, 2015 WL 9255560 (S.D.N.Y. 12/18/2015)(Daniels, J.) ......................... 5

<u>Lunday v. City of Albany</u>, 42 F3d. 131 (2d Cir. 1994) ....................................................... 5, 6, 7

<u>Romeo & Juliette Laser Hair Removal, Inc. v. Assara I</u>, 2013 WL 3322249

   (S.D.N.Y. July 2, 2013)........................................................................................... 6

<u>Safeco Ins. Co. of Am. v. M.E.S., Inc.</u>, 2018 WL 2766139 (E.D.N.Y. June 8, 2018) .............. 6, 7

<u>Schonberger v. Serchuk</u>, 742 F.Supp. 108 (S.D.N.Y. 1990) ....................................... 10

<u>Shrader v. CSX Transp., Inc.</u>, 78 F.3d 255 (2d Cir. 1995) ....................................... 9

<u>Townsend v. Benjamin Enters., Inc.</u>, 679 F.2d 41 (2d Cir. 2012)................................. 5

<u>Winfield v. City of N.Y.</u>, No. 15 Civ. 5236 (LTS)(KHP), 2017 WL 5054727

   (S.D.N.Y. Nov. 2, 2017) ........................................................................................ 5

**Rules**

Fed. R. Civ. P. 37(b)(2)(C) ............................................................................ 6

Local Civil Rule 6.3................................................................................... 8

## PRELIMINARY STATEMENT

Magistrate Judge Moses' May 15, 2020 Order[1] quantifying the <u>amount</u> of fees and costs to be reimbursed by plaintiffs and their counsel as part of the sanction for misconduct which "significantly delayed … and nearly derailed"[2] defendant's Infomir LLC's discovery efforts, should be affirmed in its entirety and plaintiffs' objection[3] should be overruled.  "Rather than accepting responsibility for clear misconduct"[4] identified by this Court and by Judge Moses, plaintiffs instead seek to create yet another sideshow by demanding full-scale "discovery" into the efforts undertaken by Infomir LLC to unmask that misconduct, which this Court and Judge Moses both characterized as "various false statements" and representations made "in bad faith"[5].  Judge Moses' May 15 Order, which imposed a lesser monetary sanction against plaintiffs than was sought, rejected plaintiffs' attempt to engage in discovery about conducting discovery.  Plaintiffs' pending objection to the May 15 Order presents the same failed argument they raised to Judge Moses, supplemented with plaintiffs' fourth (4th) attempt at seeking reconsideration of the underlying discovery and sanction orders which this Court previously affirmed in detailed memorandum decisions.[6]

As plaintiffs have previously argued – successfully – "this Court should not second-guess Judge Moses' assessment of attorneys' fees and expenses which already substantially reduced the amount requested", because "the *amount* of damages [is] a matter over which Judge Moses was

---

[1] ECF822
[2] ECF814 at 15 (Memorandum Decision and Order)
[3] ECF823
[4] ECF769 at 6 (Plaintiffs' brief opposing a defendant's objections to Magistrate Judge Moses' Order and Recommendation Regarding Reconsideration of Sanctions, which Order and Recommendation was affirmed and adopted by this Court at ECF812)
[5] ECF814 at 15 and 17, citing to ECF779 at 53-54.
[6] The Court's previous Memorandum decisions affirming Magistrate Judge Moses' orders on this same discovery issue include ECF 605; ECF668 and ECF 814

factfinder and had broad discretion."[7]  That statement remains true, both as to the factual basis for the subject sanction order and also the legal standards governing objections to a Magistrate Judge's decision on a sanction for discovery violations.  Magistrate Judge Moses' May 15, 2020 Order quantifying the amount of the sanction to be paid by plaintiffs and their counsel, which followed this Court's March 26, 2020 Order affirming the entry of sanctions against plaintiffs and their counsel[8], should be affirmed and the objection overruled.

