

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOINT STOCK COMPANY CHANNEL
ONE RUSSIA WORLDWIDE, et al.,

         Plaintiffs,

  -against-

INFOMIR LLC, et al.,

         Defendants.

16-CV-1318 (GBD) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

      The parties disclosed their expert witnesses and served their affirmative expert reports on February 5, 2020. Defendant Infomir disclosed two experts: Christopher Rucinski, and William Rosenblatt. Rebuttal reports were originally due on February 25, 2020, and expert depositions were to be completed by March 24, 2020. (Dkt. No. 796.) Those deadlines have since been extended six times, largely because the parties agreed to make the set-top boxes (STBs) and other equipment used or tested by their respective experts available for in-person inspection prior to the preparation of rebuttal reports, but found themselves unable to conduct those inspections due to the public health measures imposed to combat the COVID-19 pandemic. (*See* Dkt Nos. 805, 806, 807, 810, 811, 816, 817, 820, 821, 831, 832.) The current deadline for rebuttal reports, which I established on June 24, 2020, at the parties' joint request, is August 7, 2020. (Dkt. No. 832.) That date was premised upon the parties' joint anticipation that, with the reopening of their attorneys' respective offices, "the inspections can be completed and rebuttal expert reports incorporating those inspections can be served by August 7, 2020." (Dkt. Nos. 831, 832.) Expert depositions are to be completed by September 30, 2020. (Dkt. No. 832.)

      At no point from February through June did plaintiffs so much as hint that they required additional document discovery from or about Infomir's experts. However, on July 1, 2020 –

approximately one week after the Court granted the parties' most recent extension request – plaintiffs served their Second Expert Document Requests on Infomir, pursuant to Fed. R. Civ. P. 34 (the Requests), and simultaneously served a subpoena duces tecum on Stroz Friedberg, the employer of Infomir's expert Rucinski, pursuant to Fed. R. Civ. P. 45 (the Subpoena). (Dkt. No. 834-1.) The Requests and the Subpoena demand, among other things, the production of (i) a wide range of communications between Infomir's experts and its counsel; (ii) a wide range of communications between Rucinski and Rosenblatt; and (iii) detailed documents and information relating to expert reports that Rucinski prepared in 2018, in connection with a sanctions motion that has long since been resolved.

By letter dated July 10, 2020 (Def. Ltr.) (Dkt. No. 834), Infomir requests that the Court "disallow" plaintiffs' newly-served expert discovery demands because they are untimely; because they would further delay the long-postponed STB inspection and the service of the parties' rebuttal expert reports on August 7; and because plaintiffs seek discovery which is irrelevant and/or disproportionate to the expert issues at stake. Def. Ltr. at 1, 3-4. Infomir also requests an order "directing plaintiffs to proceed with the remaining expert discovery as previously ordered." *Id*. at 1. Infomir seeks that relief because, shortly after the new discovery demands were served, plaintiffs pronounced themselves "unwilling to proceed with [the] STB inspection until Your Honor resolves this dispute." *Id*. at 2.

By letter dated July 15, 2020 (Pl. Ltr.) (Dkt. No. 835), plaintiffs point out that the Requests and the Subpoena were served well in advance of the September 30, 2020 close of expert discovery; accuse Infomir of attempting to conceal relevant and non-privileged information; and argue that any deposition of Rosenblatt would be "impossible" without the documents and information they now seek. Pl. Ltr. at 1.

Plaintiffs do *not* argue that they need the disputed documents and information in order to participate in the long-planned STB inspection or to prepare their rebuttal reports. Nor do they seek an extension of the August 7 rebuttal report deadline. However, they do not deny that they have become "unwilling to proceed with that STB inspection," which is a prerequisite for the preparation of those rebuttal reports.

"The timing and sequence of discovery is a matter over which courts have broad discretion." *In re Buspirone Patent Litig.*, 210 F.R.D. 43, 55 (S.D.N.Y. 2002) (collecting cases). Similarly, a district court has broad "discretion . . . to impose limitations or conditions on [ ] discovery," *Natixis Fin. Prod. LLC v. Bank of Am., N.A.*, 2016 WL 7165981, at *4 (S.D.N.Y. Dec. 7, 2016), "which extends to granting or denying motions to compel or for protective orders on 'just terms.'" *Capstone Logistics Holdings, Inc. v. Navarrete*, 2018 WL 6786237, at *8 (S.D.N.Y. Dec. 13, 2018) (quoting Fed. R. Civ. P. 26(c)(2)); *see also* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure* § 2038, at 188 (3d ed. 2010) ("The court has great flexibility in devising appropriate terms or conditions for discovery in a given case.").

Having carefully considered the parties' arguments, in the context of the Court's unflagging obligation to administer the discovery rules "to secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, the Court hereby GRANTS Infomir's letter-application IN PART, as follows:

1. The deadline for service of the parties' expert rebuttal reports remains **August 7, 2020**.

2. The parties shall promptly finalize their arrangements for the inspection of their STBs. The inspections shall take place on or before **July 31, 2020**, unless the parties mutually agree that they can take place on a later date without jeopardizing the August 7 rebuttal report deadline.

3. Infomir may submit a reply letter brief in support of its application for relief from the Requests and the Subpoena, in compliance with Moses Ind. Prac. § 2(b), no later than **August 14, 2020**.

3

4. The Court will hold a discovery teleconference on **August 18, 2020, at 11:00 a.m**., to resolve any remaining issues regarding the Requests and the Subpoena. At that time, the parties are directed to call (888) 557-8511 and dial the access code 7746387.

Dated: New York, New York
July 24, 2020

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**