UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOINT STOCK COMPANY CHANNEL
ONE RUSSIA WORLDWIDE, et al.,

        Plaintiffs,

  -against-

INFOMIR LLC, et al.,

        Defendants.



16-CV-1318 (GBD) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

### Expert Deposition Schedule

The parties' letter-application dated September 16, 2020 (Dkt. No. 848), seeking a further extension of the expert discovery deadline, is GRANTED. The parties may have four additional weeks, through October 28, 2020, to conduct all expert depositions.

### Reconsideration

Plaintiffs' reconsideration motion (Dkt. No. 843) is DENIED.

Plaintiffs seek reconsideration of one paragraph – paragraph 4 – of this Court's Order dated August 19, 2020 (Aug. 19 Order) (Dkt. No. 840), which formalized a ruling first made from the bench during a discovery conference on August 18, 2020. *See* Transcript of Aug. 18, 2020 Conf. (Aug. 18 Tr.) (Dkt. No. 841) at 36:8-23.

Paragraphs 1 and 2 of the August 19 Order, to which plaintiffs do *not* object, prohibited them from serving broad pre-deposition expert discovery demands on defendant Infomir and on Stroz Friedberg, the employer of Christopher Rucinski, who is one of Infomir's two disclosed trial experts.[1] Those demands, as discussed at the August 18, 2020 discovery conference, cast an

---

[1] Rucinski also served as Infomir's expert witness in connection with a motion for discovery sanctions (the PCAP Sanctions Motion) that this Court granted, after an evidentiary hearing, in an Opinion and Order dated September 26, 2019 (PCAP Sanctions Op.) (Dkt. No. 799). Infomir's

"extraordinarily broad net," *see* Aug. 18 Tr. at 13:22-23, seeking – among other things – material protected by the work product doctrine, *see id*. at 12:18-22; 35:12-15, and discovery seemingly unrelated to the experts' anticipated trial testimony, including requests frankly aimed at the work underlying the long-resolved PCAP Sanctions Motion. *See id*. at 20:1-15, 42:4-43:15.[2]

Paragraph 3 of the August 19 Order, to which plaintiffs similarly do *not* object, directed them to meet and confer in an attempt to reach an agreement on an exchange of documents, prior to the expert depositions, "bounded by what the expert testimony is going to be, what expert reports have been proffered for trial by your adversary." Aug. 18 Tr. at 15:6-8*; see also id*. at 28:24-25 (expert discovery is "bounded by the task ahead of the expert"). During the discovery conference, the parties agreed that a further meet-and-confer would be appropriate, particularly since Infomir had recently served its rebuttal expert reports, permitting plaintiffs to focus on discovery, if any, relevant to the experts' actual trial opinions (rather than speculation about what those opinions

---

second disclosed trial expert, William Rosenblatt, served as a non-testifying consultant in connection with the PCAP Sanctions Motion. Aug. 18 Tr. at 27:17-20. In the PCAP Sanctions Opinion, the Court found that plaintiffs had repeatedly and improperly failed to produce a native-format "packet capture" file known as the Channel One PCAP, while falsely representing to Infomir and to the Court that it did not exist. PCAP Sanctions Op. at 1-3, 40-57. As a remedy, the Court precluded plaintiffs from introducing or relying on the Channel One PCAP or related materials, *id*. at 70-71, and awarded Infomir $254,116.45 in monetary sanctions, including reimbursement of some of the fees it paid to Stroz Friedberg. (Dkt. No. 822.)

[2] Among other things, plaintiffs sought the wholesale disclosure of all "documents concerning" the work of Infomir's experts (including drafts and invoices) and all "communications concerning" that work (including communications with Infomir's counsel), regardless of whether those documents and communications related to the experts' anticipated trial testimony or to earlier work performed for Infomir. *See*, *e.g*., Plaintiffs' Second Expert Doc. Reqs. (Dkt. No 834-1) ¶¶ 2, 6, 8-19. Even if otherwise relevant to the opinions anticipated at trial, much of this material would be protected by the work product doctrine. *See* Fed. R. Civ. P. 26(b)(4)(B)-(C). Certain of plaintiffs' demands expressly sought disclosure of documents and communications underlying the experts' work on the PCAP Sanctions Motion. *See*, *e.g*., Plaintiffs' Second Expert Doc. Reqs. ¶¶ 4, 5, 20, 21, 23.

might be). *See id.* at 17:7-12; 35:8-10.[3]

Paragraph 4 of the August 19 Order, which is the subject of the reconsideration motion, reads, in full:

> Nothing in this order precludes the parties, during or following expert depositions, from seeking additional tailored expert discovery of non-privileged matters which are within the scope of Fed. R. Civ. P. 26 and not precluded by the Court's September 26, 2019 Opinion and Order (Dkt. No. 779.)

