USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/15/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOINT STOCK COMPANY CHANNEL ONE RUSSIA WORLDWIDE, et al.,

    Plaintiffs,

-against-

INFOMIR LLC, et al.,

    Defendants.

16-CV-1318 (GBD) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    The parties to this long-running action, having previously clashed over the sequencing of expert discovery, including the need for further pre-deposition document discovery,[1] continue to disagree regarding matters both large and small. By letter-motion dated October 7, 2020 (Pl. Ltr.) (Dkt. No. 852), plaintiffs seek the Court's assistance in resolving two disputes concerning the upcoming deposition of their expert witness Dmitri Dietrich: (1) whether his deposition will begin at 8:00 or 10:00 a.m.; and (2) whether he is entitled to testify at deposition through a Russian-language interpreter at the expense of defendant Infomir LLC (Infomir).

    Dietrich works in Wiesbaden, Germany, where he serves as Chief Technical Officer of Kartina Digital GmbH (Kartina). As this Court has previously noted, Kartina is not "formally a party to this action" but it "pays plaintiffs' legal fees and coordinates their legal strategy." *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, 2019 WL 4727537, at *2 (S.D.N.Y. Sept. 26, 2019), *aff'd sub nom. Joint Stock Co. "Channel One Russia Worldwide" v. Infomir LLC*, 2020 WL 1479018 (S.D.N.Y. Mar. 26, 2020). Prior to being disclosed as a trial expert by plaintiffs, Dietrich provided both fact and expert evidence on plaintiffs' behalf in connection with a motion by Infomir for discovery sanctions, including live testimony at a sanctions hearing held on

---

[1] *See* Dkt. Nos. 837, 840, 851.

February 6, 2019. *See id*. at *5-17. All of Dietrich's written reports and declarations, including his most recent expert report, dated August 4, 2020 (Dietrich Trial Rep.) (Dkt. No 853-1), are written in English, and all state that he is "able to read and write in English." Dietrich Trial Rep. ¶ 8. During the sanctions hearing, plaintiffs made a Russian language interpreter available to Dietrich. *See* Tr. of Feb. 6, 2019 Hr'g (Dkt. No. 733) at 2:17-19. However, the witness chose to testify in English, with the interpreter "on standby." *Id*. at 82:14-19. Over the course of Dietrich's highly technical testimony the interpreter was only called upon once – to provide the English spelling of a Russian name written in Cyrillic. *Id*. at 102:3-104:2. [2]

---

[2] In his most recent expert report, Dietrich states that the Court previously "designated" him as a "qualified expert in this action" to opine on matters related to the sanctions motion. Dietrich Trial Rep. ¶ 4. That statement, which the Court presumes to have been written by counsel, is not accurate. Nor is it the first inaccurate statement made by plaintiffs about Dietrich's role in this action. The Court therefore takes the opportunity to remind plaintiffs of the following facts: On December 12, 2018, the Court scheduled the sanctions hearing for February 6, 2019, and ordered both sides to present their "technical experts" for live testimony at that hearing. (Dkt. No. 710.) The Court identified Christopher Rucinski as Infomir's technical expert, because Infomir had submitted his expert report (Dkt. No. 694-1) in support of its sanctions motion. The Court identified Dietrich as plaintiffs' technical expert, because plaintiffs had submitted the "Declaration of Dimitri Dietrich in Opposition to Sanctions" (Dkt. No. 708), which analyzed and sought to rebut Rucinski's expert report. Thereafter, on January 16, 2019 – three weeks prior to the sanctions hearing – the Court gave both sides the opportunity to identify any witnesses other than their previously-identified technical experts from whom they wished to offer evidence at the hearing. (Dkt. No. 722.) Neither side identified any other hearing witnesses. Both Rucinski and Dietrich testified at the sanctions hearing, and both sides were permitted ample opportunity for cross- and re-direct examination. However, after plaintiffs completed their redirect examination of Dietrich, the Court denied their belated motion to recall him, and to treat him as a hostile witness, so as to "clean up" certain "damaging testimony" they had neglected to address earlier in his examination. *See Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, 2019 WL 4727537, at *17 n.20. Nine days later, on February 15, 2019, plaintiffs attempted to supplement the hearing record with, *inter alia*, a "Declaration of Dimitri Dietrich to Correct Testimony." (Dkt. No. 731-5.) In their letter-motion seeking leave to file that declaration, plaintiffs asserted, incorrectly, that "[t]he Court, not Broadcasters, designated Dietrich as an expert witness," and from that false premise argued that they should be entitled to supplement the record because they were "denied their Rule 706 right to cross-examine Dietrich" at the hearing." (Dkt. No. 731.) Fed. R. Evid. 706 governs "Court-Appointed Expert Witnesses." The Court denied the motion to supplement, explaining, among other things, that "Dietrich was in no sense a 'court appointed expert witness' within the meaning of Fed. R. Evid. 706." (Dkt. No. 732.)  By the same token, Dietrich was in no sense

