UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOINT STOCK COMPANY "Channel One Russia Worldwide," et als.,

                Plaintiffs,

v.

INFOMIR LLC, et als.,

                Defendants.

Civil Action No. 1:16-cv-01318 (GBD)(BCM)

---

**DECLARATION OF STEWART M. LEVISS IN SUPPORT OF DEFENDANT INFOMIR LLC'S MOTION TO EXCLUDE PLAINTIFF'S EXPERTS**

I, STEWART M. LEVISS, Esq. do hereby declare, subject to penalties of perjury under the laws of the United States of America, as follows:

1. I am an attorney at law admitted to practice before this Court and a member of the law firm Berkowitz, Lichtstein, Kuritsky, Giasullo & Gross, LLC, counsel for Infomir LLC in this action. I have personal knowledge of all facts set forth herein.

2. I submit this declaration in support of Infomir LLC's motion to exclude the testimony of plaintiffs' affirmative expert, Jonathan H. Bari, and of plaintiffs' rebuttal expert, Dmitri Dietrich.

3. Annexed hereto as Exhibit A is a true copy of the February 5, 2020 report of Jonathan Bari as received from plaintiffs' counsel. Mr. Bari is the only affirmative expert identified by plaintiffs, in accordance with the Court's order directing the disclosure of affirmative expert discovery (ECF 798). Mr. Bari confirmed in his deposition that this is his only report in this action.

4. Annexed hereto as Exhibit B is a true copy of the transcript of Jonathan Bari's deposition which was conducted remotely on October 30, 2020. The deposition was recorded by video and a copy of the video will be made available if requested by the Court.

5. Annexed hereto as Exhibit C are true copies of the two different signed versions of Bari's engagement letters as produced by plaintiffs' counsel.

6. Annexed hereto as Exhibit D is true copy of the August 4, 2020 rebuttal expert report of Dmitri Dietrich as received from plaintiffs' counsel. Exhibit D will be filed on ECF in sections identified as "D1" through "D13" to accommodate file size restrictions.

7. Exhibits 63 to 69 (DDRR715-727) to Dietrich's Report have been redacted from Exhibit D because those documents were stamped CONFIDENTIAL – ATTORNEYS' AND EXPERTS' EYES ONLY pursuant to the governing Confidentiality Order (ECF 504, ¶¶3 and 9). The documents consist of invoices, a royalty report and similar confidential business information relating to integration of Verimatrix Digital Rights Management software with certain Infomir-brand STBs. It was a violation of the confidentiality order entered in this case for Dietrich, a senior executive of Kartina GmbH, who deals directly with Verimatrix on behalf of Kartina GmbH, to have been provided those documents.

8. Annexed hereto as Exhibit E are true copies of the transcript of Dmitri Dietrich's deposition which was conducted remotely on October 26 and October 28, 2020. The deposition was recorded by video and a copy of the video will be made available if requested by the Court.

9. Annexed hereto as Exhibit F is a true copy of the August 6, 2020 report of Christopher Rucinski, identified as a rebuttal expert on behalf of Infomir, LLC.

**Plaintiffs Secretly Modified the STBs Demonstrated for Bari to Circumvent the Limited Domain Blacklisting Firmware Implemented in 2017.**

10.     Defendant Infomir LLC's motion to exclude expert testimony discusses modifications, by plaintiffs' counsel, of the STBs used in counsel's demonstrations performed for Jonathan H. Bari on January 24, 2020. Infomir LLC's motion explains that the modifications circumvented existing firmware on the STBs to allow the STBs to receive IPTV content that is otherwise blocked.

11.     Bari testified at his deposition that he was not made aware of plaintiffs' modifications to the STBs he was shown and understood "implicitly" that no such modifications had been made. Exhibit B at 69:5.  Plaintiffs have never formally disclosed that they undertook such modifications. As discussed below, Infomir LLC identified plaintiffs' action with the assistance of computer science expert Christopher Rucinski.

**Infomir LLC Cooperates with Plaintiffs and the STB Manufacturer to Implement Limited Domain Blacklisting on or About June 13, 2017.**

12.     The following background is relevant:  On or about February 19, 2016, plaintiffs commenced this lawsuit alleging, generally, that Infomir LLC distributed or assists in the distribution of unlicensed IPTV broadcasts of plaintiffs' programming. (ECF 1).  Infomir LLC denies those allegations entirely.

13.     On May 23, 2016, the undersigned wrote to plaintiffs' counsel on behalf of Infomir, LLC, offering to assist in efforts to restrict or prevent access, by persons using Infomir-brand IPTV set-top boxes, to infringing IPTV websites that may be otherwise available and accessible on the world-wide-web as alleged by plaintiffs. I requested that plaintiffs provide sufficient identifying information as to the allegedly offending websites and the basis for claiming piracy or unauthorized distribution of plaintiffs' programming.  This is described in my June 19, 2017 declaration (ECF301), paragraphs 7-9, which was filed in opposition to the first motion for summary judgment which plaintiffs filed and subsequently withdrawn.

14. On June 1, 2017, plaintiffs provided a list of domain and sub-domain listings on the world-wide-web which plaintiffs contend provide access to plaintiffs' programming and requested Infomir, LLC's assistance to block. (ECF 301 at ¶9).

15. On August 4, 2017, I advised plaintiffs' counsel that Infomir LLC had voluntarily and in good faith cooperated with the manufacturer of the STBs to request a firmware update which, beginning on or about June 13, 2017, affected set-top boxes in the possession of certain end users, preventing access to the websites plaintiffs had identified. A true copy of my August 4, 2017 letter to plaintiffs' counsel is annexed as Exhibit G.

