UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Joint Stock Company "Channel One Russia Worldwide," et als.,<br><br>       Plaintiffs,<br><br>  -against-<br><br>INFOMIR LLC, et als.,<br><br>       Defendants. | Civil Action No. 1:16-cv-01318 (GBD)(BCM)<br><br>**DEFENDANT INFOMIR, LLC'S COUNTERSTATEMENT OF UNDISPUTED MATERIAL FACTS RESPONDING TO PLAINTIFFS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT SK MANAGEMENT OF NEW YORK** |

Defendant Infomir, LLC provides the following counterstatement and statement of additional material facts, pursuant to L.Civ. R. 56.1(b), responding to plaintiffs' motions for partial summary judgment against defendant S.K. Management of New York:

**Plaintiffs Have Withdrawn Claims Relying on Copyright Ownership or Registration.**

1. On March 6, 2018, plaintiffs withdrew all claims asserting ownership of an underlying copyright in the programming and confirmed that they are not asserting any claims based on any particular copyright or trademark registration, stating:

> [A]s requested by the Court, Broadcasters hereby affirmatively represent that Broadcasters do not intend to base any claims on any particular copyright or trademark registrations. Broadcasters' copyright claims are based solely on neighboring rights under the Russian Copyright Law which are protected by the Berne Convention. These neighboring rights protect Broadcasters' rights in the entirety of the programming created and broadcast in the Russian Federation.
>
> [March 6, 2018 Letter of Raymond J. Dowd, Exh. A to Silagi Decl.].

1

2. Plaintiffs represented to the Court and relied on their March 6, 2018 withdrawal of claims in support of plaintiffs' application to limit discovery. Plaintiffs prevailed on that application in reliance upon their withdrawal of claims. ECF 569 at 5-6.

**Facts Related to Plaintiff Joint Stock Company "Channel One Russia Worldwide."**

3. Plaintiff Channel One does not own the copyright to every individual program that is broadcast. [March 7, 2018 Declaration of Alexander Shprekher ("Shpreker 2018 Decl."), Exh. B to Silagi Decl. at ¶26].

4. Plaintiff Channel One produces some programming that is broadcast in the first instance in the Russian Federation ("Russian Version") and some programming that is broadcast in the first instance internationally ("International Version"). Id. at ¶¶28-36.

5. Plaintiff Channel One has confirmed: "For clarity's sake, this action alleges that the Channel One programming intended *only* for distribution in the Russian Federation has been retransmitted and re-sold in the United States by various defendants." Id. at ¶49.

6. Plaintiff Channel One asserts that Defendant Goodzone is streaming the "Perviy Kanal" version that is broadcast in the Russian Federation (called "1st Channel"). ECF 919-28.

7. Plaintiff Channel One's Prviy Kanal is broadcast unencrypted and "free to air" across the "overwhelming majority" of the territory of the Russian Federation. July 12, 2021 Shprekher Decl. (ECF 917) ¶ 26; See also, April 24, 2018 Deposition Testimony of Alexander Shprekher, Exh. C to Silagi Decl. ("Shprekher T.") at 61:6-18; 64:9-23; 113:8-23.

8. As explained by Channel One's representative, Mr. Shprekher, "free to air" means a signal that is broadcast unencrypted in a radio frequency which can be received and viewed by anyone with an antennae or satellite dish. Shprekher T. 115:6-117:8; 61:6-64:23.

9. The subject Channel One programming "is not … available on satellites that have a footprint in the U.S." ECF 917, ¶29, 32-33. See also ECF 550-3, ¶¶24-36 (explaining that satellite footprints for Prviy Kanal do not cover the United States).

10. Channel One's representative, Mr. Shprekher, confirmed that the Channel One programming which is the subject of this civil action was broadcast and intercepted entirely outside of the United States. Shprekher 2018 Decl. at ¶¶48-49.

