UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOINT STOCK COMPANY "CHANNEL ONE RUSSIA WORLDWIDE," et al.,

                Plaintiffs,

-against-

INFOMIR LLC, et al.,

                Defendants.

16-CV-1318 (GBD) (BCM)

**MEMORANDUM AND ORDER DENYING RECONSIDERATION MOTION**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons that follow, the Court DENIES the letter-motion filed by defendant SK Management of New York, Inc. (SKM) on December 20, 2021, and refiled on December 24, 2021 (SKM Ltr.) (Dkt. Nos. 963, 964), seeking reconsideration of an order issued by this Court on December 6, 2021 (Dec. 6 Order) (Dkt. No. 962), which (i) declined to strike the improperly expanded summary judgment opposition brief that SKM filed on December 3, 2021 in its entirety, but (ii) advised the parties that the last 6 pages of the brief, which were added in violation of prior orders of this Court, would be disregarded.

## Background

More than five months ago, on July 29 and 30, 2021, plaintiffs filed summary judgment motions against SKM. (Dkt. Nos. 913, 924.) SKM sought and obtained (over plaintiffs' objections) two extensions of its time to respond to the motions. (Dkt. Nos. 934, 938.) Thereafter, on October 26, 2021, it filed two counter-statements of material facts, totaling 54 pages, which were electronically signed by SKM's counsel Marcus A. Nussbaum (Dkt. Nos. 940-1, 940-2), and a 5-page omnibus brief that addressed both motions but did not include any attorney signature block or signature. (Dkt. No. 940.)

The next day, one of plaintiffs' lawyers sent an email to attorney Nussbaum and to SKM's co-counsel, Ronald Coleman, advising them that the brief was unsigned and thus out of compliance

with Rule 11. (Dkt. No. 944-1 at ECF page 2.)[1] Attorney Nussbaum replied: "It looks like a few pages didn't make it through the scanner last night. The hard copy is in my office and I will refile today as soon as I get to the office." (*Id.*) However, SKM did not refile its brief that day, or the next day, or any day for the next month.

On November 24, 2021 – a week before plaintiffs' reply briefs were due – a group of plaintiffs moved to strike SKM's opposition brief in its entirety. (Dkt. No. 944.) As a courtesy to SKM – and notwithstanding the mandatory language of Rule 11(a) – the Court denied the motion and instead directed SKM to re-file its opposition brief, "signed by its attorney," no later than December 3, 2021. (Dkt. No. 948.) On November 30, 2021, plaintiffs filed their summary judgment reply papers as required, having seen no brief other than the 5-page, unsigned document that SKM filed on October 26, 2021. (Dkt. Nos. 950-53.) Later that day, the Court denied as moot plaintiffs' last-minute motion for an extension of their time to file their reply papers, and reminded SKM that it had until December 3 "to refile its existing opposition brief . . . signed by its attorney," but that it was not authorized to "expand" its brief or "include additional arguments." (Dkt. No. 954.) However, on December 3, 2021, rather than refile its existing opposition brief with a signature, as required, SKM filed an expanded, 11-page brief, electronically signed on page 11 by attorney Nussbaum. (Dkt. No. 958.) The refiled brief included 6 pages of argument that plaintiffs (and the Court) had never previously seen.

By letter dated December 6, 2021, plaintiff Joint Stock Company "Channel One Russia Worldwide" moved the Court to strike SKM's opposition brief "as required by Rule 11" or, in the alternative, "strike the unauthorized arguments on pages six to eleven[.]" (Dkt. No. 959.) In a

---

[1] "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or the party's attention." Fed. R. Civ. P. 11(a).

responding letter, attorney Nussbaum argued that SKM had "inadvertently omitted" pages 6-11 from the brief that it filed on October 26, 2021, and consequently that the longer document it filed on December 3, 2021, was actually its "*existing* opposition brief[.]" (Dkt. No. 960 (emphasis in the original).) This, in turn, prompted the remaining plaintiffs to file a letter-motion requesting that SKM's opposition brief be "struck in its entirety," and that plaintiffs' motions be deemed unopposed, or, in the alternative, that plaintiffs be given leave to refile their reply papers and an extra month within which to do so. (Dkt. No. 961.) That same evening, the Court issued the December 6 Order, declining to strike SKM's opposition brief altogether, and thus extending an undeserved courtesy to a party which by then had unaccountably failed to correct its Rule 11(a) error for over a month *and* had disobeyed a clear court order prohibiting it from expanding its opposition brief upon refiling. Instead, the Court accepted the first 5 pages of the refiled brief, deeming only pages 6-11 stricken, and advised the parties that it would disregard those pages. The Court did not reopen the briefing period for plaintiffs to expand their reply briefs.

