

# DUNNINGTON
## BARTHOLOW & MILLER LLP

### ATTORNEYS AT LAW

230 Park Avenue, 21st Floor  |  New York, NY 10169  |  Telephone: 212.682.8811  |  www.dunnington.com  |  RDowd@dunnington.com

January 12, 2022

**VIA ECF**
Judge Barbara Moses
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**Re:** *Joint Stock Company "Channel One Russia Worldwide" et al. v. Infomir LLC et al.* **(16-cv-1318)-Request for Discovery Conference**

Dear Judge Moses:

We write in accordance with Section 2(b) of Your Honor's Individual Practices and Rule 26 (e)(1)(B) of the Federal Rules of Civil Procedure on behalf of Plaintiff Channel One Russia to request a pre-motion conference to compel Defendant Infomir, LLC ("Infomir") to supplement two of its discovery responses concerning Infomir customers and firmware in light of a recent finding by Judge Schofield and additional new evidence, or, in the alternative, an adverse inference or other appropriate relief.  On January 7, 2022, I wrote to counsel for Infomir requesting a meet-and-confer to resolve this discovery dispute.  *See* **Exhibit 1**.  On January 11, Infomir refused to meet and confer. In support of its refusal, Infomir cited prior court orders, particularly ECF 907 (denying leave to supplement the record on *Daubert* motion briefing).  *See* **Exhibit 2**.

Rule 26 (e)(1)(A) requires a party to "supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing…."  *See also United States ex rel. Ortiz v. Mount Sinai Hosp.*, 169 F. Supp. 3d 538, 546 (S.D.N.Y. 2016). Rule 37 of the Federal Rule of Civil Procedure authorizes sanctions, including preclusion, for a party's failure to amend a discovery response as required by Rule 26(e)(2).  *See e.g. Spotnana, Inc. v. American Talent Agency, Inc.*, 2010 WL 3341837 (S.D.N.Y. 2010); *American Stock Exchange, LLC v. Mopex, Inc*., 215 F.R.D. 87 (S.D.N.Y. 2002).  Spoliation is not required.  A "court also may grant an adverse inference instruction for the non-production of evidence."  *Hawley v. Mphasis Corp.*, 302 F.R.D. 37, 54 (S.D.N.Y. 2014)

Judge Schofield recently determined that Infomir's client, RTV, violated Section 605(a) of the Federal Communications Act ("FCA") and that Infomir customized at least 3,000 plug-and-play set top boxes ("STBs") that assisted U.S. customers in receiving unauthorized Channel One programming.  *See Joint Stock Co. "Channel One Russia Worldwide" v. Russian TV Co*., 2021 WL

Hon. Barbara Moses
January 12, 2022
Page 2



4341053 (S.D.N.Y. Sept. 22, 2021) ("Amended Findings").[1]  Judge Schofield reached her decision, in part, based on Infomir customer records produced by RTV. Additionally, as evidenced by the *Daubert* briefings, firmware plays a fundamental role in an STB's functionality.  Because the Amended Findings have shown Infomir's representation that it lacked records to be implausible, a motion to compel should be granted.

The Amended Findings reveal that Infomir has misrepresented the existence of customer records. Accordingly, Channel One seeks an order (1) compelling Infomir under Rule 26 (e)(1)(B) to supplement its discovery and produce documents showing its customers from 2013 to the present and the firmware used during that period; (2) to the extent Infomir continues to claim the documents are no longer in its possession, compelling Infomir to provide a list of those customers and to provide an explanation as to what happened to the underlying responsive documents including any date of destruction; (3) imposing an adverse inference that all of Infomir's unidentified customers purchased STBs for the purposes of violating the FCA and striking Infomir's twelfth affirmative defense of non-infringing use and (4) striking Goldfedib's testimony.

In 2018, Channel One moved to compel customer lists and firmware (ECF 511).  However, the Court did not compel production, crediting Infomir's argument that it lacked documents concerning its customers or the software loaded on its STB. 2/9/18 Tr. at 22:23-23:5. On August 1, 2019, the Court ordered Infomir to supplement its interrogatory answers under Federal Rule of Civil Procedure 26(e) to identify any person appointed as Infomir's new president after the death of Infomir's Rule 30(b)(6) deponent, Gregory Goldfedib  *See* ECF 776. More than two years after Goldfedib's death, Infomir has failed to identify Infomir's new president.