<u>**RELEVANT PROCEDURAL AND FACTUAL HISTORY**</u>

The relevant procedural events and facts which led to entry of a preclusion sanction and to the subject May 15, 2020 Sanctions Order, including extensive citations to the record, are set forth beginning at page 4 and continuing to page 35 of Magistrate Judge Moses' September 26, 2019 Opinion and Order[9] and again at pages 2 through 10 of this Court's March 26, 2020 Memorandum Decision and Order[10] which overruled plaintiffs' objections and affirmed Magistrate Judge Moses' order in all respects.  Attempts to restate this detailed factual and procedural history in summary fashion would be either redundant or incomplete.  Infomir LLC respectfully relies upon the cited portions of those documents as its relevant procedural and factual history, supplemented as follows.

As directed by Magistrate Judge Moses' scheduling order, defendant Infomir LLC submitted its application for monetary sanctions on October 11, 2019, which included a detailed declaration by Infomir LLC's counsel[11], supported by 63 pages of relevant billing records from the attorneys and the forensic experts, principally Christopher Rucinski who authored two detailed

---

[7] ECF769 at 7 (italics in original).
[8] ECF814
[9] ECF779
[10] ECF814.
[11] ECF783

written reports and testified at the February 6, 2018 evidentiary hearing.  Plaintiffs opposed Infomir LLC's request for fees and simultaneously filed objections with this Court to the underlying sanctions order entered by Magistrate Judge Moses on September 26, 2019.[12]   In an extensive written opinion, this Court overruled plaintiffs' objections to the order entering sanctions.[13]  That left only the amount of the sanction to be determined.

Magistrate Judge Moses excised from defendant's fee application and did not include in the fee award those attorney time charges that Judge Moses found related to tasks outside the scope of the award contemplated.[14]   Judge Moses evaluated and appropriately rejected plaintiffs' argument that redactions on the bills submitted prevented the Court or plaintiffs' counsel from assessing the reasonableness of defendants' requested hours.  With respect to the billing records from defendant's expert, Judge Moses specifically determined from the totality of the documents submitted, including the attorney declaration and the expert bills, coupled with Magistrate Judge Moses "own familiarity with this case" as the trier of fact at the February 6, 2019 evidentiary hearing on the motion for preclusive sanctions, that the hours expended by the experts "were reasonable in light of the scope and importance of the issues presented."[15]

Magistrate Judge Moses found that plaintiffs had violated their clear and unambiguous discovery obligations under the April 25 and July 3 Orders (as well under Rules 26 and 34), and also that plaintiffs engaged in "a near-constant stream of factual misdirection that significantly delayed – and nearly derailed – Infomir's efforts to obtain highly probative ESI that plaintiffs were twice ordered to produce."[16]  As observed and described by Magistrate Judge Moses:

---

[12] ECF792, objecting to ECF779.
[13] ECF814
[14] ECF 822 at 8.
[15] ECF822 at 12.
[16] ECF 779 at 53.

[M]ost of the misstatements related to "simple but material factual matters," that required no "specialized technical knowledge" to report accurately (or to correct if initially misstated), such as when the Wireshark capture took place and whether Vidulich was watching the Channel One stream "live," as opposed to re-running an earlier Wireshark capture, when he took the Channel One Screenshots.

Similarly, plaintiffs' lawyers and investigator cannot blame their lack of computer science degrees for their response to Infomir's inquiries about the Channel One XPS, which was dated May 24 rather than May 27, 2016. Rather than make a reasonable inquiry into the reason for the discrepancy, Dunnington went on the offensive, inventing an "unrelated preliminary investigation" that Vidulich supposedly conducted on May 24 but never described in his original affidavit. This invention, in turn, allowed counsel to claim that the XPS file "has no bearing whatsoever" on plaintiffs' allegations.