As the Court explained, "[W]e probably should do it in the traditional order, which is to say take their depositions, ask them questions about whether they, for example, considered any facts or data other than those listed in their written reports, whether they talked to one another about any of the subjects on which either of them is planning to opine, and so forth. And we'll see at that point whether there's any additional discovery to which you're entitled and which is based on more than speculation or conjecture." Aug. 18 Tr. at 29:24-30:9.

During the August 18 conference, plaintiffs' counsel expressed "no objections" to any portion of the Court's ruling, "except should we extend the deadline for expert discovery to account for any sort of follow-up document discovery into, I don't know, October, the end of October?" Aug. 18 Tr. at 36:25-37:4. In response, the Court urged the parties to take the depositions promptly, to "handle them like professionals," and to resolve any remaining document production issues at or after the depositions. *Id.* at 37:21-38:13; *see also id.* at 38:24-39:16 ("If things come up at deposition which prompt requests, reasonable requests for follow-up documents, if you have to come back to me, come back to me.").

That is not what happened.

---

[3] The rebuttal reports themselves, dated August 4 and 5, 2020, were discussed during the conference, *see* Aug. 18 Tr. at 5:4-6:20, but were not submitted to the Court until September 2, 2020, when plaintiffs moved for reconsideration. *See* Declaration of Hardin P. Rowley dated Sept. 2, 2020 (Dkt. No. 844) Exs. 5, 6.

The parties did meet and confer, and Infomir produced certain information and documents sought by plaintiffs, including its engagement agreements with both experts and 224 pages of documents concerning work done by Rosenblatt "during his investigation and examination of STB's [set top boxes] in his role as an expert witness." *See* Declaration of Hardin P. Rowley dated Sept. 23, 2020 (Dkt. No. 849), Ex. A. However, on September 2, 2020, plaintiffs moved for reconsideration of paragraph 4, arguing that Infomir had not agreed to an adequate pre-deposition production and should be compelled to produce additional materials, prior to the expert depositions, based on (1) "new evidence" disclosed by Infomir during the meet and confer (namely, that "Rosenblatt consulted Infomir on the PCAP Dispute"); (2) "the Court's inability to review the Rosenblatt and Rucinski reports prior to issuing the [August 19] Order"; and (3) a "reversible error of law made by the Court" (namely, "excluding data considered by Rosenblatt and Rucinski during the PCAP dispute"). *See* Mem. of Law in Supp. of Mtn. for Recon. (Pl. Mem.) (Dkt. No. 845) at 1-2.

Meanwhile, it appears that no expert depositions have taken place.

"The standard for granting a reconsideration motion is 'strict.'" *Royal Park Investments SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 2018 WL 1088020, at *1 (S.D.N.Y. Feb. 12, 2018) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). The moving party must demonstrate that the court "overlooked controlling decisions or material facts that were before it on the original motion," *Ferring v. Alleregan, Inc.*, 2013 WL 4082930, at *1 (S.D.N.Y. Aug. 7, 2013) (citing Local Civ. R. 6.3), and that the matters overlooked "might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257; *accord Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003). "The parties may not present new facts or theories at this stage," *S.E.C. v. Ashbury Capital Partners, L.P.*, 2001 WL 604044, at *1 (S.D.N.Y. May 31,

2001), unless the moving party can point to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation and citation omitted). Even in such cases, reconsideration is "an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish,* 253 F. Supp. 2d at 715 (quoting *In re Health Mgmt. Sys. Inc. Sec. Litig.,* 113 F. Supp. 2d. 613, 614 (S.D.N.Y. 2000)).

The decision to grant or deny a motion for reconsideration "rests within the sound discretion of the district court." *Williams v. Rosenblatt Sec. Inc.,* 2016 WL 590232, at *4 (S.D.N.Y. Feb. 11, 2016) (quoting *Vincent v. The Money Store,* 2011 WL 5977812, at *1 (S.D.N.Y. Nov. 29, 2011)). Similarly, resolution of the underlying discovery application, which called upon the Court to manage "the timing and sequence of discovery," was entrusted to the Court's broad discretion. *In re Buspirone Patent Litig.*, 210 F.R.D. 43, 55 (S.D.N.Y. 2002).