The parties appear to agree that both questions now before the Court are entrusted to its sound discretion. *See* Infomir Ltr. dated Oct. 9, 2010 (Dkt. No. 853) at 2-3; Pl. Reply Ltr. dated Oct. 13, 2020 (Dkt. No. 853) at 3; *see also* Fed. R. Civ. P. 26(c)(1)(B) (court may specify "terms" of discovery, "including time and place or the allocation of expenses"). The parties have further agreed that, due to the six-hour time difference between New York and Wiesbaden, where Dietrich will be testifying by remote means, his deposition will take place over two days. However, plaintiffs seek to begin at 8:00 a.m. Eastern time (which is 2:00 p.m. German time) on October 22, 2020, for the first day, and at the same time on October 26 or 28, 2020, for the second day, Pl. Ltr. at 3. Plaintiffs further argue that Dietrich should testify through an interpreter because he may not be sufficiently "fluent" in English "to the extent necessary to be deposed in a complex litigation where he is serving as an expert" and "must testify about highly technical aspects of his . . . report." *Id.* at 2. Infomir does not appear to object to the dates proffered by plaintiffs, but wants to begin at 10:00 a.m. Eastern time (4:00 p.m. German time), to give counsel "a bit of breathing room" to finish preparing for the deposition in the morning, Infomir Ltr. at 1. Further, Infomir argues that an expert who has offered his written opinion on a highly technical subject in English (and who has previously testified on similar technical topics in English) does not need an interpreter. *Id.* at 2. Neither side has cited any case law directly on point. There is no declaration from Dietrich himself as to his competence or comfort in English.

The Court is firmly of the view that the parties could and should have reached a sensible compromise as to these issues without requiring judicial intervention. *See* Local Civ. R. 26.4(a) ("Counsel are expected to cooperate with each other, consistent with the interests of their clients,

---

"designated" by the Court "as a qualified expert witness." His qualifications, like those of any other expert witness that a party identifies pursuant to Fed. R. Civ. P. 26(a)(2)(A), must be assessed in accordance with the standards set out in Fed. R. Evid. 702 and applicable caselaw.

3

in all phases of the discovery process and to be courteous in their dealings with each other, including in matters relating to scheduling and timing of various discovery procedures."). As Judge Scheindlin explained in *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 415 F. Supp. 2d 261 (S.D.N.Y. 2005):

> The whole system of Civil adjudication would be ground to a virtual halt if the courts were forced to intervene in even a modest percentage of discovery transactions. The fact should impose on counsel an acute sense of responsibility about how they handle discovery matters. They should strive to be cooperative, practical and sensible, and should turn to the courts (or take positions that force others to turn to the courts) only in extraordinary situations that implicate truly significant interests.

*Id*. at 280 n.100 (quoting *In re Convergent Techs. Sec. Litig.,* 108 F.R.D. 328, 331 (N. D. Cal. 1985)); *see also Crawford v. Franklin Credit Mgmt. Corp.*, 261 F.R.D. 34, 43 (S.D.N.Y. 2009) ("[T]he courts would grind to a halt if it became necessary to intervene constantly in discovery disputes."). In this action, the Court has been required to intervene all too frequently in situations that are far from "extraordinary," including – to use the present dispute as an example – whether a deposition will start at 8:00 or 10:00 in the morning.

Having read several of Dietrich's expert reports, and having observed him under both direct and cross examination, the Court agrees with Infomir that he is capable of testifying, as an expert, in English. Moreover, the fact that his report concerns highly technical issues and uses "specialized and precise technological jargon," Infomir Ltr. at 2, all in English, militates against the use of an interpreter. Even assuming that a properly qualified interpreter could be found (that is, one familiar with the technical vocabulary used in the report), there would be some unavoidable risk – each time a question was translated from English to Russian, and again each time an answer was translated from Russian back to English – that the meaning of either the question or the answer would be lost or distorted. The Court accepts, however, that Dietrich is not quite as comfortable in English as he is in Russian, and concludes that some language assistance, during the deposition,

4

could promote clarity and protect against inadvertent confusion. Consequently, it is hereby

ORDERED as follows:

1. The deposition of Dmitri Dietrich shall be conducted in the English language.

2. Plaintiffs may, at their own expense, provide a certified English/Russian interpreter to be present at the deposition on a standby basis, as they did at the sanctions hearing. *See E.E.O.C. v. Beauty Enterprises, Inc.*, 2002 WL 1626163, at *4 (D. Conn. May 21, 2002) (ordering depositions of claimants in discrimination case to proceed in English with the assistance of a standby interpreter).

3. If Dietrich states (on the record) that he requires the assistance of the interpreter to understand a question (and if the questioning attorney cannot rephrase the question so as to resolve the problem), Dietrich may consult with the interpreter for that purpose. Similarly, he may consult with the interpreter if he states (on the record) that he requires assistance in articulating the answer in English. Such consultations shall last no longer than reasonably required to assist Dietrich in understanding and/or answering the question at issue and shall take place in the presence of counsel for both sides; however, counsel shall not participate in any way in the conversation between Dietrich and the interpreter.

4. The Dietrich deposition shall commence at 9:00 a.m. Eastern time on each of the two days allotted for it. Infomir shall have a total of seven hours over those two days to conduct the deposition, *excluding* time spent in consultation between Dietrich and the interpreter. Between sessions, Dietrich shall not discuss his testimony with counsel.

The Clerk of Court is respectfully directed to close the letter-motion at Dkt. No. 852.

Dated: New York, New York
October 15, 2020

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

5