16. Among the domains/subdomains that were included on plaintiffs' list (ECF300-5) and included in the June 13, 2017 firmware update, and therefore "blacklisted," were "new-rus.tv" and "teleprom.tv." See Exhibit G and ECF 301-5.

17. On March 12, 2020, Infomir LLC's rebuttal expert, computer scientist Christopher Rucinski, performed two experiments which confirmed that MAG 254 and MAG 256 STBs running firmware dated August 29, 2018 were prevented from accessing the domains "teleprom.tv" and "new-rus.tv" as a result of the limited domain blocking firmware update issued on Infomir-brand STBs in or about June 2017. Rucinski Report, Exhibit F hereto, at 37 (§VII).

18. When Rucinski attempted to access the portal "teleprom.tv" and "new-rus.tv" he was presented with the following message:

> "Access to the web page you were trying to visit has been blocked in accordance with manufacturer content protection and piracy prevention policy. Please contact your IPTV service provider for more information."

Id. at 71, Figure 87.

{Declaration of SML}

**Plaintiffs Secretly Modified the STBs Demonstrated for Bari to Circumvent the Limited Domain Blacklisting Firmware**

19.     In his report at paragraphs 73-82, Mr. Bari describes demonstrations performed by plaintiffs' counsel for him on January 24, 2020 using MAG 254 and MAG 256 STBs, during which Mr. Bari observed plaintiffs' counsel enter the portal web addresses for Novoe TV (http://iptv.new-rus.tv) and Teleprom (http://p.teleprom.tv) into the STB and thereafter observed IPTV broadcasts of plaintiffs' programming from those websites.

20.     As discussed supra, the web portal addresses identified by Mr. Bari are on the list (ECF300-5) of domains/subdomains included in the June 13, 2017 firmware update and were confirmed by Mr. Rucinski to be blacklisted by the default firmware.

21.     Based on this demonstration, Mr. Bari states: "I have seen no evidence that Infomir has implemented any antipiracy system whatsoever in its MAG 254 and MAG 256 STBs." Bari Report ¶151.

**The STBs Demonstrated for Bari were Operating Modified Firmware.**

22.     Mr. Rucinski described in his report confirming through testing the STB's that the STBs demonstrated for Mr. Bari by plaintiffs' counsel were not operating current firmware but were operating versions of the firmware which did not incorporate the June 13, 2017 limited domain blacklisting firmware update. Rucinski Report at §VII, beginning at page 31.

23.     Mr. Rucinski explains that the modified firmware on the STBs demonstrated for Mr. Bari by plaintiffs' attorneys circumvented the limited blacklisting update and allowed those devices to access the teleprom.tv and new-rus.tv domains at which Bari was shown plaintiffs' programming. Rucinski report at 37-39 and 44.

24. According to an affidavit that was produced by plaintiffs' counsel on August 29, 2017 bearing bates-numbering CHANNELONE006178-79, Dunnington Paralegal Christopher Vidulich "successfully downgraded a MAG254 Set Top Box to an older model of its firmware" to circumvent the limited domain blacklisting firmware ("Vidulich Affidavit"). A copy of the Vidulich Affidavit is annexed hereto as Exhibit H. See ¶3.

25. The Vidulich Affidavit describes that he downloaded firmware from a third-party website, http://tv.tenet.ua/firmware/mag254, and installed the software on a MAG 254 STB using a USB thumb-drive device, thereby allowing Vidulich to "access portals and view channels that had been blocked on Infomir's updated software" including "iptv.new-rus.tv" and "p.teleprom." Exhibit H at ¶¶4-11.

**Mr. Bari Was Not Told that the STBs Demonstrated for Him By Plaintffs' Attorneys Had Been Modified.**

26. Mr. Bari testified that he was not made aware that the firmware on the STBs demonstrated for him had been modified and that it was implicit to him that nothing had been done by plaintiffs' counsel to alter or configure the STB's used in the demonstrations which would circumvent any anti-piracy measures including firmware updates. Bari T. 65:10-16, 69:5-18; and 71:1-5.69:5, Exhibit B.

27. Mr. Bari testified in his deposition that he did not examine any firmware and did not document the date of the firmware that was running on the STB's used in the demonstrations performed for him by plaintiffs' counsel. Bari T. 13:22-25; 66:23-67:5-18; 99:6-15.

28. Bari testified in his deposition that he has "no idea" whether his observations of the STB's ability to connect to the websites and receive IPTV content would have been altered if the STB's used in the demonstrations had current firmware. Bari dep. 70:21

29. Annexed hereto as Exhibit I is a printout of a webpage I observed on February 15, 2021 showing Plaintiff Channel One's website (www.1tv.com) and an announcement captioned "Suspension of Cooperation with the Service 'Karta TV'", dated December 28, 2018. Exhibit I includes the webpage in Russian and also translated by Google Chrome's translator.

30. Annexed hereto as Exhibit J is a printout of a webpage I observed on February 15, 2021 showing Plaintiff Channel One's website (www.1tv.com) and an announcement captioned "What's going on with 'Karta.tv'?", dated August 8, 2019. Exhibit J includes the webpage in Russian and also translated by Google Chrome's translator. The announcement quotes Alexey Effimov, Director of plaintiff Joint Stock Co. Channel One, describing Kartina's illegal broadcasting of Channel One's programming. Mr. Effimov verified plaintiffs' complaint filed in this action. ECF1-17.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                             **BERKOWITZ, LICHTSTEIN, KURITSKY,**
                                             **GIASULLO & GROSS, LLC**
                                             Attorneys for Infomir LLC

                                             */s/ Stewart M. Leviss*

Dated: February 16, 2021                  STEWART M. LEVISS