11. Plaintiff Channel One asserts that the interception and piracy of the subject programming takes place in the Ukraine. Shprekher 2018 Decl. at ¶58. See also Shprekher T. 120:11-16 (It is "very likely" that "the interception or piracy takes place in the Ukraine.")

12. The international version of Channel One's programming differs from the Russia Version of Channel One's programming only in that (1) it is time-shifted so morning shows will be seen in the morning in the U.S. and evening programming in the evening; (2) programming which is not licensed for the United States is removed; and (3) local advertising is inserted during commercial breaks. (ECF 917, ¶17-20).

13. Channel One also produces "thematic channels" which are broadcasted unencrypted within the Russian Federation in the first instance. Shprekher T. 119:15-120:10; 122:16-123:8.

**Facts Related to Plaintiff Limited Liability Company "Global Entertainment TV."**

14. Plaintiff Limited Liability Company "Global Entertainment TV" (GETV) produces and distributes an international version of TNT Channel. (April 10, 2018, Declaration of Andrey Chistov, Exh. D to Silagi Decl. at ¶4).

15. Plaintiff GETV states that the TNT Russia programming "intended *only* for distribution in the Russian Federation has been retransmitted and re-sold in the United States by

various defendants." Id. at ¶49. See also Id. at ¶45. (stating that the TNT-Russia programming that plaintiff GETV alleges has been 'pirated' is *never* broadcast in the United States.)

16. Plaintiff GETV produces and distributes only the <u>international</u> version of TNT Channel, which is distributed outside of Russia. April 11, 2018, Deposition Testimony of Andrey Chistov, Exh. E to Silagi Decl. ("Chistov T.") at 33:9-18 ("[S]ince November 2016 Global Entertainment TV has all the rights to produce international versions and to distribute international versions [of Comedy TV]."); Chistov T. 34:11-13 (Q. With respect to international distribution only, correct? A. Yes.").

17. Plaintiff Global Entertainment Television ("GETV") does not "play any role" in producing or broadcasting the TNT-Russia channel which is the subject of this action. Chistov T. 89:12-14 ("Does GETV play any role in the domestic broadcast of the TNT Channel? A. No."). Chistov Decl. ¶44 and 49.

18. GETV is not claiming the piracy of any signal broadcast by GETV. Chistov T. 85:25-90:19 (Q. So you are not claiming that any signal distributed by GETV is intercepted by Infomir LLC, correct? A. Yes. Q. So is it right then that it's your claim that Infomir LLC intercepts the domestic broadcast of the TNT Channel? A. Russian version. Q. Russian version? A. Yes.")

19. A non-party -- GPMR TV -- produces and distributes the <u>domestic</u> version of TNT Channel which is distributed within Russia. Chistov T. 28:17-29:2; 30:12-24; 34:14-20 ("GPMR TV produces domestic versions and Global Entertainment TV produces and distributes international versions.").

20. The TNT-Russia signal, which is the subject of the action, is delivered free to air in the Russian Federation. Chistov Decl. ¶29.

21. The satellite that broadcasts TNT-Russia does not cover the United States. Chistov Decl. ⁋30.

22. TNT-Russia programming differs from the TNT-International programming in that certain programming is removed for licensing reasons. Chistov Decl. ⁋34.

23. GETV asserts that the interception and piracy of the TNT-Russia programming which is the subject of this action takes place in the Ukraine. Chistov Decl. ⁋58.

**Facts Related to Plaintiffs Closed Joint Stock Companies "CTC Network," "TV DARIAL" and "New Channel."**

24. Plaintiffs CTC Network, TV Darial and New Channel do "not own the copyright to every individual program that is broadcast." April 16, 2018, Declaration of Alexander Kostyuk, Exh. F to Silagi Decl. at ⁋ 28.

25. Plaintiffs CTC Network, TV Darial and New Channel create modified versions of their programming for broadcasts outside of Russia. Kostyuk Decl. ⁋32.