Two weeks later, SKM filed the letter-motion now before the Court, confusingly addressed to both the presiding district judge *and* the undersigned magistrate judge, seeking relief from the December 6 Order under both Fed. R. Civ. P. 72(a) *and* Fed. R. Civ. P. 60. *See* SKM Ltr. at 1-2. By order dated December 27, 2021 (Dec. 27 Order) (Dkt. No. 965), the Court directed SKM to specify in writing, no later than December 29, 2021, "whether it is requesting judicial relief . . . from the presiding district judge pursuant to Rule 72(a) (which provides that after a magistrate judge issues a decision on a non-dispositive pretrial matter, '[a] party may serve and file objections to the order within 14 days,' and the district judge must 'modify or set aside any part of the order that is clearly erroneous or contrary to law'); or . . . from the undersigned magistrate judge pursuant to Rule 60, in which case the motion is in substance one for reconsideration, governed in this

3

district by Local Civ. R. 6.3 (which requires the moving party to 'set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked')." Dec. 27 Order at 1-2. SKM was advised that if it "fails to clarify the relief sought, the undersigned magistrate judge will construe the motion as one for reconsideration pursuant to Local Civ. R. 6.3." *Id.* at 2.

Once again disregarding this Court's express instructions – and muddying the waters even further – SKM filed a letter on December 29, 2021, stating that it sought judicial relief "per Fed. R. Civ. P. 72 and Local Civ. R. 6.3, and which must be made within fourteen (14) days of the Court's Order dated December 6, 2021[.]" (Dkt. No. 966.) SKM added that it "additionally seeks relief pursuant to Fed. R. Civ. P.[] 60 to the extent available[.]" (*Id.*) On January 3, 2022, plaintiffs filed opposition letter-briefs (Dkt. Nos. 967, 968) generally arguing that SKM is not entitled to relief under any conceivably applicable federal or local rule.

## Analysis

As this Court noted last week, "SKM cannot seek relief from two judges, under two standards, at the same time." Dec. 27 Order at 2. A party that is unhappy with a non-dispositive order issued by a magistrate judge may not seek reconsideration of that order from the magistrate judge under Rule 6.3 while at the same time "appealing" (filing objections to) the same order before the presiding district judge pursuant to Rule 72(a). Having been a party to this case for more than five years, SKM cannot possibly fail to comprehend this point. *See, e.g.*, *Joint Stock Co. "Channel One Russia Worldwide" v. Infomir LLC*, 2020 WL 1480465, at *3 (S.D.N.Y. Mar. 26, 2020) (setting out the appropriate standard of review when a party *first* seeks reconsideration of a non-dispositive order from the magistrate judge who issued it and *then* files objections to the order denying reconsideration). Nonetheless, it refused to clarify the form of relief it is seeking. Consequently, as promised, the Court construes the SKM Letter as a motion for reconsideration.

4

SKM has failed to satisfy the exacting standards for reconsideration set out in Local Civil Rule 6.3, which requires that the moving party identify the "matters or controlling decisions which counsel believes the Court has overlooked." The rule is "strict," and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked[.]" *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The burden is on the movant to demonstrate that the Court overlooked controlling decisions or material facts that were before it on the original motion, and that might materially have influenced its earlier decision." *In re Facebook, Inc., IPO Secs. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014) (quoting *Anglo Am. Ins. Grp. v. CalFed, Inc.*, 940 F. Supp. 554, 557 (S.D.N.Y. 1996)) (internal quotation marks omitted). "A motion for reconsideration is . . . not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Joint Stock Co.*, 2020 WL 1480465, at *2 (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)) (internal quotation marks omitted).

"The decision to grant or deny a motion for reconsideration 'rests within the sound discretion of the district court.'" *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 2016 WL 5408171, at *1 (S.D.N.Y. Sept. 27, 2016) (quoting *Williams v. Rosenblatt Sec. Inc.*, 2016 WL 590232, at *4 (S.D.N.Y. Feb. 11, 2016)). Similarly, the Court's underlying decision – to disregard the unauthorized portion of SKM's refiled opposition brief without striking the brief entirely – was well within the discretionary authority of the magistrate judge entrusted with, *inter alia*, the general pretrial management of this case. (Dkt. Nos. 35, 64.)