A motion to compel should be granted because the identity of Infomir's customers and the firmware used by those customers are highly relevant to Channel One's claims that Infomir: (1) assists viewers in receiving unlicensed Channel One programming through Infomir MAG STBs (Count I) and (2) modifies, imports, sells, and distributes STBs (electronic devices) knowing or having reason to know that the STB is primarily of assistance in activities forbidden by Section 605(a) of the FCA (Count II).  *See* Amended Complaint; 47 U.S.C. § 605 (a), (e).  Whether Infomir is selling STBs in bulk to other unauthorized resellers, like RTV[2], is relevant to both Infomir's liability and its willfulness. The Amended Findings demonstrate that Goldfedib testified falsely regarding Infomir's knowledge of its customers and firmware installed on MAG STBs.  The Amended Findings show that Infomir's Reponses to Document Request Nos. 8 and 18 are incomplete and misleading.  Now, the foundation of Infomir's defenses is the false testimony of Goldfedib.  *See* 7/31/19 Tr. at 10:24-11:5 (stating Infomir's intention to rely on Goldfedib's deposition testimony at trial).

**Procedural History Concerning Request Nos. 8 and 18 for Infomir Software or Customer Lists** On February 10, 2017, Channel One served timely discovery requests on Infomir. *See* ECF 271-6.  On May 22, 2017 Infomir objected.  *See* **Exhibit 3**.  In response to Request Nos.

---

[1] Relevant here, RTV sold customized Infomir STBs that provided unauthorized access to streams of Channel One's programming in violation of FCA Section 605(a).

[2] For brevity, the defendants in *Joint Stock Co. "Channel One Russia Worldwide" v. Russian TV Co.*, No. 18 CIV. 2318 (LGS)(BCM) will be known as the "RTV".

Hon. Barbara Moses
January 12, 2022
Page 3



8 and 18 Infomir certified that it was **"**not in possession of responsive documents." *Id.* at 3, 13. On February 1, 2018, Channel One moved to compel production of documents responsive to Request Nos. 8 and 18. (ECF 511). At the February 9, 2018 conference on the motion, Your Honor credited Infomir's response to Request Nos. 8 and 18 that no documents concerning customers or "pre-loaded apps" existed. *See* 2/9/18 Tr. at 22:23-23:5(Infomir's counsel stating there are no documents responsive to No. 8 because "there are no programs or apps that are preloaded onto the set-top boxes[.]]"); 33:18-19 (the Court stating "Infomir says it hasn't got any responsive documents[]" to No. 18 ). On February 13, 2018, Your Honor issued a discovery order that did not order Infomir to produce any documents in response to Requests Nos. 8 or 18. (ECF 524 ¶ 3). In April 2018, Goldfedib testified falsely that he did not know any provider except Kartina that used Infomir STBs to distribute Channel One programming. *See* **Exhibit 4** at 359:5-7; 360:11-15.

On May 3, 2018, Broadcasters subpoenaed non-party RTV in this action for documents, including documents regarding the purchase of STBs (ECF 594-1). On June 11, 2018, Your Honor ordered RTV to produce "Documents concerning RTV's purchase of STBs **from Infomir** during the Relevant Period, specifically the source(s) of STBs and number of STBs purchased." (ECF 601 at 4)(emphasis in original). The Court noted that these "documents [] fall within the scope of permissible discovery here, *see* Fed. R. Civ. P. 26(b)(1), and that Infomir itself has failed to produce." *Id.* Discovery closed on May 31, 2018. (ECF 569 ¶ 11).

On October 31, 2018, RTV produced invoices for the sale of approximately 35,000 Infomir MAG STBs (ECF 752-21). *See* **Exhibit 1-A** (transmittal letter). One Infomir invoice shows that Infomir sold 1,000 Customized MAG 256 STBs to SR Express Consulting, Inc., an RTV defendant, on May 30, 2018, **after** Channel One sued RTV. *See* **Exhibit 1-B**. Steven Rudik, principal of RTV, testified that Goldfedib hand delivered STBs to Rudik because Infomir's office was next door to RTV's office. *See* April 24, 2019 Rudik Tr., ECF 896-2, at 38:9-13. This discovery contradicts Goldfedib's 2018 testimony and shows Infomir deliberately hid that it sold customized STBs to RTV. Discovery in *Actava TV, Inc. et al. v. Channel One et al.* (18-cv-06626) revealed that another unlicensed broadcaster, Actava TV, sold Infomir STBs. *See* ECF 960-3(Actava MAG 250 instruction manuals). Infomir produced no documents relating to Actava TV. Infomir denies selling STBs to SKM. *See* Infomir Counterstatement of Facts, ECF 927, ¶¶ 184-86. The Actava and RTV evidence shows Infomir's withholding documents concerning its customers, particularly unlicensed providers of Channel One programming, prejudicing Channel One's ability to demonstrate liability, willfulness and statutory damages.