Even if not perjurious, these statements were made so cavalierly, with so little regard for counsel's duties of candor and diligence, "as to rise to the level of bad faith."[17]

In the 13 page May 15, 2020 Order, Magistrate Judge Moses carefully analyzed Infomir LLC's requested attorneys' fees and expert costs, as well as plaintiffs' objections. The amount that Judge Moses ordered plaintiffs to pay was less than the amount requested by Infomir LLC as to both attorney's fees and expert costs, reflecting Magistrate Judge Moses' exercise of the discretion afforded a judge deciding an attorney fee application.[18]

## THE LEGAL STANDARD OF REVIEW

The standards by which a District Court's review of a Magistrate Judge's decisions and orders is conducted has been summarized previously in this action by this Court:

Magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is only appropriate if their discretion is abused. Because matters concerning discovery generally are considered 'nondispositive' of the litigation, a district court reviews discovery orders under the 'clearly erroneous or contrary to law standard'. Clear error is present when, 'upon review of the entire

---

[17] Id. at 53-54 (internal citations and references omitted).
[18] ECF822 at 7.

4

record, the court is left with the definite and firm conviction that a mistake has been committed.[19]

Specific to orders entering monetary sanctions, and as plaintiffs themselves have argued successfully to the Court in this action, a Magistrate Judge's Order regarding Rule 37 sanctions and fee applications is reviewed for clear error because Rule 37(b) sanctions are non-dispositive matters.[20]  This is consistent with settled law in this District, that broad deference is afforded to the Court that first evaluated and decided the fee application and entered the amount of the order.[21] A Magistrate Judge's award setting the amount of an attorney fee award should only be altered if it is clearly erroneous or contrary to law.[22]

## LEGAL ARGUMENT

## I.     THE AMOUNT OF ATTORNEYS FEES AND COSTS PLAINTIFFS AND THEIR COUNSEL WERE ORDERED TO PAY AS PART OF THE SANCTION ORDER PREVIOUSLY AFFIRMED BY THIS COURT WAS NEITHER CLEARLY ERRONEOUS NOR CONTRARY TO LAW

The United States Supreme Court has instructed that "a request for attorney's fees should not result in a second major litigation."[23]  The Supreme Court expressly recognized the "superior understanding of the litigation" possessed by the judge who heard and decided the fee application,

---

[19] ECF 668 at 2 (citing <u>Winfield v. City of N.Y.</u>, No. 15 Civ. 5236 (LTS)(KHP), 2017 WL 5054727, at *2 (S.D.N.Y. Nov. 2, 2017)).

[20] ECF769 at 12-13 (brief pages 8-9)

[21] <u>Diesel Props S.r.l. v. Greystone Bus. Credit II LLC</u>, 631 F.3d 42, 52 (2d Cir. 2011)(disagreement with court's credibility determinations and factual findings not basis to disturb court's fee award decision); <u>Lunday v. City of Albany</u>, 42 F3d. 131, 134-35 (2d Cir. 1994); <u>Townsend v. Benjamin Enters., Inc.</u>, 679 F.2d 41, 58 (2d Cir. 2012) (review of an award of attorney's fees is "highly deferential to the District Court").

[22] <u>In Re Terrorist Attacks</u>, 2015 WL 9255560 at *2 (S.D.N.Y. 12/18/2015)(Daniels, J.)

[23] <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 437 (1983); ECF 822 at 6.

and reemphasized the appropriateness of giving broad discretion to that court to effectuate "the desirability of avoiding frequent appellate review of what essentially are factual matters."[24]

<u>Magistrate Judge Moses' Order Is Consistent With The Decisional Law Of This District And With Prior Decisions In This Civil Action</u>

The method by which Magistrate Judge Moses determined the amount of the fee sanction is in accord with the applicable decisional law and plaintiffs do not raise objections to that methodology.[25]  Magistrate Judge Moses identified the reasonable hourly rate for counsel's time, multiplied it by the number of hours reasonably expended based upon review of the records submitted and then reduced the overall amount to reflect amounts the court determined were excessive or not exclusively "'caused by' the opposing party's violation of court orders."[26]