None of the factors cited by plaintiffs, singly or in combination, warrants reconsideration of paragraph 4 of the August 19 Order. First, the fact that Rosenblatt served as a consultant for Infomir in connection with the PCAP Sanctions Motion was disclosed on August 18, at the discovery hearing, *not* "for the first time on September 1." Compare Pl. Mem. at 1 *with* Aug. 18 Tr. at 27:14-20 (disclosing that Rosenblatt was retained in early 2018 and served as a non-testifying consultant "on all of the PCAP issues").

Second, the Court was unable to review the rebuttal reports prior to issuing the August 19 Order only because plaintiffs, who had the reports in hand, did not submit them to the Court. Therefore, the reports themselves were neither "new evidence," *Virgin Atl. Airways,* 956 F.2d at 1255, nor material that the Court "overlooked" in issuing its ruling. *Ferring*, 2013 WL 4082930,

5

at *1; *see also Capstone Logistics Holdings, Inc. v. Navarrete*, 2018 WL 3231716, at *1 (S.D.N.Y. May 15, 2018) (Local Civil Rule 6.3 "requires the moving party to show that the Court 'overlooked' matters or controlling decisions *that were presented to it in connection with the original decision*") (emphasis added).

Third, the Court has not – to date – "exclud[ed] data considered by Rucinski and Rosenblatt during the PCAP dispute." Rather, while exercising its broad discretion to manage "the timing and sequence of discovery," *In re Buspirone*, 210 F.R.D. at 55, the Court has directed the parties to complete the expert depositions, mindful of what the Court believes to be the unexceptional guidance that expert discovery is limited to "non-privileged matters which are within the scope of Fed. R. Civ. P. 26 and not precluded by the [PCAP Sanctions Order]." Aug. 19 Order, ¶ 4. Generally speaking, Rule 26 permits discovery of "facts or data" that were "considered by [the expert] in forming" the opinions to be offered at trial, Fed. R. Civ. P. 26(a)(2)(B)(ii), but protects, as work product, his drafts and most of his communications with counsel. Fed. R. Civ. P. 26(b)(4)(B), (C).[4]

Where, as here, the parties disagree as to whether discovery may be had concerning the work that an expert performed prior to preparing the expert report that contains (and limits) his trial testimony, the courts ask whether the prior work "directly relates" to the planned trial testimony, and in doing so, appropriately consider the expert's deposition testimony. *See, e.g.*, *Powerweb Energy, Inc. v. Hubbell Lighting, Inc.*, 2014 WL 655206, at *7–8 (D. Conn. Feb. 20, 2014) (denying request for production of documents concerning expert's prior consulting engagement where court was "not convinced" that the subject matter of the prior work "'directly

---

[4] Rule 26(b)(4)(C), however, "applies only to retained experts. Broad discovery is available for communications with non-retained experts, who are often also fact witnesses." 2 M. Silberberg, E. Spiro & J. Mogul, *Civil Practice in the Southern District of New York* (2016-17 ed.) § 15:2.

relates to the opinion' he has offered here," and crediting expert's deposition testimony that the subject of the earlier project was a "totally different" product); *In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, 293 F.R.D. 568, 577 (S.D.N.Y. 2013) (holding that a spreadsheet created by a testifying expert while previously retained as a consultant – and relied on by that expert at deposition to refresh his recollection – "directly relate[d]" to his planned trial testimony and was thus discoverable, work product protection having been "forfeited by virtue of [the expert's] consideration of it in forming his opinions in his capacity as a testifying expert").

Paragraph 4 of the August 19 Order expressly permits plaintiffs to return to the Court if the testimony at the upcoming expert depositions shows that they are entitled to additional disclosure concerning permissible matters. The Court is therefore satisfied that paragraph 4 constitutes an appropriate exercise of its discretion to manage the "timing and sequence of discovery" rather than a "reversible error of law." Pl. Mem. at 1.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 843 and 848.

Dated: New York, New York
      September 25, 2020      **SO ORDERED**.

                                      **BARBARA MOSES**
                                      **United States Magistrate Judge**