26. The international versions are modified from the Russian versions in two ways: (1) the programming is time-shifted seven (7) hours; and (2) includes different advertisements. April 17, 2018 Deposition Testimony of Alexander Kostyuk, Exh. G to Silagi Decl. ("Kostyuk T.") at T. 27:10-30:14.

27. Plaintiff CTC Network confirms that the "CTC-Channel" version being 'pirated' was broadcast by satellite free-to-air in the Russian Federation. Kostyuk T. 29:17-30:14.

28. Plaintiff TV Darial confirms that the "Che TV" version being 'pirated' was broadcast by satellite free-to-air in the Russian Federation. Kostyuk T. 27:10-28:15.

29. Plaintiff New Channel confirms that the "Domoshne" version being 'pirated' was broadcast by satellite free-to-air in the Russian Federation. Kostyuk T. 28:16-29;16.

30. Mr. Kostyuk has confirmed that the plaintiffs' programming which is the subject of this civil action was broadcast and intercepted entirely outside of the United States. Kostyuk T. 70:2-12.

31. As explained by Mr. Kostyuk: "There's a law in Russia that exists about TV broadcasting on the territory of the Russian Federation. And in that law, there are several categories of TV channels. The first channels that are called right now free-to-air they have to provide general access on the territory of the Russian Federation to each and every user." Kostyuk T. 46:14-20.

32. Plaintiffs CTC Network, TV Darial and New Channel assert that the interception and piracy of the CTC Channel, Che TV and Domoshne programming which is the subject of this action takes place in the Ukraine. Kostyuk Decl. ¶52.

**Facts Related to Plaintiff Limited Liability Company "Rain TV."**

20. Rain TV does not own the copyright to every individual program that is broadcast. April 9, 2018, Declaration of Natalya Sindeeva, Exh. H to Silagi Decl. at ¶54.

33. Plaintiff Rain TV has confirmed "For clarity's sake, this action alleges that the Rain TV programming intended *only* for distribution in the Russian Federation has been re-transmitted and re-sold in the U.S. by various defendants." Sindeeva Decl. ¶54.

34. Rain TV broadcasts its programming in first instance over the internet through its website and applications, not by satellite. April 10, 2018, Deposition Testimony of Natalya Sindeeva, Exh. I to Silagi Decl. Sindeeva T. 37:20-38:17; 47:12-21.

35. Plaintiff Rain TV uses software to automatically modify its programming for Russian and international audiences to comply with licensing requirements using geo-blocking technology. Sindeeva T. 38:18-39;19. 47:6-15.

36.     Rain TV alleges that the Rain TV programming which is the subject of this civil action was broadcast and intercepted from Ukraine.  Sindeeva Decl. at ¶65.

**Facts Related to Infomir LLC.**

37.     Infomir LLC does not sell set top boxes to SK Management and SK Management does not sell Infomir-brand set top boxes to deliver its content.  [April 20, 2018, Deposition Testimony of Gergoryi Goldfedib, Exhibit L to Silagi Decl. at 425:17-19; December 21, 2017, Deposition Testimony of Sam Katzman, Exhibit M to Silagi Decl. at 120:18-121:14 ("Q: Are you still selling MAG 254 boxes?  A: Did we ever sell them? …we are not selling them as of now, that's for sure … they are expensive.")].

38.     Infomir LLC does not sell MAG 254 STBs.  ECF 879 at 3 n. 11.

**Facts Related to The Unencrypted Broadcasts Of Plaintiffs' Programming.**

39.     Kartina broadcasts plaintiffs' IPTV content globally, without encryption or any type of Digital Rights Management.  ECF 879 at 27 (brief at 23 and notes 142-43).  See October 22, 2020, Deposition Testimony of Dmitri Dietrich, Exhibit K to Silagi Decl. at 22:25-23:4; 39:25-40:9; 80:20-23.

BERKOWITZ, LICHTSTEIN, KURITSKY,
GIASULLO & GROSS, LLC
Attorneys for Infomir LLC

*/s/ Stewart M. Leviss*

STEWART M. LEVISS

Dated: September 1, 2021