Here, SKM's only excuse for its failure to comply with Rule 11(a) in the first instance – or for *over a month* after it was made aware of the problem and promised to correct it "today" – is

5

"law office failure." SKM Ltr. at 3. Attorney Nussbaum explains that a law firm in which he was a partner, identified as Fishkin, Gurshumov and Nussbaum, P.C. (FGN), was "in the process of dissolution and winding down," which made it impossible "for some time" to obtain either "the complete hard copy" of its opposition brief "as it existed on October 26, 2021," or a digital copy of the same. *Id.* SKM goes on to insist that the expanded brief it ultimately filed on December 3 was the same brief that "existed" on October 26 (but was not fully uploaded on that day), *id.*, and therefore that SKM should not be penalized for filing an 11-page document (including 6 pages that plaintiffs had never seen), *after* plaintiffs filed their reply briefs, *and* after this Court warned SKM, on November 30, that it was not authorized to "expand" its October 26 brief or "include additional arguments."

None of SKM's arguments, whether singly or in combination, warrants reconsideration of this Court's December 6 Order. *First*, SKM did not mention its problems with "law office failure" at any time *before* this Court issued the December 6 Order that it now challenges. Therefore, SKM has not identified any matters that were before the Court, but were "overlooked" when the challenged decision was made, as required by Rule 6.3 and *Shrader*, 70 F.3d at 257. Moreover, that lapse is entirely SKM's fault. If – after promising on October 27 to correct its brief "today" – SKM found itself unable to do so, it could and should have alerted opposing counsel and the Court to the problem and sought whatever time it required to address it. Instead, it said nothing and did nothing until after plaintiffs filed their reply briefs.

*Second*, the "law office failure" described in the SKM Letter is a remarkably weak justification for SKM's conduct. It is represented in this action by "Marcus A. Nussbaum, Esq.," a sole practitioner with an address in Brooklyn (no mention of FGN) and by attorney Coleman, presently of Dhillon Law Group Inc., with an address in New Jersey. (*See, e.g.*, Dkt. Nos. 647,

764, 940-1, 940-2.) Coleman, like Nussbaum, has an ECF account and is fully capable of filing documents on the Court's electronic docket. (*See, e.g.*, Dkt. No. 573.) The Court fails to comprehend how the failure of a law office that has no responsibility for this action could have prevented both of SKM's attorneys of record from complying with their Rule 11(a) obligations – or from filing the remaining 6 pages of their brief, which Nussbaum claims they had already written – for more than a month. Even assuming the worst – for example, that Nussbaum foolishly left all paper and electronic copies of the brief at FGN, from which he was then unexpectedly barred, both physically and electronically, by his soon-to-be-ex-partners – surely either he or attorney Coleman could have explained that problem to plaintiffs (and to the Court) and offered to extend plaintiffs' reply brief deadline until Nussbaum was able to retrieve and upload the missing pages. Alternatively, they could have rewritten those pages.

*Third*, the solution that SKM proposes – reinstating pages 6-11 of its expanded opposition brief and reopening the briefing schedule so that "plaintiffs have the opportunity to respond to same on the merits," SKM Ltr. at 3, would delay the resolution of this action and would be inequitable, as it would shift the cost of SKM's misconduct entirely to plaintiffs. I note, in this regard, that on October 26, along with its unsigned 5-page brief, SKM timely filed lengthy counter-statements of material fact in opposition to plaintiffs' summary judgment motions, to which plaintiffs timely responded, on November 30, with briefs and additional factual submissions. The Court sees no reason to require plaintiffs to redo that work.

*Fourth*, SKM also fails to satisfy the standards required for vacatur of an order pursuant to Fed. R. Civ. P. 60(b)(1), which permits a trial court, in its discretion, to "relieve" a party from such an order due to "mistake, inadvertence, surprise, or excusable neglect[.]" Even accepting SKM's assertion that its truncated October 26 brief was filed "inadvertently," SKM Ltr. at 3, its neglect

7

over the following month is entirely inexcusable. *See Giurca v. Montefiore Health Sys., Inc.*, 2021 WL 2739061, at *3 (S.D.N.Y. July 1, 2021) ("Rule 60(b) motions are disfavored and reserved for exceptional cases," such that "[r]elief under Rule 60(b) is only warranted if the [moving party] presents highly convincing evidence that demonstrates extraordinary circumstances justifying relief.") (internal quotation marks omitted).

## Conclusion

For the reasons set forth above, SKM's reconsideration motion is DENIED. The Clerk of Court is respectfully directed to close the letter-motion at Dkt. No. 964.

Dated: New York, New York
January 6, 2022

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**