The characteristics of Infomir's STB firmware are an important issue in this case because they bear directly on Infomir's knowledge of its customers' activities, including piracy, and was the subject of expert testimony. Infomir maintains sole custody and control of the firmware loaded onto its MAG STBs. Judge Schofield's finding on September 22, 2021 that Infomir sold customized plug-and-play STBs to RTV confirms Infomir's provision of piracy-enabled devices to its U.S. customers. *See* Amended Findings at * 2. This customization likely included firmware. None of that relevant native firmware has been produced.

**This Application Is Timely Under Rule 26 (e)(1)(B) of the Federal Rules of Civil Procedure Because Infomir's Affirmative Obligations To Correct The Record Are Ongoing**
This application is timely and not prejudicial to Infomir because the RTV and Actava evidence

Hon. Barbara Moses
January 12, 2022
Page 4



demonstrating incomplete and misleading nature of Infomir's discovery responses became known only after discovery closed in May 2018 and requires supplementation. Moreover, Judge Schofield's September 2021 finding that Infomir sold plug-and-play STBs to RTV is a material change within the meaning of FRCP 26(e)(1)(A). Infomir customer records existed and should have been preserved by Infomir and produced in this case. Because RTV resold plug-and-play MAG STBs that "concerned" Channel One programming, these STBs fall within the scope of Request No. 18 and Infomir has not met its obligation under FRCP 26(e)(1)(a) to supplement its production with customer records and has instead refused to even meet-and-confer on the issue. Therefore, the Court should order Infomir to supplement its document production as to its customers under FRCP 26(e)(1)(B). A sanction of preclusion is also warranted because Goldfedib provided misleading testimony during his deposition about Infomir's clients, information upon which Infomir now relies. *See Rybner v. Cannon Design, Inc.*, 1996 WL 470668, at *6 (S.D.N.Y. Aug. 20, 1996)(sanctioning party for perpetrating a fraud on the court with perjurious deposition testimony)

Infomir's limited discovery also confirms the falsity of its response to Requests No. 18. Infomir has acknowledged it imported over 550,000 STBs between 2013 and mid 2017 but has produced no documents relating to the sale or distribution of those STBs. *See* ECF 511-3 (Answer to interrogatory No. 3); ECF 548-9-19(shipping invoices). Because Infomir's production was incomplete and not supplemented, Infomir's twelfth affirmative defense of substantial non-infringing use of its STBs as a sanction should be stricken. *See* Fed. R. Civ. P. 37 (b)(2)(A)(iii). Infomir's misrepresentations to the Court about its customers warrant striking its twelfth affirmative defense and Goldfedib's untrustworthy deposition testimony.

If Infomir does not provide a complete customer list and related evidence, this Court should declare that every STB imported by Infomir was a violation of the FCA. *See Judith Ripka Creations, Inc. v. Rubinoff Imports, Inc.,* 2004 WL 1609338, at *4 (S.D.N.Y. July 16, 2004)("Defendants made material misrepresentations by omitting the fact that they were not producing all of the relevant invoices…"). "[E]ven an accidental failure to disclose or produce materials requested in discovery can constitute 'misconduct' within the purview of Rule 60(b)(3)." *Catskill Dev., L.L.C. v. Park Place Ent. Corp.*, 286 F. Supp. 2d 309, 314 (S.D.N.Y. 2003) (collecting cases).

For the reasons set forth above, namely Goldfedib's perjury, Channel One respectfully requests that the Court order a pre-motion conference to compel Infomir to produce documents in response to Document Request Nos. 8 and 18. Channel One also consents to a full briefing schedule or an extended letter motion on this dispute.

Respectfully submitted,

/s/ Raymond J. Dowd