Plaintiffs argue that by virtue of block billing and certain privilege-based redactions to the billing records, they are denied the opportunity to attack each and every billing entry.  This argument was squarely rejected by Magistrate Judge Moses because it has been squarely rejected by the courts in this Circuit.[27]  Consistent with the Supreme Court's instruction in <u>Hensley</u> that attorney fee applications should "not result in a second major litigation", courts in this circuit have held it unnecessary to engage in "item-by-item findings concerning what may be countless objections to individual billing items".[28]

In their own prior fee application, plaintiffs relied heavily on block-billing and argued – successfully – that the use of block billing was reasonable and provided an appropriate basis by

---

[24] <u>Id.</u>
[25] <u>See</u> ECF822 at 4-5, and citations therein; <u>e.g.</u>, <u>Romeo & Juliette Laser Hair Removal, Inc. v. Assara I</u>, 2013 WL 3322249, at *4 (S.D.N.Y. July 2, 2013).
[26] ECF822 at 6, citing Fed. R. Civ. P. 37(b)(2)(C).
[27] ECF 822 at 9, fn5 (citing <u>Safeco Ins. Co. of Am. v. M.E.S., Inc.</u>, 2018 WL 2766139, at *8 n12 (E.D.N.Y. June 8, 2018).
[28] <u>Lunday v. City of Albany</u>, 42 F.3d 131, 134 (2d Cir. 1994).

which the Court could award attorney fees on an application for sanctions.[29]  Magistrate Judge

Moses agreed, as plaintiffs later acknowledged, applying an overall reduction to the award of 25%

to fairly resolve any concern that plaintiffs' counsel's frequent use of block billing made it difficult

to determine the exact amount of compensable work.[30] This Court affirmed that order, finding no

clear error nor basis to show that any mistake had been committed.[31]  Here, Magistrate Judge

Moses applied a 30% discount to account for block billing.[32]

     Here, Magistrate Judge Moses addressed and accounted for plaintiffs' objection that

redactions to the billing records submitted prevent line-by-line confirmation of the reasonableness

of each subject billing entry.  As Magistrate Judge Moses observed, the vast majority of the billing

entries that were redacted were not included in Infomir LLC's request for reimbursement of legal

fees,[33] and plaintiffs' reliance on that argument in their present objection brief misrepresents the

factual record and is a transparent attempt to wage an improper "second major litigation" over the

amount of an attorney's fee award.[34]  As noted in the subject Order and in the cited decisional law

of this judicial circuit, it is not required that a court making a determination on an award of

attorney's fees review each and every billing entry in order that the court's decision should be

upheld.[35]

     Magistrate Judge Moses' May 15, 2020 Order determining the amount of fees and expenses

to be paid as part of the sanction, pursuant to the prior determination that sanctions were warranted

---

[29] ECF 330, affirmed at ECF747 at 8-11.

[30] ECF769 at 12-13 (brief pages 8-9).

[31] ECF813 at 2-3, affirming ECF787.

[32] ECF822 at 8

[33] ECF822 at 8-9, citing for example to ECF783 at ¶20 and ECF783-1 (Leviss Decl. and Exhibit A, attorney billing records).

[34] Hensley, 461 U.S. at 437.

[35] ECF822 at 9, citing Safeco Ins. Co. of Am. v. M.E.S., Inc., 2018 WL 2766139, at *8 n.12 (E.D.N.Y. June 8, 2018)(citing Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994)).

which this Court affirmed[36], should be affirmed, whether this Court considers the matter *de novo* or with due deference to Magistrate Judge Moses' carefully reasoned decision below.

## II.     POINT II OF PLAINTIFFS' BRIEF ASKS THE COURT TO AGAIN RECONSIDER THE UNDERLYING SANCTIONS ORDER AND SHOULD BE SUMMARILY REJECTED

As this Court has observed in this case, motions for reconsideration are governed by Local Civil Rule 6.3 which requires they be filed within fourteen (14) days after entry of the Court's determination of the original motion.[37]  Plaintiffs' Memorandum of Law in support of their objections to the May 15, 2020 Order focuses substantially on attempting to revisit plaintiffs' underlying misconduct which led to the entry of the sanctions and which was the subject of numerous prior orders.  This includes the entire Point II of plaintiffs' brief and the sub-points which re-argue about the various forms in which "Wireshark" investigative data may be preserved, and also a brief point heading claiming that plaintiffs' numerous violations of discovery orders and conduct which this Court and Magistrate Judge Moses described as "bad faith"[38] were merely a "dating error".[39]

This Court ruled, in affirming Magistrate Judge Moses' September 26, 2019 sanctions order, that "the various false statements that plaintiffs made in connection with the Wireshark Investigation were not merely a "dating error" as so they describe."[40]

Most of the "Background" portion of plaintiffs' objection brief and the entirety of the arguments under Point II constitute an application for reconsideration which should be summarily

---

[36] ECF813, affirming ECF779.

[37] ECF812 at 8 (Memorandum Decision and Order overruling objections by certain defendants and their counsel to an award including counsel fee sanctions in favor of plaintiffs)

[38] ECF814 at 17, citing to ECF779 at 54.

[39] ECF 823 at 19 (page 15 of plaintiffs' brief).

[40] ECF814 at 16 (emphasis supplied).

rejected because it is out of time, and because these arguments are irrelevant to the Court's pending consideration of plaintiffs' objections to Magistrate Judge Moses' Order that determined only the amount of the sanction.  Plaintiffs' pending objection application was filed on May 29, 2020.  The fourteen day window for filing a motion for reconsideration is long-past, as to the September 26, 2019 order entering sanctions[41] and as to this Court's March 26, 2020 Memorandum Decision and Order which overruled plaintiffs' objections and affirmed the September 26, 2019 Order.[42] Procedurally, the motion for reconsideration contained in the objection brief is out of time.

Substantively, plaintiffs' application to the Court to re-hear issues related to the misconduct which gave rise to the sanction is irrelevant to the Order being objected to, which quantified the sanction.  This Court has held previously, in a decision in this civil action affirming an order entering sanctions in favor of plaintiffs, that "the issue of whether to impose sanctions is distinct from the issue of what amount of sanctions to impose."[43]

Finally, plaintiffs' reconsideration motion fails because plaintiffs have not and cannot identify any "controlling decisions or material facts that were before [the court] on the original motion" which the court overlooked, and certainly nothing that "might reasonably be expected to alter the conclusion reached by the court."[44]  Instead, plaintiffs literally mirror arguments which they asserted previously, and which this court rejected previously, when plaintiffs filed their objections to Magistrate Judge Moses' September 26, 2019 Order entering Sanctions[45] which this Court overruled.[46]  "The provision for re-argument is not designed to allow wasteful repetition of

---

[41] ECF779
[42] ECF814,
[43] ECF812 at 8  (Memorandum Decision and Order affirming Magistrate Judge Moses' June 13, 2019 Order and Report and Recommendation)
[44] ECF759 at 5, citing Shrader v. CSX Transp., Inc., 78 F.3d 255, 257 (2d Cir. 1995).
[45] Plaintiffs' objections were filed as ECF792; the Order objected to was ECF779.
[46] ECF814.

arguments already briefed, considered[,] and decided."[47]   As plaintiffs have argued previously to this Court, "merely rehashing old arguments …is inappropriate for the extraordinary remedy of reconsideration."[48]

## **CONCLUSION**

For the foregoing reasons, plaintiffs' objections to the May 15, 2020 Order of Magistrate Judge Moses should be overruled and the Order should be affirmed.

Respectfully submitted,

*/s/ Stewart M. Leviss*

STEWART M. LEVISS

Dated: June 9, 2020

---

[47] <u>Schonberger v. Serchuk</u>, 742 F.Supp. 108, 119 (S.D.N.Y. 1990).
[48] ECF769 at 15 (brief page 11, in opposition to objections to Order and Report and Recommendation Regarding Reconsideration of Sanctions), citing <u>Anwar v. Fairfield Greenwich Ltd.</u>, 164 F. Supp. 3d 558, 560 (S.D.N.Y. 2016).